# EXHIBIT A



# Notice of Service of Process

MGV / ALL
Transmittal Number: 29748704
Date Processed: 08/22/2024

**Primary Contact:** Marc P. Clements
Jarden Corporation
3600 North Hyrdaulic Street
Wichita, KS 67219-3812

| | |
|---|---|
| **Entity:** | Newell Brands Inc.<br>Entity ID Number  0100757 |
| **Entity Served:** | Newll Brands Inc. |
| **Title of Action:** | Raymond Hill vs. P.C. Richard & Son, LLC |
| **Matter Name/ID:** | Raymond Hill vs. P.C. Richard & Son, LLC (16159659) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Queens County Supreme Court, NY |
| **Case/Reference No:** | 716752/2024 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 08/22/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Merson Law PLLC<br>212-603-9100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 3 of 284 PageID #: 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

RAYMOND HILL,

                       *Plaintiff,*

   v.

P.C. RICHARD & SON, LLC; NEWLL BRANDS INC.;
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive,

                       *Defendants.*

Index No. _____ /24

Plaintiff designates QUEENS COUNTY as place of trial. The basis of venue is that a substantial part of the events and/or omissions giving rise to the claim occurred in Queens County.

**_SUMMONS_**

**To the above-named defendant (s):**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, QUEENS COUNTY ON AUGUST 14, 2024, IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
       August 14, 2024

MERSON LAW, PLLC

By: /s/ Nathan Werksman
Nathan Werksman, Esq.
Attorney for Plaintiff
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100

1

***DEFENDANTS' ADDRESSES:***


P.C. RICHARD & SON, LLC
150 Price Parkway
Farmingdale, New York 11735

NEWELL BRANDS INC.
6655 Peachtree Dunwoody Road
Atlanta, Georgia 30328

SUNBEAM PRODUCTS, INC.
2381 Executive Center Drive
Boca Raton, Florida 33431


2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-------------------------------------------------------------------x
RAYMOND HILL,

                       Plaintiff/Petitioner,

          - against -                   Index No. 716752/2024

P.C. RICHARD & SON, LLC, et al

                       Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

                     6/6/18  EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys
(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 08/14/2024

NATHAN WERKSMAN, ESQ
Name
MERSON LAW, PLLC

Firm Name

950 THIRD AVENUE, 18TH FLOOR
Address

NEW YORK, NY 10022

212-603-9100
Phone

nwerksman@mersonlaw.com
E-Mail

To:    ALL DEFENDANTS

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 7 of 284 PageID #: 18

| SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS | | |
|---|---|---|
| ------------------------------------------------------ | X | |
| RAYMOND HILL, <br><br> Plaintiff, <br><br> -against- <br><br> P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive <br><br> Defendants. | : : : : : : : : : : : : : : | Index No. <br><br> COMPLAINT |
| ------------------------------------------------------ | X | |

Plaintiff, by his attorneys complaining of the above-named defendants, alleges, with personal knowledge as to his own actions and upon information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action seeks to redress the serious and life-threatening burn injuries suffered and sustained by Plaintiff Raymond Hill (also referred to as "Plaintiff" or "Mr. Hill") on or about October 31, 2021. On that date, Mr. Hill suffered and sustained, *inter alia*, severe burn injuries to his right leg which required multiple surgeries, including below-the-knee and subsequently above-the-knee amputations, as the result of his reasonably foreseeable use of the BIONAIRE CERAMIC TOWER HEATER, Model: BCH9212, (referred to herein as "Bionaire Heater" or "Subject Heater"). By and through this action, Mr. Hill seeks to recover the significant financial compensation to which he is entitled as a result of Defendants' acts and omissions.

1

FILED: QUEENS COUNTY CLERK 08/14/2024 03:03 PM
NYSCEF DOC. NO. 1

Case 06670-MKB-RR Document 24 Filed 08/22/25
19

Page 8 of 284 PageID #: 752/2024
INDEX NO. 716752/2024
RECEIVED NYSCEF: 08/14/2024

## PARTIES

2. At all times relevant to this suit and now, Plaintiff, Raymond Hill ("Plaintiff" or "Mr. Hill"), was and is a citizen of the State of New York, and resides, at all relevant times, in Queens (Woodside), New York.

3. At all times relevant to this suit and now, Defendant, P.C. Richard & Son, LLC ("P.C. Richard"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

4. At all times relevant to this suit and now, Defendant, P.C. Richard & Son, LLC's headquarters and principal place of business is located at 150 Price Parkway, Farmingdale, New York 11735. P.C. Richard & Son, LLC was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

5. At all times relevant to this suit and now, Defendant, Newell Brands Inc. ("NEWELL"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

6. At all times relevant to this suit and now, Defendant, Newell Brands Inc.'s headquarters and principal place of business is located at 6655 Peachtree Dunwoody Road, Atlanta,

2

Georgia 30328. Newell Brands Inc. was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

7. At all times relevant to this suit and now, Defendant, Sunbeam Products, Inc. ("SUNBEAM"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

8. At all times relevant to this suit and now, Defendant, Sunbeam Products, Inc.'s headquarters and principal place of business is located at 2381 Executive Center Drive, Boca Raton, Florida 33431. Sunbeam Products, Inc. was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

9. Plaintiff is ignorant regarding the true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants, DOES 1 through 100, inclusive, who therefore sue said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

10. The named and DOE Defendants are collectively referred to herein as "Defendants."

11. At all times herein mentioned, based upon information and belief, each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants; and in doing or omitting to do the things herein alleged were acting within the course and scope of such

3

agency, service and/or employment with the permission and consent (implied, actual and/or constructive) of each principal; and each Defendant ratified the acts or omissions of each agent, servant and/or employee.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Mr. Hill as herein alleged.

13. Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned, Defendants and other Defendants named fictitiously, were the agents, servants, employees, joint-venturers, and co-partners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner. Further, each and every Defendant ratified the conduct of the other Defendants.

## FACTS

14. On October 31, 2021, in Queens County, New York, Plaintiff Raymond Hill used the Bionaire Heater in the manner intended by Defendants, and in a manner both reasonably foreseeable to Defendants, and consistent with all instructions and directions received when he received the Subject Heater from Defendants. Mr. Hill suffered severe and permanent burns when the Subject Heater failed unexpectedly, catastrophically and without warning. The hot air blown from the Subject Heater was excessively hot, resulting in injuries including, but not limited to, third degree burns to Mr. Hill's right leg, and resultant amputations.

4

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 11 of 284 PageID #: 22

15. As a result of a defect and/or malfunction in the Subject Heater and Defendants' failure to furnish a proper and non-defective safety devices and equipment, Mr. Hill required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater.

## FIRST CAUSE OF ACTION

## (NEGLIGENCE AGAINST AS TO ALL DEFENDANTS)

16. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba*, as though fully set forth herein, and further state:

17. At all times relevant to this lawsuit, Defendants, and each of them, were engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

18. Defendants, and each of them, owed a duty of reasonable care to Plaintiff and other individuals who came into contact with the Subject Heater to evaluate, test, repair, and maintain the Subject Heater and its component parts so as to make it safe for reasonable and foreseeable use.

19. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not properly designing and/or manufacturing the Subject Heater and its component parts.

5

FILED: QUEENS COUNTY CLERK 08/14/2024 03:03 PM
NYSCEF DOC. NO. 1

20. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not properly maintaining, servicing and/or repairing the Subject Heater its component parts.

21. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not warning Mr. Hill and others that the Subject Heater and its component parts were defectively designed, manufactured, assembled, repaired and/or maintained.

22. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not warning Mr. Hill and others of hidden dangers with the intended and reasonably foreseeable use of the Subject Heater.

23. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not distributing and selling a reasonably safe and non-defective Subject Heater.

24. Defendants, and each of them, knew or by using ordinary care should have known of the unreasonably dangerous condition of the Subject Heater and its component parts.

25. Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by failing to include adequate warnings about the Subject Heater, including but not limited to the following:

   a. Safe and proper maintenance and repair procedures and methods.

   b. Safe and proper use instructions.

   c. Safe and proper instructions regarding the distance the Subject Heater should be from users when operating

   d. Safe and proper replacement equipment and components to use in connection

6

Case 1:25-cv-04670-NKB-PK   Document 1-1   Filed 08/22/25   Page 13 of 284 PageID #: 24

with, maintenance and repair.

e. Safe and proper troubleshooting procedures.

f. Safe and proper replacement equipment and components to use in connection with troubleshooting.

g. Safe and proper product inspection procedures and methods.

h. That the equipment was defective or could become defective through inadequate or improper repairs, hardware use or replacement, maintenance procedures, and troubleshooting.

i. Adequate training of maintenance, repair and troubleshooting personnel.

26. The unreasonably dangerous condition existed when the Subject Product was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and each of them.

27. Defendants, and each of them, in designing, manufacturing and testing the Subject Heater breached their duty, were negligent, and failed to use ordinary care, including but not limited to the following ways:

a. The Subject Heater was not designed to properly protect users from injuries.

b. The Subject Heater was not manufactured to properly protect users from injuries.

c. The Subject Heater, as designed, manufactured, distributed and sold, did not properly and adequately address safety concerns.

d. The Subject Heater was not designed or manufactured to prevent overheating.

e. The Subject Heater was not designed or manufactured to automatically turn off after a set period of time.

f. The Subject Heater was not designed or manufactured with a proper mechanism

7

to limit temperature.

    g.  The Subject Heater was not designed or manufactured to prevent it was reaching unreasonably dangerous heat levels.

28. As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater as described herein.

29. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

30. As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, X-rays and other medical treatment. Mr. Hill's medical expenses have thus exceeded $500,000.00.

31. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

8

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 15 of 284 PageID #: 26

32. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

33. Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual, but since said accident Plaintiff is permanently incapacitated and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

34. As a direct and proximate result of the negligence of Defendants, and each of them, Mr. Hill sustained severe and permanent injuries including, but not limited to, burns to his right leg, leading to multiple surgeries, skin grafting, below-the-knee and above-the-knee amputations. Moreover, Mr. Hill suffered excruciating pain, anxiety, distress, discomfort, and disability, and has been rendered sick, sore, disfigured, deformed, injured, scarred and traumatized. He has been substantially damaged in an amount that far exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

35. Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

9

## SECOND CAUSE OF ACTION

## (STRICT PRODUCTS LIABILITY AGAINST ALL DEFENDANTS)

36. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba*, as though fully set forth herein.

37. At all times relevant to this lawsuit, Defendants, and each of them, were engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

38. Defendants, and each of them, distributed and sold the Subject Heater.

39. Defendants, and each of them, knew and intended that the Subject Heater would be used without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

40. At all times herein mentioned, the Subject Heater, was defective and unreasonably dangerous in manufacture, design and warnings, thereby rendering the Subject Heater unsafe for its intended use and said defects were a cause of injury to Plaintiff herein.

41. The Subject Heater was and is unsafe for its intended purpose in that it failed unexpectedly, catastrophically and without warning when used as instructed by Defendants, and each of them, or when used in a manner reasonably foreseeable to Defendants, and each of them thereby causing serious and permanent injuries such as those suffered by Plaintiff herein. The defect existed in the Subject Heater at the time it left the possession of the Defendants, and each of them. The Subject Heater did, in fact,

10

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 17 of 284 PageID #: 28

cause personal injuries, including those suffered by Plaintiff herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and unreasonably dangerous for use.

42. Defendants, and each of them, failed to provide adequate warnings. The Subject Heater was defective and unreasonably dangerous when put to a reasonably anticipated use in that, Defendants, and each of them failed to include adequate warnings about the Subject Heater, including but not limited to the following:

    a. Safe and proper maintenance and repair procedures and methods.

    b. Safe and proper use instructions.

    c. Safe and proper instructions regarding the distance the Subject Heater should be from users when operating

    d. Safe and proper replacement equipment and components to use in connection with, maintenance and repair.

    e. Safe and proper troubleshooting procedures.

    f. Safe and proper replacement equipment and components to use in connection with troubleshooting.

    g. Safe and proper product inspection procedures and methods.

    h. That the equipment was defective or could become defective through inadequate or improper repairs, hardware use or replacement, maintenance procedures, and troubleshooting.

    i. Adequate training of maintenance, repair and troubleshooting personnel.

43. The unreasonably dangerous condition existed when the Subject Product was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and

each of them.

44. The Subject Heater was designed and manufactured with defects and included unsafe and improper hardware, and was defective and unreasonably dangerous when put to its reasonably anticipated use, including but not limited to the following ways:

   a. The Subject Heater was not designed to properly protect users from injuries.

   b. The Subject Heater was not manufactured to properly protect users from injuries.

   c. The Subject Heater, as designed, manufactured, distributed and sold, did not properly and adequately address safety concerns.

   d. The Subject Heater was not designed or manufactured to prevent overheating.

   e. The Subject Heater was not designed or manufactured to automatically turn off after a set period of time.

   f. The Subject Heater was not designed or manufactured with a proper mechanism to limit temperature.

   g. The Subject Heater was not designed or manufactured to prevent it was reaching unreasonably dangerous heat levels.

45. The unreasonably dangerous conditions existed when the Subject Heater was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and each of them.

46. At all times mentioned herein, the Subject Heater failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in its design outweighed the benefits of said product.

47. At all times mentioned herein, the foreseeable use of the Subject Heater involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander,

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 19 of 284 PageID #: 36

including Plaintiff herein, but which danger was known or knowable to Defendants, and each of them, who failed to adequately warn of the substantial danger.

48. At the time of the incident complained of, the Subject Heater was in the same condition as it was when it left possession of Defendants, and each of them.

49. At the times and places mentioned herein, Defendants, and each of them, knew or should have known at the time the Subject heater left their possession, that said product was defective in design and manufacture, that it did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and was unreasonably dangerous, defective, unfit and unsafe for its intended use and that said condition was likely to fail catastrophically as described at length hereinabove, when used in a foreseeable manner, and not properly and adequately tested or inspected.

50. The Subject Heater had associated deficits, risks and defects, including but not limited to, its defective design, its lack of sufficient warnings and/or use instructions, and those additional items enumerated hereinabove.

51. These associated deficits, risks and defects were known or knowable by Defendants, and each of them, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, warning and distribution of the Subject Heater.

52. The associated risks, deficits, and defects of the Subject Heater presented a substantial danger to users of the product and that ordinary consumers would not have recognized or otherwise anticipated these associated risks.

53. Defendants, and each of them, further failed to warn of the potential risks and hazards associated with the Subject Heater when used in a way that was reasonably foreseeable to Defendants, and each of them. Any warnings provided were inadequate, defective and

13

inappropriate. This lack of sufficient use instructions and/or warnings was a substantial factor in causing injuries and damage to Plaintiff, as herein alleged.

54. At the times and places mentioned herein, Defendants, and each of them, knew or should have known at the time the Subject Heater left said defendants' possession, that the Subject Heater was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants, and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Heater defects and deficits in design and operational characteristics to those intending to use said Subject Heater, in the manner in which it was intended to be used.

55. At all times and places mentioned herein, Defendants, and each of them, failed to adequately warn, give adequate use instructions or warnings to provide facts describing the Subject Heater's unreasonably dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing injury and harm to Plaintiff, Mr. Hill. The foreseeable risks of catastrophic failure associated with the design of the Subject Heater outweighed any benefits associated with the Subject Heater's design.

56. As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of

14

the injuries he sustained from the Subject Heater as described herein.

57. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

58. As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, X-rays and other medical treatment.  Mr. Hill's medical expenses have thus exceeded $500,000.00.

59. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries.  The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

60. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress, pain, discomfort, and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

61. Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual,

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 22 of 284 PageID #: 33

but since said accident Plaintiff is permanently incapacitated and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

62. Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

## THIRD CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY AGAINST ALL DEFENDANTS)

63. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba*, as though fully set forth herein.

64. Plaintiff, Raymod Hill, purchased the Subject Heater which was manufactured and placed into the stream of commerce by Defendants, and each of them.

65. At all times mentioned herein, Defendants, and each of them, and each of them, were and are corporations engaged in the business of marketing, designing, manufacturing, fabricating, distributing and selling of the Subject Heater and related equipment for the sale and use by members of the public, including Plaintiff, Raymond Hill.

66. Plaintiff, Raymond Hill, hereby alleges that the Subject Heater was not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such products are used, were not adequately labeled as such and did not measure up to the promises or facts stated in the sales literature and communications by and from Defendants, and each of them.

67. Defendants, and each of them, impliedly warranted that the Subject Heater which Defendants, and each of them, designed, manufactured, assembled, promoted and sold to

16

Plaintiff, Raymond Hill, was merchantable and fit and safe for ordinary use.

68. Defendants, and each of them, further impliedly warranted that the Subject Heater which Defendants, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff, Raymond Hill, was fit for the particular purposes for which it was intended and sold.

69. Contrary to these implied warranties, the Subject Heater was defective, unmerchantable and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold, and as a result, caused severe and permanent injury to Plaintiff as above described.

70. As a direct and proximate result of the product defects and product malfunctions, Mr. Hill sustained severe and permanent injuries including, but not limited to, severe burns to his right foot, nerves and tendons, which resulted in hospitalization, multiple surgeries and leading to amputation. Moreover, Mr. Hill suffered excruciating pain, anxiety, distress, discomfort and inconvenience, and has been rendered sick, sore, disfigured, deformed, injured, scarred and traumatized. He has been substantially damaged in an amount that far exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

71. As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater as described herein.

17

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 24 of 284 PageID #: 35

72. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

73. As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, X-rays and other medical treatment. Mr. Hill's medical expenses have thus exceeded $500,000.00.

74. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

75. As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

76. Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual, but since said accident Plaintiff is permanently incapacitated and unable to perform

18

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 25 of 284 PageID #: 36

certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

77. Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

**WHEREFORE**, Plaintiff prays for judgment and relief against the Defendants, and each of them, as follows:

1.      For general damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

2.      For past, current and future medical and related items of expense, in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

3.      For past, present and future loss of future earnings and earning capacity in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

4.      For prejudgment interest;

5.      For costs of suit and attorney fees, if awarded by the court, incurred herein; and

6.      For such other and further relief that the Court appears just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

DATED: August 14, 2024 New York, New York

/s/ Nathan Werksman
Nathan Werksman, Esq.
**MERSON LAW PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022

19

FILED: QUEENS COUNTY CLERK 08/14/2024 03:03 PM INDEX NO. 716752/2024

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 08/14/2024

Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile: (347) 441-4171

Brian Panish, Esq. (To be admitted PHV)
Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &**
**RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
ashea@panish.law

David R. Shoop, Esq. (To be admitted PHV)
Thomas S. Alch, Esq/ (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW**
**CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

20

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 27 of 284 PageID #: 38

# AFFIRMATION OF SERVICE

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

Index #: _____**716752/2024**_____
Date Filed: _____**August 14, 2024**_____
Court Date: _____
Assigned Justice: _____

ATTORNEY(S): MERSON LAW PLLC          PH: (212) 603-9100
ADDRESS: 950 Third Avenue, 18th Flr New York, NY 10022 File No.: 716752/2024

**RAYMOND HILL,**

Plaintiff

VS.

**P.C. RICHARD & SON LLC, ET AL.,**

Defendant

_____**FRANK SICILIA**_____, affirms and says: Deponent is not a party herein, is over 18 years of age and resides in New York. On **Monday, August 19, 2024** at **12:17 PM**.

at _____**150 PRICE PARKWAY, FARMINGDALE, NY 11735**_____ deponent served the within

**NOTICE OF ELECTRONIC FILING (MANDATORY CASE) (UNIFORM RULE 202.5-bb), SUMMONS AND COMPLAINT**

on: _____**P.C. RICHARD & SON, LLC**_____

**Defendant** therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

**#1 CORPORATION** [X] By delivering to and leaving with __**Ruth McKee , authorized**__ and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

**#2 DESCRIPTION** [X]  Sex: _Female_   Color of skin: _White_   Color of hair: _Lt. Brown_   Age: _51/65_   Height: _5ft4in-5ft8in_
(use with #1, 2 or 3)   Weight: _131-160 lbs_   Other Features: _Glasses_

**#3 WIT. FEES** [ ]  $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#4 OTHER** [ ]

I affirm on 08/22/2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
FRANK SICILIA
Server's Lic #
InvoiceWorkOrder 2329154

*One World Judicial Services, Inc. - PO Box 776-Deer Park NY 11729    Lic # 1310235*

1 of 1

FILED: QUEENS COUNTY CLERK 08/28/2024 10:34 AM INDEX NO. 716752/2024
NYSCEF DOC. NO. 3 RECEIVED NYSCEF: 08/28/2024

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/20/25 Page 28 of 284 PageID #: 39

AFFIRMATION OF SERVICE

| | |
|---|---|
| | Date Filed: **August 14, 2024** |
| | Court Date: |
| | Assigned Justice: |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ATTORNEY(S):MERSON LAW PLLC          PH: (212) 603-9100
ADDRESS:  950 Third Avenue, 18th Flr New York, NY 10022 File No.: 716752/2024

RAYMOND HILL,

Plaintiff

VS.

P.C. RICHARD & SON LLC, ET AL.,

Defendant

CHRIS STANTON _____, affirms and says: Deponent is not a party herein, is over 18 years
of age and resides in Georgia. On **Thursday, August 22, 2024**     at     **2:41 PM** .

at        **CSC 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA 30092**        deponent served the within

NOTICE OF ELECTRONIC FILING (MANDATORY CASE) (UNIFORM RULE 202.5-bb), SUMMONS AND COMPLAINT

on:                    **NEWELL BRANDS INC**

Defendant therein named

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

#1 CORPORATION By delivering to and leaving with **ALISHA SMITH, PROCESS COORDINATOR** and that deponent knew the person so served to
X          be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the
corporation.

#2 DESCRIPTION     A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
X          Sex   Female     Color of skin    Black     Color of hair    Black     Age   approx 30    Height: 5ft4in-5ft8in
(use with #1, 2 or 3)    Weight    131-160 lbs     Other Features

#3 WIT FEES
$ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#4 OTHER

I affirm on 08/23/2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the
foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law

CHRIS STANTON
Server's Lic #
InvoiceWorkOrder 2329777

*One World Judicial Services, Inc. - PO Box 776-Deer Park NY 11729*     **Lic # 1310235**

1 of 1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 29 of 284 PageID #: 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------ x

RAYMOND HILL,

                                 Plaintiff,

                  -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                                Defendants.

------------------------------------------------------------------ X

Index No. 716752/2024

**NOTICE OF MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY THOMAS S. ALCH**

| | |
|---|---|
| Moving Party: | Plaintiff |
| Directed to: | Defendants |
| Date, Time & Place: | October 1, 2024, at 9:45 am at the New York State Supreme Court, County of Queens, 88-11 Sutphin Blvd, Room 140, Jamaica, NY 11435 |
| Supporting Papers: | Motion to Admit Thomas S. Alch, Esq. Pro Hac Vice, Affidavit of Thomas S. Alch, Esq. in Support of Motion to Admit Pro Hac Vice, and Proposed Order Admitting Attorney Thomas S. Alch, Esq. Pro Hac Vice |
| Answering Papers: | If any, are required to be served at least seven (7) days prior to the return date of this motion, in accordance with CPLR 2214. |
| Relief Requested: | (1) An Order Admitting Attorney Thomas S. Alch, Esq. Pro Hac Vice for Plaintiff Raymond Hill. |
| Grounds for Relief: | 22 NYCRR § 602.2(a) |

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 30 of 284 PageID #: 41

Dated: New York, New York
      September 18, 2024

**MERSON LAW, PLLC**

/s/ Nathan Werksman
Nathan Werksman, Esq.
Attorney for Plaintiff
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171

Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &
RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law

David R. Shoop, Esq. (To be admitted PHV)
Thomas S. Alch, Esq/ (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 31 of 284 PageID #: 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------ x

RAYMOND HILL,

                                 Plaintiff,

                     -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                             Defendants.

Index No. 716752/2024

**MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY THOMAS S. ALCH**

------------------------------------------------------------------------ X

## <u>MOTION FOR ADMISSION PRO HAC VICE</u>

Pursuant to the annexed affidavit, the undersigned, a member in good standing of the Bar of the State of New York, hereby moves to grant permission to Attorney, Thomas S. Alch, Esq. of Shoop, A Professional Law Corporation, 9701 Wilshire Blvd., Suite 950, Beverly Hills, California 90212, to appear *pro hac vice* on behalf of Plaintiff, Raymond Hill ("Mr. Hill"), in this lawsuit and to permit him to participate in all matters, related to this case including any oral proceedings and trials, which arise during the representation of Mr. Hill.

In support of this motion, the undersigned represents that:

Thomas S. Alch was admitted to practice law in the State of California, having been a member of good standing since December 7, 1988. His California Bar Number is 136860.

Thomas S. Alch was admitted to practice in Nevada, having been a member in good standing since October 12, 1999. His Nevada Bar Number is 6876.

Thomas S. Alch was admitted to practice in Arizona, having been a member in good

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 32 of 284 PageID #: 43

standing since March 19, 2010. His Arizona Bar Number is 027544. *See Affidavit of Thomas Alch* ("Attorney Affidavit") at ¶¶ 2-4.

Attorney Thomas Alch has no grievances pending against him in any Court in which he is admitted to practice. *See Attorney Affidavit* at ¶ 6.

Attorney Thomas Alch has never had a complaint filed against him, nor has he ever been reprimanded, suspended, placed in probation, placed on inactive status, disbarred or ever resigned from the practice of law in any Court or jurisdiction. *See Attorney Affidavit*, at ¶¶ 6-7.

Attorney Thomas Alch agrees to designate Attorney Nathan Werksman, of the law firm of Merson Law, PLLC as his agent upon whom process and service of notice may be served, and agrees that the Supreme Court State of New York, County of Queens, will be the forum for the resolution of any dispute arising out of my admission. *See Attorney Affidavit*, at ¶ 8.

Attorney Thomas Alch further states that he has reviewed and is familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts. *See Attorney Affidavit*, at ¶ 9.

The applying attorney, Thomas Alch, is an attorney at the firm of Shoop, A Professional Law Corporation, 901 Wilshire Blvd., Suite 950, Beverly Hills, CA 90212, is counsel for Plaintiff, Raymond Hill ("Mr. Hill"), and is familiar with the allegations and facts at issue in this litigation. In the course of his work for Mr. Hill, Attorney Thomas Alch has acquired specialized skill and knowledge regarding the issues that are likely to be raised in this type of litigation, which skill and knowledge will benefit Mr. Hill in prosecution of this product liability lawsuit. Because of his experience, and the trust placed in him by Mr. Hill, Mr. Alch has been requested by Mr. Hill to personally represent his interests in this action.

Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants,

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 33 of 284 PageID #: 44

have both confirmed that they do not contest or oppose this motion.

An Affidavit signed by the applicant is attached as Exhibit A.

WHEREFORE, the undersigned respectfully moves that this Court allow Thomas S. Alch

to participate in this litigation involving Mr. Hill *pro hac vice.*

Dated: New York, New York
       September 18, 2024

**MERSON LAW, PLLC**


/s/ Nathan Werksman
Nathan Werksman, Esq.
Attorney for Plaintiff
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171

Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &
RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law


David R. Shoop, Esq. (To be admitted PHV)
Thomas S. Alch, Esq/ (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- x

RAYMOND HILL,                                              :    Index No. 716752/2024
                                                          :
                                 Plaintiff,               :    **ORDER FOR ADMISSION PRO HAC**
                                                          :    **VICE  OF  ATTORNEY  THOMAS  S.**
                     -against-                            :    **ALCH**
                                                          :
P.C. RICHARD & SON, LLC; NEWELL BRANDS                    :
INC.; SUNBEAM PRODUCTS, INC., and DOES 1                  :
through 100, inclusive                                    :
                                                          :
                                 Defendants.              :
                                                          :
                                                          :
                                                          :
                                                          :
-------------------------------------------------------------------- X

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney

for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice*

admission to Thomas S. Alch, Esq., and the Court having reviewed and considered with due

deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Alch, his affidavit

and Certificate of Good Standing, it is hereby:

ORDERED, that Thomas S. Alch, Esq. be admitted to practice in this department pro hac

vice, to participate in any and all proceedings relative to the above captioned matter, until such

time as the matter has been completely resolved in this Court.

Dated:                                                    _____
                                                          Honorable

1

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 35 of 284 PageID #: 46

# EXHIBIT A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 36 of 284 PageID #: 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------- x

RAYMOND HILL,

                           Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive

                         Defendants.

------------------------------------------------------------------------- X

Index No. 716752/2024

**AFFIDAVIT OF THOMAS S. ALCH IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, Thomas S. Alch, Esq. being duly sworn, do depose and say that:

1. All of the information set forth in this affidavit is true and based upon my personal knowledge. If called as a witness, I could and would testify competently to the following:

2. I am an attorney admitted to practice law in the State of California, having been a member in good standing since December 7, 1988. My bar number is 136860.

3. I am also admitted to practice in Nevada, having been a member in good standing since October 12, 1999. My bar number is 6876.

4. I am also admitted to practice in Arizona, having been a member in good standing since March 19, 2010. My bar number is 027544.

1

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 37 of 284 PageID #: 48

5. I am an attorney at Shoop, A Professional Law Corporation, 9701 Wilshire Blvd., Suite 950, Beverly Hills, California 90212. [Telephone (310) 620-6330, facsimile (310) 620-9533; email thomas.alch@shooplaw.com].

6. I have no pending disciplinary complaints or grievances in any State or Court. I have never had a disciplinary complaint filed against me, nor have I ever been reprimanded, suspended, placed on inactive status, placed on probation, disbarred or resigned from the practice of law in any Court or jurisdiction.

7. I have not been denied admission to, been disciplined by, resigned from, surrendered a license to practice before, or withdrawn an application for admission to practice while facing a disciplinary complaint before, this Court or any other court.

8. I agree to designate Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, as my agent upon whom process and service of notice may be served, and agree that the Supreme Court State of New York, County of Queens will be the forum for the resolution of any dispute arising out of my admission.

9. I have reviewed and am familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts.

10. As a result of my long-standing attorney-client relationship with plaintiff Raymond Hill, I am personally familiar with the issues involved in the representation of Mr. Hill in this litigation. This is a product liability case involving a portable heater with allegations of severe burn injuries resulting in an above-the knee leg amputation. I have been handling product liability cases for over thirty (30) years. Because of my familiarity with the issues involved in the prosecution of this case, it is Mr. Hill's desire that I participate as his counsel of record in the prosecution of this litigation. Michael D. Shalhoub, Esq., and

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 38 of 284 PageID #: 49

Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed that they do not contest or oppose this motion.

11. To ensure my familiarity with the Court's rules and procedures, Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, and a member in good standing of the Bar of this Court, will continue to appear and act as attorney of record in this case.

Accordingly, it is respectfully requested that the application to permit me to appear *pro hac vice* be granted.

Dated:

Sworn to and subscribed
before me this __17__ day
of __September__, 2024.



_____
Notary Public

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 39 of 284 PageID #: 50

# EXHIBIT B

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 40 of 284 PageID #: 51

# THE STATE BAR OF CALIFORNIA
## CERTIFICATE OF STANDING

September 16, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, THOMAS STEVEN ALCH, #136860 was admitted to the practice of law in this state by the Supreme Court of California on December 7, 1988 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Alex Calderon
Custodian of Records

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 41 of 284 PageID #: 52



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 01/01/2024)

### Supreme COURT, COUNTY OF Queens

Index No: _____716752/2024_____    Date Index Issued: ___08/14/2024___

| | For Court Use Only: |
|---|---|
| | IAS Entry Date |
| | |
| | Judge Assigned |
| | |
| | RJI Filed Date |
| | |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

RAYMOND HILL

_Plaintiff(s)/Petitioner(s)_

-against-

P.C. RICHARD & SON, LLC, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC.,, DOES 1 through 100, inclusive

_Defendant(s)/Respondent(s)_

**NATURE OF ACTION OR PROCEEDING:**    Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☒ Products Liability (specify): Personal Injury/Neglience
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**MATRIMONIAL**
- ☐ Contested

  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**  Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial

  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*

- ☐ Partition

  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*

- ☐ Tax Certiorari (specify): Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see *NOTE* in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: _08/14/2024_ |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: _08/22/2024_ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: Pro Hac Vice    Return Date: _10/01/2024_
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

FILED: QUEENS COUNTY CLERK 09/18/2024 11:29 AM
INDEX NO. 716752/2024
NYSCEF DOC. NO. 9
Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 42 of 284 PageID #: 53
RECEIVED NYSCEF: 09/18/2024

## RELATED CASES

List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## PARTIES

For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants — For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined — For each defendant, indicate if issue has been joined. | Insurance Carriers — For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: HILL, RAYMOND<br><br>Role(s): Plaintiff/Petitioner | NATHAN WERKSMAN, Merson Law, PLLC, 950 Third Avenue, 18th Floor Floor 18, New York, NY 10022, 2126039100, nwerksman@mersonlaw.com | ☒ YES ☐ NO |  |
| ☒ | Name: P.C. RICHARD & SON, LLC<br><br>Role(s): Defendant/Respondent | 150 Price Parkway, Farmingdale, NY 11735 | ☐ YES ☒ NO |  |
| ☒ | Name: NEWELL BRANDS INC.<br><br>Role(s): Defendant/Respondent | 6655 Peachtree Dunwoody Road, Atlanta, GA 30328 | ☐ YES ☒ NO |  |
| ☒ | Name: SUNBEAM PRODUCTS, INC.,<br><br>Role(s): Defendant/Respondent | 2381 Executive Center Drive, Boca Raton, FL 33431 | ☐ YES ☒ NO |  |
| ☒ | Name: DOES 1 through 100, inclusive<br>Role(s): Defendant/Respondent |  | ☐ YES ☒ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/18/2024

NATHAN EMANUEL WERKSMAN
_____
Signature

5878616
_____
Attorney Registration Number

NATHAN EMANUEL WERKSMAN
_____
Print Name

*This form was generated by NYSCEF*

2 of 2

FILED: QUEENS COUNTY CLERK 09/18/2024 11:42 AM
NYSCEF DOC. NO. 10
INDEX NO. 716752/2024
RECEIVED NYSCEF: 09/18/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------ x

RAYMOND HILL,

                                Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                         Defendants.

------------------------------------------------------------------ X

Index No. 716752/2024

**NOTICE OF MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY DAVID R. SHOOP**

| | |
|---|---|
| Moving Party: | Plaintiff |
| Directed to: | Defendants |
| Date, Time & Place: | October 1, 2024, at 9:45 am at the New York State Supreme Court, County of Queens, 88-11 Sutphin Blvd, Room 140, Jamaica, NY 11435 |
| Supporting Papers: | Motion to Admit David R. Shoop, Esq. Pro Hac Vice, Affidavit of David R. Shoop, Esq. in Support of Motion to Admit Pro Hac Vice, and Proposed Order Admitting Attorney David R. Shoop, Esq. Pro Hac Vice |
| Answering Papers: | If any, are required to be served at least seven (7) days prior to the return date of this motion, in accordance with CPLR 2214. |
| Relief Requested: | (1) An Order Admitting Attorney David R. Shoop, Esq. Pro Hac Vice for Plaintiff Raymond Hill. |
| Grounds for Relief: | 22 NYCRR § 602.2(a) |

1

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 44 of 284 PageID #: 55

DATED: New York, New York
September 18, 2024

**MERSON LAW, PLLC**

/s/ Nathan Werksman
Nathan Werksman, Esq.
Attorney for Plaintiff
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171

Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &
RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law

David R. Shoop, Esq. (To be admitted PHV)
Thomas S. Alch, Esq/ (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 45 of 284 PageID #: 56

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- x

RAYMOND HILL,

                                Plaintiff,

                  -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive

                          Defendants.

Index No. 716752/2024

**MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY DAVID R. SHOOP**

-------------------------------------------------------------------- X

## MOTION FOR ADMISSION PRO HAC VICE

Pursuant to the annexed affidavit, the undersigned, a member in good standing of the Bar of the State of New York, hereby moves to grant permission to Attorney David R. Shoop, Esq. of Shoop, A Professional Corporation, 9701 Wilshire Blvd., Suite 950, Beverly Hills, California 90212, appear *pro hac vice* on behalf of Plaintiff Raymond Hill, in this lawsuit and to permit him to participate in all matters, related to this case including any oral proceedings and trials, which arise during the representation of Hill.

In support of this motion, the undersigned represents that:

David R. Shopp was admitted to practice law in the State of California, having been a member of good standing since September 9, 2002. His California Bar Number is 220576. *See Affidavit of David R. Shoop* ("Attorney Affidavit") at ¶ 2.

Attorney David R. Shoop has no grievances pending against him in any Court in which he is admitted to practice. *See Attorney Affidavit* at ¶ 4.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 46 of 284 PageID #: 57

Attorney David R. Shoop has never had a complaint filed against him, nor has he ever been reprimanded, suspended, placed in probation, placed on inactive status, disbarred or ever resigned from the practice of law in any Court or jurisdiction.  *See Attorney Affidavit*, at ¶ 4-5.

Attorney David R. Shoop agrees to designate Attorney Nathan Werksman, of the law firm of Merson Law, PLLC as his agent upon whom process and service of notice may be served, and agrees that the Supreme Court State of New York, County of Queens, will be the forum for the resolution of any dispute arising out of my admission.  *See Attorney Affidavit*, at ¶ 6.

Attorney David R. Shoop further states that he has reviewed and is familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts. *See Attorney Affidavit*, at ¶ 7.

The applying attorney, David R. Shoop, is an attorney at the firm of Shoop, A Professional Corporation, 901 Wilshire Blvd., Suite 950, Beverly Hills, CA 90212, is counsel for Plaintiff, Raymond Hill ("Mr. Hill"), and is familiar with the allegations and facts at issue in this litigation.  In the course of his work for Mr. Hill, Attorney David R. Shoop has acquired specialized skill and knowledge regarding the issues that are likely to be raised in this type of litigation, which skill and knowledge will benefit Mr. Hill in prosecution of this product liability lawsuit. Mike D. Shalhoub, Esq., and Jeff Burkhoff, Esq., counsel for the Defendants, have both confirmed with me that they will not contest or oppose this motion.  Because of his experience, and the trust placed in him by Mr. Hill, he has been requested by Hill to personally represent his interests in this action.

Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed that they do not contest or oppose this motion.

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 47 of 284 PageID #: 58

An Affidavit signed by the applicant is attached as Exhibit A.

WHEREFORE, the undersigned respectfully moves that this Court allow David R. Shoop

to participate in this litigation involving Mr. Hill *pro hac vice.*

DATED: New York, New York
        September 18, 2024

**MERSON LAW, PLLC**


/s/Nathan Werksman
Nathan Werksman, Esq.
Attorney for Plaintiff
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171

Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &
RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law

David R. Shoop, Esq. (To be admitted PHV)
Thomas S. Alch, Esq/ (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------- x

RAYMOND HILL,

                           Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                     Defendants.

------------------------------------------------------------------- X

: Index No. 716752/2024
:
: **ORDER FOR ADMISSION PRO HAC**
: **VICE OF ATTORNEY DAVID R.**
: **SHOOP**

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney

for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice*

admission to David R. Shoop, Esq., and the Court having reviewed and considered with due

deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Alch, his affidavit

and Certificate of Good Standing, it is hereby:

ORDERED, that David R. Shoop, Esq. be admitted to practice in this department pro hac

vice, to participate in any and all proceedings relative to the above captioned matter, until such

time as the matter has been completely resolved in this Court.

Dated:                                          _____
                                           Honorable

1

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 49 of 284 PageID
#: 60

# EXHIBIT A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 50 of 284 PageID #: 61

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- x

RAYMOND HILL,

                           Plaintiff,

               -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                      Defendants.

-------------------------------------------------------------------- X

Index No. 716752/2024

**AFFIDAVIT OF DAVID R. SHOOP IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, David R. Shoop, Esq. being duly sworn, do depose and say that:

1. All of the information set forth in this affidavit is true and based upon my personal knowledge. If called as a witness, I could and would testify competently to the following:

2. I am an attorney admitted to practice law in the State of California, having been a member in good standing since September 9, 2002. My bar number is 220576.

3. I am the owner of Shoop, A Professional Law Corporation, 9701 Wilshire Blvd., Suite 950, Beverly Hills, California 90212. [Telephone (310) 620-6330, facsimile (310) 620-9533; email david.shoop@shooplaw.com].

4. I have no pending disciplinary complaints or grievances in any State or Court. I have never had a complaint filed against me, nor have I ever been reprimanded, suspended, placed on

1

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 51 of 284 PageID #: 62

inactive status, placed on probation, disbarred or resigned from the practice of law in any Court or jurisdiction.

5. I have not been denied admission to, been disciplined by, resigned from, surrendered a license to practice before, or withdrawn an application for admission to practice while facing a disciplinary complaint before, this Court or any other court.

6. I agree to designate Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, as my agent upon whom process and service of notice may be served, and agree that the Supreme Court State of New York, County of Queens will be the forum for the resolution of any dispute arising out of my admission.

7. I have reviewed and am familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts.

8. As a result of my long-standing attorney-client relationship with plaintiff Raymond Hill, I am personally familiar with the issues involved in the representation of Mr. Hill in this litigation. This is a product liability case involving a portable heater with allegations of severe burn injuries resulting in an above-the knee leg amputation. I have been litigating product liability cases and burn injury cases for over twenty (20) years. Because of my familiarity with the issues involved in the prosecution of this case, it is Mr. Hill's desire that I participate as his counsel of record in the prosecution of this litigation. Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed with me that they will not contest or oppose this motion.

9. To ensure my familiarity with the Court's rules and procedures, Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, and a member in good standing of the Bar of this Court, will continue to appear and act as attorney of record in this case.

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 52 of 284 PageID #: 63

Accordingly, it is respectfully requested that the application to permit me to appear *pro hac vice* be granted.

Dated:

Sworn to and subscribed
before me this ___17___ day
of ___September___ , 2024.

_David R. Shinger, Esq._

_Nicole Bouzaglo_
Notary Public

NICOLE BOUZAGLO
COMM # 2308042
LOS ANGELES COUNTY
Notary Public
Commission Expires JUL 27, 2026

3

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 53 of 284 PageID #: 64

# THE STATE BAR OF CALIFORNIA
## CERTIFICATE OF STANDING

September 16, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, DAVID RYAN SHOOP, #220576 was admitted to the practice of law in this state by the Supreme Court of California on September 9, 2002 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Alex Calderon
Custodian of Records

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 54 of 284 PageID #: 65

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

RAYMOND HILL,

                 Plaintiff,

      v.

P.C. RICHARD & SON, LLC, NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive,

                 Defendants.

_____

Index No. 716752/2024

**DEFENDANT NEWELL BRANDS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Newell Brands Inc. ("Newell"), through its counsel, Goldberg Segalla LLP, submits its Answer and Affirmative Defenses to Plaintiff, Raymond Hill's Complaint as follows:

## NATURE OF THE ACTION

1. This action seeks to redress the serious and life-threatening burn injuries suffered and sustained by Plaintiff Raymond Hill (also referred to as "Plaintiff" or "Mr. Hill") on or about October 31, 2021. On that date, Mr. Hill suffered and sustained, *inter alia*, severe burn injuries to his right leg which required multiple surgeries, including below-the-knee and subsequently above-the-knee amputations, as the result of his reasonably foreseeable use of the Bionaire Ceramic Tower Heater, Model: BCH9212, (referred to herein as "Bionaire Heater" or "Subject Heater"). By and through this action, Mr. Hill seeks to recover the significant financial compensation to which he is entitled as a result of Defendants' acts and omissions.

      **ANSWER:    Defendant has no response to this allegation as the Complaint speaks for itself.**

1

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 55 of 284 PageID #: 66

## PARTIES

2.     At all times relevant to this suit and now, Plaintiff, Raymond Hill ("Plaintiff" or "Mr. Hill"), was and is a citizen of the State of New York, and resides, at all relevant times, in Queens (Woodside), New York.

**ANSWER:   Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.**

3.     At all times relevant to this suit and now, Defendant, P.C. Richard & Son, LLC ("P.C. Richard"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

**ANSWER:   Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.**

4.     At all times relevant to this suit and now, Defendant, P.C. Richard & Son, LLC's headquarters and principal place of business is located at 150 Price Parkway, Farmingdale, New York 11735. P.C. Richard & Son, LLC was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

**ANSWER:   Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.**

2

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 56 of 284 PageID #: 67

5.    At all times relevant to this suit and now, Defendant, Newell Brands Inc. ("Newell"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

**ANSWER:    Denied.**

6.    At all times relevant to this suit and now, Defendant, Newell Brands Inc.'s headquarters and principal place of business is located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Newell Brands Inc. was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

**ANSWER:    Admit.**

7.    At all times relevant to this suit and now, Defendant, Sunbeam Products, Inc. ("Sunbeam"), was and is now engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

**ANSWER:    Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.**

8.    At all times relevant to this suit and now, Defendant, Sunbeam Products, Inc.'s headquarters and principal place of business is located at 2381 Executive Center Drive, Boca

3

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 57 of 284 PageID #: 68

Raton, Florida 33431. Sunbeam Products, Inc. was and is authorized to conduct business in New York and is capable of suing and being sued in New York.

**ANSWER:   Denied.**

9.     Plaintiff is ignorant regarding the true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants, DOES 1 through 100, inclusive, who therefore sue said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

**ANSWER:   Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.**

10.     The named and DOE Defendants are collectively referred to herein as "Defendants."

**ANSWER:   Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.**

11.     At all times herein mentioned, based upon information and belief, each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants; and in doing or omitting to do the things herein alleged were acting within the course and scope of such agency, service and/or employment with the permission and consent (implied, actual and/or constructive) of each principal; and each Defendant ratified the acts or omissions of each agent, servant and/or employee.

4

42315260.v2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 58 of 284 PageID #: 69

**ANSWER:** **Denied.**

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Mr. Hill as herein alleged.

**ANSWER:** **Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.**

13. Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned, Defendants and other Defendants named fictitiously, were the agents, servants, employees, joint-venturers, and co-partners of their said co-Defendants and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, servant, employee, joint-venturer and partner. Further, each and every Defendant ratified the conduct of the other Defendants.

**ANSWER:** **Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.**

## FACTS

14. On October 31, 2021, in Queens County, New York, Plaintiff Raymond Hill used the Bionaire Heater in the manner intended by Defendants, and in a manner both reasonably foreseeable to Defendants, and consistent with al instructions and directions received when he received the Subject Heater from Defendants. Mr. Hill suffered severe and permanent burns when

5

42315260.v2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 59 of 284 PageID #: 70

the Subject Heater failed unexpectedly, catastrophically and without warning. The hot air blown from the Subject Heater was excessively hot, resulting in injuries including, but not limited to, third degree burns to Mr. Hill's right leg, and resultant amputations.

**ANSWER:** **Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.**

15. As a result of a defect and/or malfunction in the Subject Heater and Defendant's failure to furnish a proper and non-defective safety devices and equipment, Mr. Hill required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately and above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater.

**ANSWER:** **Denied.**

### FIRST CAUSE OF ACTION

### (NEGLIGENCE AGAINST AS TO ALL DEFENDANTS)

16. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba*, as though fully set forth herein, and further state:

**ANSWER:** **Defendant repeats and realleges it answers contained in the preceding paragraphs as though fully set forth herein.**

17. At all times relevant to this lawsuit, Defendants, and each of them, were engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding,

6

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 60 of 284 PageID #: 71

packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

**ANSWER:    Denied.**

18.    Defendants, and each of them, owed a duty of reasonable care to Plaintiff and other individuals who came into contact with the Subject Heater to evaluate, test, repair, and maintain the Subject Heater and its component parts so as to make it safe for reasonable and foreseeable use.

**ANSWER:    Defendant admits only to those duties imposed on it by law and denies any breach of said duty.**

19.    Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not properly designing and/or manufacturing the Subject Heater and its component parts.

**ANSWER:    Denied.**

20.    Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not properly maintaining, servicing and/or repairing the Subject Heater its component parts.

**ANSWER:    Denied.**

21.    Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not warning Mr. Hill and others that the Subject Heater and its component parts were defectively designed, manufactured, assembled, repaired and/or maintained.

**ANSWER:    Denied.**

7

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 61 of 284 PageID #: 72

22.     Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not warning Mr. Hill and others of hidden dangers with the intended and reasonably foreseeable use of the Subject Heater.

**ANSWER:    Denied.**

23.     Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by not distributing and selling a reasonably safe and non-defective Subject Heater.

**ANSWER:    Denied.**

24.     Defendants, and each of them, knew or by using ordinary care should have known of the unreasonably dangerous condition of the Subject Heater and its component parts.

**ANSWER:    Denied.**

25.     Defendants, and each of them, breached their duty, were negligent, and failed to use ordinary care by failing to include adequate warnings about the Subject Heater, including but not limited to the following:

a.  Safe and proper maintenance and repair procedures and methods.

b.  Safe and proper use instructions.

c.  Safe and proper instructions regarding the distance the Subject Heater should be from users when operating.

d.  Safe and proper replacement equipment and components to use in connection with, maintenance and repair.

e.  Safe and proper troubleshooting procedures.

f.  Safe and proper replacement equipment and components to use in connection with troubleshooting.

8

42315260.v2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 62 of 284 PageID #: 73

g. Safe and proper product inspection procedures and methods.

h. That the equipment was defective or could become defective through inadequate or improper repairs, hardware use or replacement, maintenance procedures, and troubleshooting.

i. Adequate training of maintenance, repair and troubleshooting personnel.

**ANSWER:    Denied.**

26.    The unreasonably dangerous condition existed when the Subject Product was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and each of them.

**ANSWER:    Denied.**

27.    Defendants, and each of them, in designing, manufacturing and testing the Subject Heater breached their duty, were negligent, and failed to use ordinary care, including but not limited to the following ways:

a. The Subject Heater was not designed to properly protect users from injuries.

b. The Subject Heater was not manufactured to properly protect users from injuries.

c. The Subject Heater, as designed, manufactured, distributed and sold, did not properly and adequately address safety concerns.

d. The Subject Heater was not designed or manufactured to prevent overheating.

e. The Subject heater was not designed or manufactured to automatically turn off after a set period of time.

f. The Subject Heater was not designed or manufactured with a proper mechanism to limit temperature.

9

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 63 of 284 PageID #: 74

g.  The Subject Heater was not designed or manufactured to prevent it was reaching unreasonably dangerous heat levels.

**ANSWER:    Denied.**

28.    As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater as described herein.

**ANSWER:    Denied.**

29.    As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

**ANSWER:    Denied.**

30.    As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, x-rays and other medical treatment. Mr. Hill's medical expenses have thus exceeded $500,000.00.

**ANSWER:    Denied.**

31.    As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical

10

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 64 of 284 PageID #: 75

and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

**ANSWER:     Denied.**

32.     As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

**ANSWER:     Denied.**

33.     Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual, but since said accident Plaintiff is permanently incapacitated and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

**ANSWER:     Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.**

34.     As a direct and proximate result of the negligence of Defendants, and each of them, Mr. Hill sustained severe and permanent injuries including, but not limited to, burns to his right leg, leading to multiple surgeries, skin grafting, below-the-knee and above-the-knee amputations. Moreover, Mr. Hill suffered excruciating pain, anxiety, distress, discomfort, and disability, and

11

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 65 of 284 PageID #: 76

has been rendered sick, sore, disfigured, deformed, injured, scarred and traumatized. He has been substantially damaged in an amount that far exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**ANSWER:    Denied.**

35.    Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

**ANSWER:    Paragraph 35 of the Complaint consists of legal conclusions that do not require a response from Newell.**

## SECOND CAUSE OF ACTION

## (STRICT PRODUCTS LIABILITY AGAINST ALL DEFENDANTS)

36.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba*, as though fully set forth herein.

**ANSWER:    Defendant repeats and realleges it answers contained in the preceding paragraphs as though fully set forth herein.**

37.    At all times relevant to this lawsuit, Defendants, and each of them, were engaged in the business of formulating, researching, developing, creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leading, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the Subject Heater.

**ANSWER:    Denied.**

38.    Defendants, and each of them, distributed and sold the Subject Heater.

**ANSWER:    Denied.**

12

42315260.v2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 66 of 284 PageID #: 77

39. Defendants, and each of them, knew and intended that the Subject Heater would be used without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

**ANSWER: Denied.**

40. At all times herein mentioned, the Subject Heater, was defective and unreasonably dangerous in manufacture, design and warnings, thereby rendering the Subject Heater unsafe for its intended use and said defects were a cause of injury to Plaintiff herein.

**ANSWER: Denied.**

41. The Subject Heater was and is unsafe for its intended purpose in that it failed unexpectedly, catastrophically and without warning when used as instructed by Defendants, and each of them, or when used in a manner reasonably foreseeable to Defendants, and each of them thereby causing serious and permanent injuries such as those suffered by Plaintiff herein. The defect existed in the Subject Heater at the time it left the possession of the Defendants, and each of them. The Subject Heater did, in fact, cause personal injuries, including those suffered by Plaintiff herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and unreasonably dangerous for use.

**ANSWER: Denied.**

42. Defendants, and each of them, failed to provide adequate warnings. The Subject Heater was defective and unreasonably dangerous when put to a reasonably anticipated use in that, Defendants, and each of them failed to include adequate warnings about the Subject Heater, including but not limited to the following:

a. Safe and proper maintenance and repair procedures and methods.

b. Safe and proper use instructions.

13

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 67 of 284 PageID #: 78

c. Safe and proper instructions regarding the distance the Subject Heater should be from users when operating.

d. Safe and proper replacement equipment and components to use in connection with, maintenance and repair.

e. Safe and proper troubleshooting procedures.

f. Safe and proper replacement equipment and components to use in connection with troubleshooting.

g. Safe and proper product inspection procedures and methods.

h. That the equipment was defective or could become defective through inadequate or improper repairs, hardware use or replacement, maintenance procedures, and troubleshooting.

i. Adequate training of maintenance, repair and troubleshooting personnel.

**ANSWER:    Denied.**

43.    The unreasonably dangerous condition existed when the Subject Product was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and each of them.

**ANSWER:    Denied.**

44.    The Subject Heater was designed and manufactured with defects and included unsafe and improper hardware, and was defective and unreasonably dangerous when put to its reasonably anticipated use, including but not limited to the following ways:

a. The Subject Heater was not designed to properly protect users from injuries.

b. The Subject Heater was not manufactured to properly protect users from injuries.

14

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 68 of 284 PageID #: 79

c. The Subject Heater, as designed, manufactured, distributed and sold, did not properly and adequately address safety concerns.

d. The Subject Heater was not designed or manufactured to prevent overheating.

e. The Subject Heater was not designed or manufactured to automatically turn off after a set period of time.

f. The Subject Heater was not designed or manufactured with a proper mechanism to limit temperature.

g. The Subject Heater was not designed or manufactured to prevent it was reaching unreasonably dangerous heat levels.

**ANSWER:    Denied.**

45.    The unreasonably dangerous conditions existed when the Subject Heater was designed, manufactured, fabricated, produced, assembled, distributed and sold by Defendants, and each of them.

**ANSWER:    Denied.**

46.    At all times mentioned herein, the Subject Heater failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in its design outweighed the benefits of said product.

**ANSWER:    Denied.**

47.    At all times mentioned herein, the foreseeable use of the Subject Heater involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, including Plaintiff herein, but which danger was known or knowable to Defendants, and each of them, who failed to adequately warn of the substantial danger.

**ANSWER:    Denied.**

15

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 69 of 284 PageID #: 80

48.     At the time of the incident complained of, the Subject Heater was in the same condition as it was when it left possession of Defendants, and each of them.

**ANSWER:     Denied.**

49.     At the times and places mentioned herein, Defendants, and each of them, knew or should have known at the time the Subject heater left their possession, that said product was defective in design and manufacture, that it did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and was unreasonably dangerous, defective, unit and unsafe for its intended use and that said condition was likely to fail catastrophically as described at length hereinabove, when used in a foreseeable manner, and not properly and adequately tested or inspected.

**ANSWER:     Denied.**

50.     The Subject Heater had associated deficits, risks and defects, including but not limited to, its defective design, its lack of sufficient warnings and/or use instructions, and those additional items enumerated hereinabove.

**ANSWER:     Denied.**

51.     These associated deficits, risks and defects were known or knowable by Defendants, and each of them, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, warning and distribution of the Subject Heater.

**ANSWER:     Denied.**

52.     The associated risks, deficits, and defects of the Subject Heater presented a substantial danger to users of the product and that ordinary consumers would not have recognized or otherwise anticipated these associated risks.

**ANSWER:     Denied.**

16

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 70 of 284 PageID #: 81

53.    Defendants, and each of them, further failed to warning of the potential risks and hazards associated with the Subject Heater when used in a way that was reasonably foreseeable to Defendants, and each of them. Any warnings provided were inadequate, defective and inappropriate. This lack of sufficient use instructions and/or warnings was a substantial factor in causing injuries and damage to Plaintiff, as herein alleged.

**ANSWER:    Denied.**

54.    At the times and places mentioned herein, Defendants, and each of them, knew or should have known at the time the Subject Heater left said defendants' possession, that the Subject Heater was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants, and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Heater defects and deficits in design and operational characteristics to those intending to use said Subject Heater, in the manner in which it was intended to be used.

**ANSWER:    Denied.**

55.    At all times and places mentioned herein, Defendants, and each of them, failed to adequately warn, give adequate use instructions or warnings to provide facts describing the Subject Heater's unreasonably dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing injury and harm to Plaintiff, Mr. Hill. The foreseeable risks of catastrophic failure associated with the design of the Subject Heater outweighed any benefits associated with the Subject Heater's design.

**ANSWER:    Denied.**

17

42315260.v2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 71 of 284 PageID #: 82

56.     As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater as described herein.

**ANSWER:     Denied.**

57.     As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

**ANSWER:     Denied.**

58.     As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, x-rays and other medical treatment. Mr. Hill's medical expenses have thus exceeded $500,000.00.

**ANSWER:     Denied.**

59.     As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

18

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 72 of 284 PageID #: 83

**ANSWER:    Denied.**

60.    As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

**ANSWER:    Denied.**

61.    Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual, but since said accident Plaintiff is permanently incapacitated and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

**ANSWER:    Denied.**

62.    Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

**ANSWER:    Paragraph 62 of the Complaint consists of legal conclusions that do not require a response from Newell.**

## THIRD CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY AGAINST ALL DEFENDANTS)

63.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, *in haec verba,* as though fully set forth herein.

19

42315260.v2

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 73 of 284 PageID #: 84

**ANSWER: Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.**

64. Plaintiff, Raymond Hill, purchased the Subject Heater which was manufactured and placed into the stream of commerce by Defendants, and each of them.

**ANSWER: Defendant lacks knowledge and information necessary to admit or deny the allegations in paragraph 64 of Plaintiff's Complaint and demands strict proof thereof.**

65. At all times mentioned herein, Defendants, and each of them, were and are corporations engaged in the business of marketing, designing, manufacturing, fabricating, distributing and selling of the Subject Heater and related equipment for the sale and use by members of the public, including Plaintiff, Raymond Hill.

**ANSWER: Denied.**

66. Plaintiff, Raymond Hill, hereby alleges that the Subject Heater was not of the same quality as those generally acceptable in the trade, were not fit for the ordinary purposes for which such products are used, were not adequately labeled as such and did not measure up to the promises or facts stated in the sales literature and communications by and from Defendants, and each of them.

**ANSWER: Denied.**

67. Defendants, and each of them, impliedly warranted that the Subject Heater which Defendants, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff, Raymond Hill, was merchantable and fit and safe for ordinary use.

**ANSWER: Denied.**

20

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 74 of 284 PageID #: 85

68.     Defendants, and each of them, further impliedly warranted that the Subject Heater which Defendants, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiff, Raymond Hill, was fit for the particular purposes for which it was intended and sold.

**ANSWER:    Denied.**

69.     Contrary to these implied warranties, the Subject Heater was defective, unmerchantable and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold, and as a result, caused severe and permanent injury to Plaintiff as above described.

**ANSWER:    Denied.**

70.     As a direct and proximate result of the product defects and product malfunctions, Mr. Hill sustained severe and permanent injuries including, but not limited to, severe burns to his right foot, nerves and tendons, which resulted in hospitalization, multiple surgeries and leading to amputation. Moreover, Mr. Hill suffered excruciating pain, anxiety, distress, discomfort and inconvenience, and has been rendered sick, sore, disfigured, deformed, injured, scarred and traumatized. He has been substantially damaged in an amount that far exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**ANSWER:    Denied.**

71.     As a direct and proximate result of the conduct of Defendants, and each of them, as set forth herein, Mr. Hill was severely burned and required multiple surgeries, skin grafting, a below-the-knee amputation, and ultimately an above-the-knee amputation to manage the injuries caused by the Subject Heater. Plaintiff will require additional lifetime medical care, attendant care, nursing care, prosthetics and rehabilitative care as a result of the injuries he sustained from the Subject Heater as described herein.

21

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 75 of 284 PageID #: 86

**ANSWER:    Denied.**

72.    As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, a set forth above, Plaintiff, Mr. Hill, has suffered permanent injuries to his person, body and health, all to his general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

**ANSWER:    Denied.**

73.    As a direct and proximate result of the aforesaid conduct Defendants, each of them, as set forth above, Plaintiff has incurred liability for physicians, surgeons, nurses, hospital care, medicine, rehabilitation facilities, x-rays and other medical treatment. Mr. Hill's medical expenses have thus exceeded $500,000.00.

**ANSWER:    Denied.**

74.    As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, will be required to and will seek additional future medical care and assistance for treatment of his injuries and will thereby incur additional medical and other related expenses for care of his injuries. The true and exact amount his future medical expenses is unknown to Plaintiff at this time and Plaintiff prays leave to amend this Complaint accordingly when the true and exact amount thereof is ascertained.

**ANSWER:    Denied.**

75.    As a further direct and proximate result of the conduct of Defendants, and each of them, as set forth above, Plaintiff, Mr. Hill, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, third degree burns, multiple surgeries, skin grafting, amputations of his right leg, multiple hospitalizations, emotional distress,

22

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 76 of 284 PageID #: 87

pain, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the Plaintiff, Mr. Hill, who will pray for leave of the Court to insert the same when they are ascertained.

**ANSWER:    Denied.**

76.    Prior to the occurrence of this accident, Plaintiff, Mr. Hill, was an able-bodied individual, but since said accident Plaintiff is permanently incapacitated and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of Court to show the total amount of his loss of earnings capacity at the time of trial.

**ANSWER:    Denied.**

77.    Pursuant to CPLR 1603, this action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions set forth in CPLR 1602.

**ANSWER:    Paragraph 77 of the Complaint consists of legal conclusions that do not require a response from Newell.**

## AFFIRMATIVE DEFENSES

Newell alleges, or reserves the right to allege, the following affirmative defenses to Plaintiff's Complaint.  The affirmative defenses stated below are based upon the limited knowledge and information currently in Newell's possession. Newell will withdraw any affirmative defenses which discovery discloses are not applicable under additional facts which may be developed.

1.    Plaintiff fails to state a claim for which relief may be granted.

2.    The damages and claims alleged in the Complaint, if any, were not directly, proximately, or contributorily caused by Newell.

3.    Plaintiff's injuries or damage, if any, were proximately caused by the fault of nonparties to this action. Plaintiff's recovery may be barred or reduced thereby.

23

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 77 of 284 PageID #: 88

4.      Plaintiff's injuries or damage, if any, were proximately caused by Plaintiff's own negligence or fault, and Plaintiff's recovery is barred or reduced thereby.

5.      Plaintiff's damage claims should be reduced in accordance with the Plaintiff's percentage of fault.

6.      The product at issue may have been misused, altered, or otherwise used in a manner that was not intended or foreseeable by Newell at the time of sale, and any recovery against Newell is thus barred.

7.      Plaintiff may have failed to act reasonably to mitigate his injuries or damages, if any, and Plaintiff's recovery is barred or reduced thereby.

8.      Plaintiff's claims are barred because the products were designed, manufactured, and marketed in accordance with the state of the art and when they left Newell's control, no practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

9.      Plaintiff's injuries, if any, may have been, in whole or in part, the result of intervening or superseding causes, factors, occurrences or conditions which were in no way caused by Newell and for which Newell is not liable.

10.     The alleged product defect, if any, did not exist when the product was sold but resulted from a lack of care and maintenance or an event causing breakage of the product.

11.     The product at issue may have been originally purchased by someone other than the Plaintiff and, after a period of use, passed to Plaintiff in a used/altered condition.

12.     Plaintiff's claims may be barred by the doctrines of laches, waiver, and or estoppel.

24

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 78 of 284 PageID #: 89

13.     Plaintiff voluntarily and knowingly assumed the risk that caused the damages for which they claim relief, if any, thereby barring this action or reducing Plaintiff's recovery in a proportional manner.

14.     Plaintiff has failed to join all necessary parties.

15.     Newell discharged any duty to warn by providing warnings to the anticipated user that were adequate in light of the anticipated user's knowledge of the products.

16.     Plaintiff's claims may be barred by the sophisticated purchaser or sophisticated user doctrine.

17.     If Plaintiff receives full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then while continuing to deny liability, Newell is entitled to a set-off and/or liability protection to the full extent permitted by New York statutory or common law.

18.     If Newell is found liable, which liability Newell specifically denies, it is entitled to indemnity, contribution, and/or set-off from those persons or entities whose fault caused or contributed to the damages for which recovery is sought and are further entitled to liability protection to the full extent permitted under New York law, or any other applicable state's statutory or common law.

19.     Newell hereby provides notice that, in addition to the affirmative defenses pleaded above, it may rely upon any other defenses that may become available during the discovery proceedings in this case and hereby reserves the right to raise and amend this answer to assert any such defenses.

20.     In the event plaintiff seeks to recover a verdict or judgment against Newell, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will

25

42315260.v2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 79 of 284 PageID #: 90

with reasonable certainty replace or indemnify plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

21.     To the extent that plaintiff failed to obtain coverage available to him as an individual or as a family member, which he is eligible to obtain, and/or failed to take reasonable steps to protect himself from medical costs, health care or life care costs or to avail himself of the resources, service benefits and coverage available to him under the Affordable Care Act, then plaintiff failed to mitigate his damages and cannot recover for such failure.

22.     With regard to plaintiff's failure to mitigate his damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to plaintiff under the Affordable Care Act and will offer proof of the medical costs which plaintiff will not incur under the Affordable Care Act.

23.     Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent this defendant requests that in the event the plaintiffs recover any judgment herein, such amount as is recovered in whole or in part from collateral sources be reduced by said amounts pursuant to CPLR Sec. 4545.

## **TRIAL BY JURY**

Defendant demands a trial by jury as to all claims so triable as of right.

26

42315260.v2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 80 of 284 PageID #: 91

**WHEREFORE**, Defendant Newell Brands Inc.  demands judgment dismissing the Complaint herein, together with the costs, attorneys' fees and disbursements of the within action, and for such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated: September 25, 2024

*Michael D. Shalhoub*

Michael D. Shalhoub
Goldberg Segalla LLP
50 Main Street, Suite 425
White Plains, NY 10606
914-798-5471
mshalhoub@goldbergsegalla.com

David J. O'Connell (*To seek admission PHV*)
Goldberg Segalla LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606
312-572-8405
doconnell@goldbergsegalla.com

***Attorneys for Defendant Newell Brands Inc.***

To:     All counsel of record via NYSCEF

27

42315260.v2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 81 of 284 PageID #: 92

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

RAYMOND HILL,

                Plaintiff,

      v.

P.C. RICHARD & SON, LLC, NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive,

                Defendants.

_____

Index No. 716752/2024

**NOTICE TO TAKE
DEPOSITION UPON ORAL
EXAMINATION**

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules of the State of New York, Defendant NEWELL BRANDS INC., by and through its undersigned attorneys, will take the deposition upon oral examination of Plaintiff RAYMOND HILL, at a mutually agreed location, on a mutually convenient date, and continuing thereafter from day-to-day until concluded.

      **PLEASE TAKE FURTHER NOTICE**, that the said person(s) to be examined are required to produce at such examination all books, papers, memoranda and other documents relating to the occurrence.

Dated: September 25, 2024

*Michael D. Shalhoub*

Michael D. Shalhoub
Goldberg Segalla LLP
50 Main Street, Suite 425
White Plains, NY 10606
914-798-5471
mshalhoub@goldbergsegalla.com

David J. O'Connell (*To seek admission PHV*)
Goldberg Segalla LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606

1

42527541.v1

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 82 of 284 PageID
#: 93

312-572-8405
doconnell@goldbergsegalla.com

***Attorneys for Defendant Newell Brands Inc.***

To:     All counsel of record via NYSCEF

2

42527541.v1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 83 of 284 PageID #: 94

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                Plaintiff,

                 -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                              Defendants.
-------------------------------------------------------------------------X

**ANSWER**

**Index No.:**
**716752/2024**

     Defendant, P.C. RICHARD & SON, LLC, by its attorneys, CHESNEY, NICHOLAS &

BROWER, LLP, answers the complaint of the plaintiff, upon information and belief, as follows:

**AS TO NATURE OF THE ACTION**

    1.    Denies each and every allegation contained in the paragraph of the complaint

designated as "1" and refers all questions of law and fact to this Honorable Court.

**AS TO THE PARTIES**

    2.    Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated as "2", "3", "4", "5", "6", "7"

and "8" and refers all questions of law and fact to this Honorable Court.

    3.    Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in the paragraphs of the complaint designated as "9" and "10".

    4.    Denies each and every allegation contained in the paragraph of the complaint

designated as "11", "12" and "13" as to this answering defendant and refers all questions of law and

fact to this Honorable Court and denies knowledge or information sufficient to form a belief as to

each and every allegation contained in the paragraphs of the complaint designated as "11", "12" and

"13" as to co-defendants and refers all questions of law and fact to this Honorable Court.

## AS TO THE FACTS

5. Denies each and every allegation contained in the paragraphs of the complaint designated as "14" and "15" and refers all questions of law and fact to this Honorable Court.

### AS TO THE FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST ALL DEFENDANTS)

6. Repeats and reiterates each and every denial contained in the paragraphs of this answer and numbered "1", "2", "3", "4" and "5", to each and every allegation contained in the paragraph of the complaint designated as "16".

7. Denies each and every allegation contained in the paragraphs of the complaint designated as "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32" and "34" as to this answering defendant and refers all questions of law and fact to this Honorable Court and denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated as "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32" and "34" as to co-defendants and refers all questions of law and fact to this Honorable Court.

8. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated as "33".

9. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated as "35" and refers all questions of law and fact to this Honorable Court.

### AS TO THE SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY AGAINST ALL DEFENDANTS)

10. Repeats and reiterates each and every denial contained in the paragraphs of this answer and numbered "1", "2", "3", "4", "5", "6", "7", "8" and "9", to each and every allegation

2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 85 of 284 PageID #: 96

contained in the paragraph of the complaint designated as "36".

11. Denies each and every allegation contained in the paragraph of the complaint designated as "37", "38", "39", "41", "42", "43", "45", "47", "48", "49", "51", "53", "54", "55", "56", "57", "58", "59" and "60" as to this answering defendant and refers all questions of law and fact to this Honorable Court and denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated as "37", "38", "39", "41", "42", "43", "45", "47", "48", "49", "51", "53", "54", "55", "56", "57", "58", "59" and "60" as to co-defendants and refers all questions of law and fact to this Honorable Court.

12. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated as "40", "44", "46", "50" and "52" and refers all questions of law and fact to this Honorable Court.

13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated as "61".

14. Denies each and every allegation contained in the paragraph of the complaint designated as "62" and refers all questions of law and fact to this Honorable Court.

## AS TO THE THIRD CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY AGAINST ALL DEFENDANTS)

15. Repeats and reiterates each and every denial contained in the paragraphs of this answer and numbered "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13" and "14", to each and every allegation contained in the paragraph of the complaint designated as "63".

16. Denies each and every allegation contained in the paragraph of the complaint designated as "64", "65", "66", "67", "68", "71", "72", "73", "74" and "75" as to this answering

3

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 86 of 284 PageID
#: 97

defendant and refers all questions of law and fact to this Honorable Court and denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated as "64", "65", "66", "67", "68", "71", "72", "73", "74" and "75" as to co-defendants and refers all questions of law and fact to this Honorable Court.

17.    Denies each and every allegation contained in the paragraphs of the complaint designated as "69", "70" and "77" and refers all questions of law and fact to this Honorable Court.

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated as "76".

**AS AND FOR A FIRST, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That in the event the plaintiff recovers any judgment against the defendant, then the defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly, Section 1601 thereof; and also if there is any such judgment that it be limited to the answering defendant's equitable share of any total liability.

**AS AND FOR A SECOND, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That the plaintiff on the date and time of the accident in question assumed the risk for the conduct in which he was engaged.

**AS AND FOR A THIRD, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That the complaint herein fails to state a cause of action against the defendant.

4

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 87 of 284 PageID #: 98

**AS AND FOR A FOURTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, Social Security, workers' compensation, or employee benefit programs that the court finds was or will be with reasonable certainty replaced or indemnified.

**AS AND FOR A FIFTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That the accident or occurrence referred to in the plaintiff's complaint and the injuries claimed were caused in whole or in part by the carelessness, contributory negligence or the assumption of risk of the plaintiff and the answering defendant demands that the plaintiff's damages be accordingly diminished or denied.

**AS AND FOR A SIXTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That the negligence, fault, and culpable conduct of the plaintiff herein caused the incident in which the plaintiff was allegedly injured and/or the alleged injuries, if any, resulting therefrom.

**AS AND FOR A SEVENTH, SEPARATE, DISTINCT
AND COMPLETE AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANT ALLEGES:**

That the negligence, fault, and culpable conduct of others herein caused the incident in which the plaintiff was allegedly injured and/or caused injuries, if any, resulting therefrom.

5

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 88 of 284 PageID #: 99

## AS AND FOR AN EIGHTH, SEPARATE, DISTINCT
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT ALLEGES:

The defendant asserts the defense of set-off to reduce the plaintiff's claims under §15-108 of the General Obligations Law.

## AS AND FOR A NINTH, SEPARATE, DISTINCT
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT ALLEGES:

That the plaintiff has failed to mitigate and/or reduce his damages and losses, if any, as alleged in the complaint.

## AS AND FOR A TENTH, SEPARATE, DISTINCT
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT ALLEGES:

That this answering defendant did not owe the plaintiff any of the duties alleged in this lawsuit.

## AS AND FOR AN ELEVENTH, SEPARATE, DISTINCT
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT ALLEGES:

That the plaintiff's breach of warranty causes of action are barred by plaintiff's lack of privity with this answering defendant.

## AS AND FOR A TWELFTH, SEPARATE, DISTINCT
## AND COMPLETE AFFIRMATIVE DEFENSE,
## THE ANSWERING DEFENDANT ALLEGES:

That the injuries or damages which were sustained by the plaintiff at the time and place alleged in the complaint were due in whole or in part as a result of the plaintiff's misuse of the product at issue.

6

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive, THE ANSWERING DEFENDANT RESPECTFULLY ALLEGES:

That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the complaint, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract and/or by failing to procure contracted for insurance by the aforesaid co-defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive, and the answering defendant is entitled to contribution, apportionment and indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover against the answering defendant, including costs for defending plaintiff's action.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint of the plaintiff herein, and demands judgment over and against the co-defendants, NEWELL BRANDS INC., SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive, for the full or partial amount of any judgment or recovery the plaintiff may obtain against this answering defendant, together with the costs and disbursements of this action.

*Jeffrey M. Burkhoff*

JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO: MERSON LAW, PLLC
Attorneys for Plaintiff
Office & P.O. Address
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100

PCR185 JMB/ss

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                                         **INTERROGATORIES**

                                   Plaintiff,

                                                         **Index No.:**
                    -against-                            **716752/2024**

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                                   Defendants.
-------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that defendant, P.C. RICHARD & SON, LLC, through its

attorneys, CHESNEY, NICHOLAS & BROWER, LLP, hereby demands that plaintiff answer,

under oath, the following propounded interrogatories, pursuant to the Civil Practice Law and Rules

of the State of New York, within twenty (20) days of the service hereof.

**PLEASE TAKE FURTHER NOTICE,** that whenever these interrogatories inquire into

the nature, substance, existence or content of any document, you may, in lieu of any answer to such

interrogatory, append a copy of such document to your answer.

## DEFINITIONS

(A)   The term "the product" as used hereinafter in these interrogatories shall mean the

product which caused injury or damage to the plaintiff as alleged in plaintiff's complaint.

(B)   The term "similar products" as used hereinafter in these interrogatories shall mean

products other than "the product" which are essentially and substantially similar to the product with

regard to design specifications, material composition, make and model and which were either

designed, manufactured, installed, serviced, repaired, maintained or in any way handled by the

defendants.

Case 1:25-cv-04670-MKB-PK          Document 1-1          Filed 08/22/25          Page 91 of 284 PageID
#: 102

(C)     The term "comparable products" as used hereinafter in these interrogatories shall mean products other than the product or similar products which have likeness as to design, specifications, dimensions or material composition, or have the same general uses as the product or similar products.

(D)     The term "standard" as used herein shall mean any industry or trade standards, governmental statutes, ordinances, rules, regulations or orders.

## INTERROGATORIES

1.      State the plaintiff's:

      a.      full name;
      b.      address;
      c.      date of birth;
      d.      place of birth;
      e.      Social Security number.

2.      State the plaintiff's residence history for the past ten (10) years, giving the following information:

      a.      full address;
      b.      owned, rented, leased;
      c.      name and present address of landlord;
      d.      duration of occupancy.

3.      State the plaintiff's educational history, giving the following information:

      a.      name and address of each school attended;
      b.      dates of attendance;
      c.      highest rate or class obtained;
      d.      degree conferred.

4.      State the employment history for the past ten (10) years of the plaintiff, giving the following information:

      a.      name and address of each employer;
      b.      dates of employment
      c.      occupational title;
      d.      rate of compensation;
      e.      reason for termination.

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 92 of 284 PageID #: 103

5.     Please describe in detail as accurately as possible the product that you allege caused the injury or damage giving as many of the following identifying characteristics as you can:

  a.   kind or type of product; giving generic name, if applicable;
  b.   manufacturer's name;
  c.   trade or brand name;
  d.   numerical of alphabetical marking, including serial number and label;
  e.   color and consistency of product;
  f.   dimensions and size of product;
  g.   all identifying marks, writing and/or symbols thereon;
  h.   description of any and all labeling, including whether any such label was lithographed, printed, etc.

6.  Please state exactly when the occurrence happened, giving the date, hour and minute as accurately as possible.

7.  Please describe fully and in complete detail how the alleged occurrence happened, giving:

  a.   the exact description of all events immediately preceding the occurrence up to and including the time of the occurrence in chronological order;
  b.   the exact description of everything the plaintiff did just prior to the occurrence including what they did (if anything) to avoid the accident in question.

8.  Give the name and address of the entity from which the product was purchased, indicating:

  a.   the name or names and addresses of all persons who were present at the time of the purchase of the product;
  b.   the date of said purchase;
  c.   the substance and contents of all conversations immediately prior to or at the time of the purchase of the product;
  d.   whether any warning or warnings were given as to the use of hazard in the use of the product;
  e.   the name or names of person or persons who gave such warnings, if warnings were given orally;
  f.   if warnings were contained in the form of any printed or written statement, describe all such statements or material, giving the time when such statements were read by plaintiff.

3

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 93 of 284 PageID #: 104

9. Prior to the alleged occurrence, did the plaintiff notice any malfunction, defect, or danger in the operation or use of the product?

10. If your answer to the preceding interrogatory is in the affirmative, please state:

    a.    a full description of the nature of the alleged malfunction defect or danger;

    b.    the date and time when they acquired knowledge of any such alleged malfunction, defect, or danger in the operation and use of the product.

11. State the plaintiff's familiarity with the operation and use of the product, similar or comparable products, indicating:

    a.    the length of time in which they had used any such product prior to the time of the alleged occurrence;

    b.    the length of time during which they had been using the product immediately prior to the time of the alleged occurrence, indicating the length of time the product had been put to continued use up to the time of the occurrence.

12. Please state if the product was inspected or tested by the plaintiff, at any time prior to the alleged occurrence.

13. If the answer to the preceding interrogatory is in the affirmative, please state.

    a.    the exact manner in which it was tested or inspected;

    b.    the date or dates on which the product was inspected;

    c.    each and every observation made as to the product, its defects, or defective condition or any hazard or danger that could arise in its use or operation either under normal or abnormal conditions.

14. State the name, address, employer and employment capacity of all persons who have investigated, on behalf of the plaintiff, the accident complained of in this case.

15. State whether any statements were taken by such investigators. If so:

    a.    give the names and address of all persons from whom statements are obtained;

    b.    give the date on which each statement was obtained and the place where it was obtained;

    c.    given the name and address of person or persons who obtained the

4

statements;

d.  in whose custody the original statement is at the present time, giving the name, address and capacity.

16. State whether you have any photographs of any of the person, places or things involved in this accident, including but not limited to, pictures of the accident scene, equipment or persons involved.  If so:

a.  state then name and address of the person or persons by whom each was taken;

b.  state when and where each was taken;

c.  give a brief description of what each photograph represents;

d.  give the name and address of the person who has present custody of such photographs, including the person who has the original negative;

e.  attach copies of such photographs or duplicate negatives of such photographs to your answer.

17. State completely, specifically and in detail each addition, alteration or modification made to the original manufacturer's completed product by any person, firm or corporation, and identify each person, firm or corporation making such modification, alteration or addition and describe each such modification, alteration or addition made and the approximate date upon which it was made.

18. If you allege that the defendants made certain express warranties to the plaintiff, please state completely, specifically and in detail the full extent of each such express warranty, from which defendants the warranty was allegedly extended, the date on which it was made, the place where it was made and identify with particularity sufficient to phrase a request for production of documents each document in which such express warranties appear and if you will do so without a motion to produce, attach at this defendant's expense a copy of all said documents.

5

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 95 of 284 PageID #: 106

19. If you allege that the defendants made certain implied warranties to plaintiff, please state completely, specifically and in detail each such implied warranty, the defendant from which the warranty was allegedly extended, the date on which it was made, and the place where it was made and, if any of said implied warranties appear in writing, identify with particularity sufficient to phrase a request for production of documents each such writing, or if you will do so without a motion to produce, attach at this defendant's expense a copy of such writings which embody such implied warranties.

20. If you allege that the defendants caused to be printed certain literature and advertising describing its product, extolling its performance characteristics and its safe design, expressly and impliedly warranting the performance and safe design of the subject product, please state completely, specifically and in detail the full name and publication address of each document in which you claim any advertisement or other representation was contained, the date of each such document, the edition if each such document, the volume number of each such document and the page number or numbers on which each said advertisement or representation appears. This interrogatory is intended to include any advertisement referred to by the plaintiff in the complaint and is intended to include newspapers, magazines or other media, brochure, writing or document of whatsoever kind or nature upon which the plaintiff claims reliance in the complaint. If you will do so without a motion to produce, attach at this defendant's expense copies of all such advertisements or representations.

21. Do you contend that the accident referred to in the complaint was caused in whole or in part by a defect in this design of the product?

22. If the answer to the preceding interrogatory is in the affirmative, state precisely, completely and in detail in what respect you claim said design to be defective or improper and

6

the facts upon which you base your claims that said design was defective and improper.

23. Do you contend that the accident referred to in the complaint was caused in whole or in part by a defect in assembly, construction or manufacture of the subject product?

24. If the answer to the preceding interrogatory is in the affirmative, state precisely and in detail in what respect you claim the subject product was defectively assembled, constructed or manufactured.

25. Do you contend that the accident referred to in the complaint was caused in whole or in part by the defendants, their agents and/or employees, by negligently or carelessly:

    a.    manufacturing the subject product;
    b.    selling and permitting to be sold the subject product;
    c.    by allegedly improperly assembling and manufacturing the subject product;
    d.    by allegedly using defective ingredients in its manufacture;
    e.    by failing to conduct proper tests before placing it on the market for sale;
    f.    by failing to properly inspect the product before putting it on the market for sale;
    g.    by permitting the product to be sold knowing the same to be allegedly defective.

26. If your answer or any part or parts of the preceding interrogatory is in the affirmative, state precisely and in complete detail, as to each part, in what respect you base such a claim that the defendants were negligent and careless and the facts upon which you base such a claim. Please answer separately for each part of the preceding interrogatory answered in the affirmative.

27. Please describe in detail each error you claim was made in the design of the subject product involved in the accident which is the basis of this suit.

28. Please describe in detail how each part and/or ingredient of the subject product that you claim was defectively designed and could have been better designed.

7

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 97 of 284 PageID #: 108

29. Please identify and describe the name and address of every person that was present at any time or who used the product prior to the time of alleged occurrence.

30. State the injuries sustained by the plaintiff in the accident, including:

     a.     whether there were any fractures or dislocations of any bones sustained;

     b.     any abrasions, contusions or hematomas of the skin;

     c.     any sprains or strains of any ligaments or muscles;

     d.     any burns, scarring and/or skin grafting.

31. State the length of time the plaintiff was confined to a hospital bed.

32. State the total amount claimed as special damages for:

     a.     hospital expenses, if any:

     b.     nurse's services, if any;

     c.     physician's services, if any;

     d.     medical supplies; if any.

33. State whether or not the plaintiff received medical treatment for the alleged injuries; and if so, also state the following;

     a.     the name and address of each hospital, or other place of treatment and the date she was confined therein;

     b.     the name of each doctor who treated the injured party;

     c.     the number of occasions on which they were examined or treated by each doctor, setting forth the dates of such examinations or treatment;

     d.     what treatment was rendered by the various doctors, indicating where such treatment was rendered.

34. State the date of last treatment of the plaintiff.

35. State whether you have in your possession medical or hospital records in connection with confinement and treatment and statements of charges in connection therewith, and if so, attach copies of such records, together with the statement for any cost of reproduction thereof.

36. State whether the plaintiff is claiming, as an element of damages, past or future lost earnings.  If you are claiming such damages, state the amount and the basis upon which you

8

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 98 of 284 PageID #: 109

compute such amount.

37. State whether you have any verification for earnings lost as a result of this occurrence and if so, attach a copy of such verification together with a statement for any cost of reproduction thereof.

38. State whether the plaintiff has filed an income tax return for the five years preceding the date of this occurrence, and if so, attach a copy of each return filed or an authorization permitting the defendant to obtain the same.

39. Itemize by name, address, amount and date all medical bills paid or incurred by the plaintiff in connection with the occurrence descried in the complaint, including but not limited to the cost of ambulance, doctors' bills, cost of x-rays, hospital expenses, nurses' expenses, cost of medicines, and cost of surgical apparatus, including any other costs.

40. State whether the plaintiff received any instructions or training with regard to the use of the product.

41. If the answer to the preceding interrogatory is in the affirmative, provide a detailed description of the instructions or training which the plaintiff received in the use of the product, including:

    a.    the date and place of the instruction;
    b.    instructor's name and address, title or position, and qualification;
    c.    the content of the instructions;
    d.    the length of the instructions;
    e.    whether any tests or examinations were given, and if so, the dates and descriptions thereof and the plaintiff's performance thereon.

42. State whether the plaintiff had ever had prior experience with comparable products, and if so, provide the following information:

    a.    the dates of such experience;
    b.    a description of the products;
    c.    the length and extent of the plaintiff's experience;

9

d.      any accidents or mishaps, including dates and descriptions thereof.

43. State how long, on account of the injury allegedly sustained by the plaintiff as set forth in complaint, that he was:

a.      confined to a hospital;
b.      confined to a bed;
c.      confined to your home, although permitted to be out of bed;
d.      unable to work.

As to each such period of time, indicate the dates of commencement and dates of termination of each such period.

44. Is it contended that the product or any of its component parts did not comply with any standards?  If so, state:

a.      the name and address of each person having any information concerning or knowledge of this contention;
b.      itemize and identify each tangible item in the possession of the plaintiff or anyone on the plaintiff's behalf tending to show or support this contention;
c.      the exact name or title and specific section number, citation or other identity of each standard which you contend was not complied with;
d.      the specific part number, description, or other identity of each portion or component part of the product in question which you contend was not in compliance with standards; and
e.      the specific manner in which it is contended each such portion or component part did not comply with standards.

45. State all the acts and/or omissions constituting the alleged negligence, carelessness and wrongdoing on the part of each defendant, their agents, servants and/or employees.

46. If actual notice of a defective, deficient or unsafe condition is alleged, state:

a.      person or persons to whom given;
b.      place(s) where given;
c.      date(s) when given.

10

INDEX NO. 716752/2024
RECEIVED NYSCEF: 09/25/2024

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 100 of 284 PageID #: 111

47. If constructive notice of a defective, deficient or unsafe condition is claimed, state:

      a.      Duration of condition with date of inception and date constructive notice will be claimed to be given to each defendant.

Dated: Syosset, New York
        September 25, 2024

Yours, etc.,

*Jeffrey M. Burkhoff*

JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO:     MERSON LAW, PLLC
        Attorneys for Plaintiff
        Office & P.O. Address
        950 Third Avenue, 18th Floor
        New York, New York 10022
        (212) 603-9100

PCR185 JMB/ss

11

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 101 of 284 PageID #: 112

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

Plaintiff,

-against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

Defendants.
-------------------------------------------------------------------------X

**NOTICE TO TAKE DEPOSITION
UPON ORAL EXAMINATION**

**Index No.:
716752/2024**

**COUNSEL:**

  **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of plaintiffs whose address is care of her attorneys, as an adverse party will be taken before a notary public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at **SUPREME COURT, QUEENS COUNTY**, **88-11 Sutphin Blvd, Jamaica, New York 11435 on January 27, 2025** at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action:

  That said person to be examined is required to produce at such examination the following: all notes, records, reports, maps, diagrams, books, statements, memoranda, etc., necessary to refresh the recollection of the party being examined.

Dated: Syosset, New York
   September 25, 2024

Yours, etc.,

<em>Jeffrey M. Burkhoff</em>

JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO: MERSON LAW, PLLC
   Attorneys for Plaintiff
   Office & P.O. Address
   950 Third Avenue, 18th Floor
   New York, New York 10022
   (212) 603-9100

PCR185 JMB/ss

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 102 of 284 PageID #: 113

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                        Plaintiff,                      **COMBINED DEMANDS**

                        -against-                                        **Index No.:**
                                                                         **716752/2024**

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                                        Defendants.
-------------------------------------------------------------------------X
**COUNSEL**:

        **PLEASE TAKE NOTICE**, that all parties are hereby required to supply to the

undersigned, at the below listed address of CHESNEY, NICHOLAS & BROWER, LLP for

discovery, inspection and copying, pursuant to CPLR Article 31, within twenty (20) days from

the date of service herein, the following:

1.      **NAMES AND ADDRESSES OF WITNESSES-**  The complete names and
        addresses of any person or persons claimed to be a witness to:

        (a)     The occurrence(s) alleged in the complaint and/or interrogatories;

        (b)     Any acts, omissions, defects, or conditions which allegedly caused the
                occurrence set forth in the complaint and/or interrogatories; or

        (c)     Any actual notice provided to any party represented by the undersigned of
                any condition which is alleged to have caused the occurrence set forth in
                the complaint and/or interrogatories, and the date and manner thereof; or

        (d)     The nature and duration of any alleged condition(s) which allegedly
                caused and/or contributed to the occurrence set forth in the complaint
                and/or interrogatories; or

        (e)     Any prior oral and/or written notice to this answering defendant of the any
                alleged defect, the date, time and manner of such notification and a true,
                full, legible, and complete copy of such written notification to be relied
                upon by plaintiff herein.

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 103 of 284 PageID #: 114

**IF SUCH INFORMATION IS NOT KNOWN, SO STATE IN A SWORN REPLY. THIS ANSWERING DEFENDANT WILL OBJECT AT THE TIME OF TRIAL TO THE TESTIMONY OF ANY WITNESS NOT SUPPLIED IN ACCORDANCE WITH THIS DEMAND.**

2.  **PRIOR PHYSICAL EXAMINATION REPORTS, MUNICIPAL HEARING AND/OR DEPOSITION TRANSCRIPTS-** If a physical and/or medical examination was given before any administrative or other forum, or, if testimony was given in any hearing, trial or examination before trial to which the undersigned was not an attending party, involving the alleged occurrence herein complained of, or any subsequent proceeding involving the plaintiff herein, this defendant demands that you furnish full, true, legible and complete records of any such copies of all testimony or physical examination reports; or proper authorizations(s) in favor of the undersigned to obtain same, if not yet received.

3.  **STATEMENTS-**

    (a)  Any signed, statement, unsigned statement, oral statement, or copy of any recorded statement or document or photograph, movie, video, or recording made by or taken from any party represented by the undersigned this action, or from any agent, servant or employee of any defendant represented by this office; or

    (b)  Any statement, unsigned statement, or copy of any recorded statement or document made by or taken from any co-defendant or agent, servant or employee of any co-defendant.

4.  **MEDICAL REPORTS AND AUTHORIZATIONS-**

    (a)  The names and addresses of all physicians, dentists or of other health service and/or physical therapists and/or other medical providers who have examined, consulted with, or treated the plaintiff for each of the conditions allegedly caused by or exacerbated by, the occurrence described in the complaint and/or interrogatories or any prior related condition, including the date of each treatment or examination, whether or not said medical provider will testify at the time of trial.

    (b)  Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff herein is or was confined due to the occurrence set forth in the complaint and/or interrogatories so as to permit the securing of a copy of the entire hospital record or records, including x-rays and technicians' reports. (Also, please include the admissions and discharge dates for all hospital stays.)

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 104 of 284 PageID #: 115

(c)     Duly executed and acknowledged current written authorizations to allow this answering defendant, to obtain the complete office medical records relating to plaintiff of each and every physician who treated the plaintiff for the injuries complained of, as well as all office medical records of any medical or other health service providers who treated, examined, consulted or saw plaintiff for any related prior condition, infirmity or injury. Please indicate on each authorization the dates of treatment and full name and office address of each physician or medical provider.

   (1)   Such authorizations are to be compliant in all respects with the Health Insurance Portability and Accountability Act of 1996 (commonly referred to as HIPAA) 45 CFR '164, *et seq.* Such authorizations shall contain all "core" elements and "required" statements under HIPAA. If an individual medical provider requires that their own authorization form be used, then that provider's specific authorization form is hereby demanded.

   (2)   Such authorizations are to be compliant in all respects with <u>Arons v. Jutkowitz</u>, 9 N.Y.3d 393, 85 N.Y.S.2d 345 (2007), in that such authorizations enable the undersigned to interview healthcare providers. Please ensure that such authorizations comply with OCA Official Form No.: 960 and that Section 9(b) of that form is initialed and authorizes the provider to discuss the plaintiff=s health information with defense counsel.

(d)     Full, true, legible and complete copies of medical reports of those physicians, dentists or other medical or health care providers who have treated, examined, consulted or saw the plaintiff for the condition(s) alleged in the complaint and/or interrogatories or any prior related condition(s). These shall include a detailed recital of the injuries and conditions as to which the testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered at the time of trial.

(e)     If the mental condition of the plaintiff is an issue herein, or if the action involves an alleged wrongful death, full, true, legible and complete copies of all psychiatric and/or psychological reports and/or records of the injured or deceased party are demanded, and the names and addresses of all related providers of these services along with the dates of consultation and/or treatment.

(f)     Duly executed and acknowledged written authorizations to allow this answering defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff from one (1) year prior to

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 105 of 284 PageID #: 116

the occurrence described in the plaintiff's Complaint and/or Interrogatories to the present date.

**UPON YOUR FAILURE TO COMPLY HEREWITH, THE DEMANDING PARTY WILL MOVE THAT THE PLAINTIFF HEREIN BE PRECLUDED AT THE TIME OF TRIAL OF THIS ACTION FROM OFFERING IN EVIDENCE ANY PART OF THE HOSPITAL RECORDS, MEDICAL RECORDS, X-RAY REPORTS, OR REPORTS OF OTHER TECHNICIANS NOT MADE AVAILABLE, AND THAT THE COURT NOT HEAR THE TESTIMONY OF ANY PHYSICIANS WHOSE MEDICAL REPORTS HAVE NOT BEEN SERVED PURSUANT TO THE AFOREMENTIONED DEMAND.**

5.    **PHOTOGRAPHS-**  Exact duplicate reproductions of all photographs, movies, videos, or other recordings or duplications of any instrumentality claimed to be involved in the alleged occurrence and/or of the scene of the alleged occurrence in your possession, custody or control, or in the possession or under the control of any party you represent, or your agent, servant, employee, and/or principal, which represents the conditions of the locations at the time of the alleged occurrence, and/or the instrumentalities involved or claimed to be involved therein, and/or photographs, movies, videos, recordings or other duplications indicating the medical condition of plaintiff immediately prior thereto or shortly after the alleged incident which is the subject of this action.  In the event property damage is alleged, true and complete copies of all photographs, movies, videos, recordings or other duplications depicting such damage immediately prior thereto or shortly after the alleged occurrence which is the subject of this action.

6.    **INCOME TAX RECORDS-**

(a)    If a claim of lost earnings is being made, you are required to produce full, true, legible and complete copies of all Federal income tax returns for the period of time in which the alleged incident occurred and for the five (5) years prior to the alleged occurrence.  If such records are not in plaintiff's possession, you are required to produce current written authorization, duly executed and verified, permitting the undersigned to obtain such documents.

(b)    **Employment Records-**  If the injured plaintiff was employed on the date of the alleged occurrence, and an allegation of lost earnings or loss of future earnings is being made, you are required to supply to the undersigned duly executed authorizations permitting the undersigned to obtain from all employers during the last five (5) years prior to the alleged occurrence full, true, legible and complete copies of all employment records.  Such authorizations must set forth full business names and complete office addresses for all such employers.  If plaintiff was a member of a union, hired out of a hiring hall, and the names and addresses of all employers for the past five (5) years are not in plaintiff's possession,

4

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 106 of 284 PageID #: 117

such authorizations shall be directed to the union setting forth the name of the union, local, addresses and shall permit the inspection of all union records with respect to the injured plaintiff.  If plaintiff has returned to employment since the date of the alleged occurrence, such authorization as set forth is also required for the first post occurrence employer.

7.     **LOSS OF SERVICES-**  If a claim for loss of services is involved, supply a copy of the Marriage Certificate with regard to any spouse who is a party to this action, and any Divorce or Separation Decree; and if any infant is involved, the infant's Birth Certificate or Baptismal Certificate.

8.     **NO-FAULT CLAIMS-**  If a No-Fault claim has been made relevant to the occurrence complained of, furnish full, true, legible and complete copies of all claim papers submitted by or on behalf of each plaintiff so claiming herein and a current authorization to allow us to obtain the complete No-Fault records.

     (1)     Such authorizations are to be compliant in all respects with the Health Insurance Portability and Accountability Act of 1996 (commonly referred to as HIPAA) 45 CFR '164, *et seq.*  Such authorizations shall contain all "core" elements and "required" statements under HIPAA.  If an individual medical provider requires that their own authorization form be used, then that provider's specific authorization form is hereby demanded.

9.     **WORKER'S COMPENSATION AND/OR NEW YORK STATE DISABILITY INSURANCE AND/OR SOCIAL SECURITY AUTHORIZATIONS-**  If a Worker's Compensation claim, or a New York State Disability claim, or a Social Security claim has been made for disability relative to the alleged occurrence herein, furnish full, true, legible and complete copies of all claim papers submitted and duly executed authorizations in favor of the undersigned to the Worker's Compensation Board, the Plaintiff's Workers Compensation Carrier, the New York State Disability insurance carrier, and/or the Social Security Administration permitting the undersigned to inspect and copy their files as to any papers not presently supplied in response to this Demand.

10.     **ACCIDENT/INCIDENT REPORTS AND/OR STATEMENTS-**  Full, true, legible and complete copies of any Accident and/or Incident reports or statements prepared or made in the regular course of businesses by any employee, agent or representative of any party to this action concerning this occurrence.

11.     **ACCIDENT/INCIDENT REPORTS AND/OR STATEMENTS-**  Full, true, legible and compete copies of any Accident and/or Incident reports or statements prepared or made in accordance with the laws of the state of the occurrence described in the complaint or the laws of the state in which plaintiff resides or maintains a driver's license.

5

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 107 of 284 PageID #: 118

12.   **PROPERTY DAMAGE CLAIM-** If property damage is alleged, you are required to produce true, accurate and complete copies of all property damage estimates, repair bills and/or all original bills and/or purchase invoices for the property allegedly damaged, destroyed or stolen due to this occurrence.

13.   **NAMES AND ADDRESSES OF ATTORNEYS-** you are required to provide a list of each party to this action, together with the name, address and telephone number and file number of each attorney representing said parties.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing demand is a continuing demand. In the event any of the above items are obtained after service of this demand, or service of a response hereto, they are to be furnished to the undersigned forthwith.

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply herewith will result in an application by the undersigned to a court for the appropriate relief.

Dated: Syosset, New York
September 25, 2024

Yours, etc.,

*Jeffrey M. Burkhoff*
JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO:   MERSON LAW, PLLC
Attorneys for Plaintiff
Office & P.O. Address
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100

PCR185 JMB/ss

6

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 108 of 284 PageID #: 119

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                              Defendants.
-------------------------------------------------------------------------X

**DEMAND PURSUANT TO CPLR §3101(d)**

**Index No.:
716752/2024**

**COUNSEL:**

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(d), you are hereby required to furnish the following information regarding each person you expect to call as an expert witness at the trial of this action:

1.      The name and address of each and every witness.

2.      The area of expertise of each and every witness.

3.      The qualifications of each and every witness.

4.      The subject matter on which each and every expert is expected to testify.

5.      The substance of the facts on which each and every expert is expected to testify.

6.      The substance of the opinion of each and every witness.

7.      A summary of the grounds of each and every expert's opinion.

8.      If each said expert witness has or will prepare a written report in connection with said expert's testimony, then attach a copy of said report to your response to this notice.

9.      If you expect to call an economist or actuary, state:

        a)      A specific description of the losses for which such calculations will be made (i.e., present value of the loss of future earnings, present

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 109 of 284 PageID #: 120

value of loss of second job earnings, present value of future medical expenses, etc.);

b) The undiscounted amount of such loss;

c) The present value of the dollar amount of such loss;

d) The discount rate applied by such person to determine present value and the reason for such rate;

e) The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

f) With regard to testimony concerning a growth of future income on an annual or other basis at a projected rate of income greater than the income earned by the plaintiff when last employed, state the growth rate for such income as estimated by such person, and the opinions and facts on which that estimate is based.

g) Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases his opinion or draws the facts on which he relied.

h) With regard to any information secured from any test, publication, graph, chart or study other than as already designated above upon which the expert relied in reaching his conclusions, describe or designate such publication or matter in writing with sufficient specificity to permit its identification and location by the defendant;

i) In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved;

j) With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies of it.

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 110 of 284 PageID #: 121

**PLEASE TAKE FURTHER NOTICE**, that this demand shall be deemed a continuing demand up to, and including, the time of trial of this matter.

Dated:  Syosset, New York
        September 25, 2024

                               Yours, etc.,

                               *Jeffrey M. Burkhoff*

                               JEFFREY M. BURKHOFF
                               CHESNEY, NICHOLAS & BROWER, LLP
                               Attorneys for Defendant
                               P.C. RICHARD & SON, LLC
                               Office & P.O. Address
                               485 Underhill Blvd. Suite 308
                               Syosset, New York 11791
                               (516) 378-1700

TO:    MERSON LAW, PLLC
        Attorneys for Plaintiff
        Office & P.O. Address
        950 Third Avenue, 18th Floor
        New York, New York 10022
        (212) 603-9100

PCR185 JMB/ss

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 111 of 284 PageID #: 122

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------------X
RAYMOND HILL,

                         Plaintiff,

          -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                         Defendants.
------------------------------------------------------------------------------X

**DEMAND PURSUANT
TO CPLR §4545**

**Index No.:
716752/2024**

**COUNSEL:**

    **PLEASE TAKE NOTICE**, that demand is hereby made upon the attorneys for the plaintiff that they serve upon the undersigned a statement as to whether any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security (except those benefits provided under Title 18 of the Social Security Act), Workers' Compensation, or employee benefit program and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which such claimed item of economic loss was replaced or indemnified by each such organization or program.

    Demand is additionally made for duly executed, HIPAA compliant and properly addressed original authorizations permitting the undersigned to inspect and copy any records reflecting any collateral source or payment identified in response to the foregoing demand.

    **PLEASE TAKE FURTHER NOTICE,** that the foregoing demands are to be produced within thirty (30) days from the date of this demand at 10 o'clock in the forenoon at the offices of CHESNEY, NICHOLAS & BROWER, LLP.

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 112 of 284 PageID
#: 123

**PLEASE TAKE FURTHER NOTICE,** that the foregoing are continuing demands and that if the above items are obtained after the date of this demand, they are to be furnished to the office of the undersigned, pursuant to these demands.

Dated:  Syosset, New York
        September 25, 2024

                                        Yours, etc.,

                                        *Jeffrey M. Burkhoff*
                                        JEFFREY M. BURKHOFF
                                        CHESNEY, NICHOLAS & BROWER, LLP
                                        Attorneys for Defendant
                                        P.C. RICHARD & SON, LLC
                                        Office & P.O. Address
                                        485 Underhill Blvd. Suite 308
                                        Syosset, New York 11791
                                        (516) 378-1700

TO:     MERSON LAW, PLLC
        Attorneys for Plaintiff
        Office & P.O. Address
        950 Third Avenue, 18th Floor
        New York, New York 10022
        (212) 603-9100

PCR185 JMB/ss

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 113 of 284 PageID #: 124

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                           Plaintiff,

          -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                           Defendants.
-------------------------------------------------------------------------X

**DEMAND PURSUANT
TO CPLR §3017(c)**

**Index No.:
716752/2024**

**COUNSEL:**

     **PLEASE TAKE NOTICE,** that the undersigned attorneys for defendant, P.C. RICHARD

& SON, LLC, hereby request that plaintiff supplement the *ad damnum* clause of the complaint to

set forth the total damages to which plaintiff deems himself entitled.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §3017(c), plaintiff's

supplemental demand must be provided within fifteen (15) days from the date of service of this

request.

Dated:  Syosset, New York
        September 25, 2024

                            Yours, etc.,

                            *Jeffrey M. Burkhoff*
                            JEFFREY M. BURKHOFF
                            CHESNEY, NICHOLAS & BROWER, LLP
                            Attorneys for Defendant
                            P.C. RICHARD & SON, LLC
                            Office & P.O. Address
                            485 Underhill Blvd. Suite 308
                            Syosset, New York 11791
                            (516) 378-1700

TO:    MERSON LAW, PLLC
       Attorneys for Plaintiff
       Office & P.O. Address
       950 Third Avenue, 18th Floor
       New York, New York 10022
       (212) 603-9100

PCR185 JMB/ss

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 114 of 284 PageID #: 125

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
RAYMOND HILL,

                              Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                              Defendants.
--------------------------------------------------------------------------X

**DEMAND FOR**
**LIEN INFORMATION**

**Index No.:**
**716752/2024**

**COUNSEL:**

     **PLEASE TAKE NOTICE**, that pursuant to CPLR 3120, the plaintiff is required to furnish the undersigned, within twenty (20) days of the service of this demand, the following:

     1.     A copy of all liens pertaining to the within lawsuit; and

     2.     If a copy of any lien is unavailable, a sworn statement setting forth the name and address of all lien holders, the date, amount and reason for the lien and the lien identification number.

     **PLEASE TAKE FURTHER NOTICE**, that this demand is a continuing demand for lien information throughout the pendency of this lawsuit. Furthermore, in the event of plaintiff's failure to timely comply with this demand, a motion will be made either to dismiss this action

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 115 of 284 PageID #: 126

and/or to preclude the plaintiff at the trial of this action from testifying to or offering any evidence pertaining to the items demanded herein.

Dated: Syosset, New York
       September 25, 2024

Yours, etc.,

*Jeffrey M. Burkhoff*
JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO:    MERSON LAW, PLLC
      Attorneys for Plaintiff
      Office & P.O. Address
      950 Third Avenue, 18th Floor
      New York, New York 10022
      (212) 603-9100

PCR185 JMB/ss

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 116 of 284 PageID #: 127

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                               Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                            Defendants.
-------------------------------------------------------------------------X

**DEMAND FOR
PRIOR OR SUBSEQUENT
INJURY**

**Index No.:
716752/2024**

**COUNSEL:**

Each plaintiff will respectively provide, in reference to any prior or subsequent injury, which is similar to the injuries being alleged in the present matter, the following, within thirty days, to the office of defendant's attorney:

A.     Authorizations to obtain all medical records, hospital records, X-rays, MRI Scans, and technical and diagnostic reports directed to any hospital, clinic or any heath care facility in which the injured plaintiff is or was treated or confined.

B.     Names or addresses of all physicians or other health care providers of every description who have consulted, examined, or treated plaintiff for any prior injuries which are similar to those injuries being alleged in the present matter.

C.     HIPAA-compliant authorizations to obtain all medical records of each physician enumerated in (B), if such has not been provided.

D.     Copies of all medical reports received from any and all health care provider(s) enumerated in (A), (B) or (C).

E.     HIPAA-compliant authorizations to allow defendant to obtain a complete pharmacy or drug store record with respect to all drugs prescribed to plaintiff.

F.	HIPAA-compliant authorizations to allow defendant to obtain a complete legal file relating to any and all pre-existing conditions relating to injuries alleged in the present matter.

G.	Copies of all legal records and/or reports received from any entity identified in (F).

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to comply herewith, the plaintiff herein will be precluded at the trial of this action from offering any evidence of the conditions described in the reports or records demanded or offering into evidence any part of the hospital records, medical records, X-ray reports, or reports of other technicians not made available pursuant to this Rule, nor will the court hear the testimony of any physicians whose medical reports have not been served pursuant to the aforesaid demand.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce the aforesaid item(s) at the time and place required in this demand, a motion will be made to the court for the appropriate relief with costs.

Dated:	Syosset, New York
	September 25, 2024

Yours, etc.,

*Jeffrey M. Burkhoff*

JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 118 of 284 PageID #: 129

TO:    MERSON LAW, PLLC
Attorneys for Plaintiff
Office & P.O. Address
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100

PCR185 JMB/ss

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 119 of 284 PageID #: 130

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X

RAYMOND HILL,

                                         Plaintiff,

                    -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
Inclusive

                                         Defendants.
-------------------------------------------------------------------------X

**MEDICARE/MEDICAID DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW SECTION 111 OF PUBLIC LAW §§110-73**

**Index No.: 716752/2024**

**COUNSEL:**

**PLEASE TAKE NOTICE,** that pursuant to 42 U.S.C. 1395(b)(8)(A) and (B), the undersigned attorneys for the defendant hereby demand that plaintiff(s) furnish within thirty (30) days of service of this notice the following:

1.      A statement as to whether the plaintiff has received benefits from either Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action.

2.      Pursuant to the Mandatory Insurer Reporting Law (Section 111 of Public Law 110-173), you are required to provide the following information if you are pursuing a claim for bodily injury, medical payments, workers' compensation or no-fault benefits: (1) First and Last name; (2) Gender; (3) Date of Birth; (4) Social Security Number; (5) Medicare Health Insurance Claim Number (HICN) if you have one; and 6) Medicaid Identification Number if you have one.:

       a)      Plaintiff's full name;

       b)      Plaintiff's gender;

       c)      Plaintiff's date of birth;

       d)      Plaintiff's Social Security number;

       e)      Plaintiff's residence telephone number;

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 120 of 284 PageID #: 131

f)  The Health Insurance Claim Number and/or Medicare and/or Medicaid file;

g)  The address of the office handling the plaintiff's Medicare and/or Medicaid file;

h)  A duly-executed authorization bearing plaintiff's date of birth and Social Security Number or Health Insurance Claim Number permitting this firm and/or the representatives of defendant(s) to obtain copies of plaintiff's Medicare and/or Medicaid records.

3.  State whether Medicare and/or Medicaid has a lien;

a)  The lien amount to date;

b)  Whether the lien is continuing.

4.  Provide copies of all documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to plaintiff's receipt of Medicare and/or Medicaid benefits, including copies of all documents provided to or received from the Medicare and/or Medicaid administrator.

5.  If any Medicaid and/or Medicare Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medicare and/or Medicaid regarding those claims, and in the event plaintiff is a Medicare beneficiary, provide a fully executed "Consent to Release" authorization with requested model language. (*See* **annexed form authorization).**

6.  If plaintiff has not received Medicare and/or Medicaid benefits in the past or is not receiving Medicare and/or Medicaid benefits now, state whether plaintiff is eligible to receive Medicare and/or Medicaid benefits.

7.  If plaintiff/ (plaintiff's decedent) has been receiving Medicare and/or Medicaid benefits and is now deceased, please provide the following:

a)  Relationship of Administrator/Executor of plaintiff's estate to decedent;

2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 121 of 284 PageID #: 132

   b)     Name and address of decedent's Administrator;

   c)     Telephone number and/or e-mail address of decedent's Administrator;

   d)     Social Security Number of decedent's Administrator/Executor;

   e)     An authorization to examine and copy deceased's Medicare and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the CPLR, this is a continuing demand and that you are required to serve the demanded information within thirty (30) days of this demand.

**PLEASE TAKE FURTHER NOTICE** that if you do not possess the above-requested information, an Affidavit to that effect should be submitted.

Dated: Syosset, New York
       September 25, 2024

Yours, etc.,

*Jeffrey M. Burkhoff*

JEFFREY M. BURKHOFF
CHESNEY, NICHOLAS & BROWER, LLP
Attorneys for Defendant
P.C. RICHARD & SON, LLC
Office & P.O. Address
485 Underhill Blvd. Suite 308
Syosset, New York 11791
(516) 378-1700

TO:   MERSON LAW, PLLC
      Attorneys for Plaintiff
      Office & P.O. Address
      950 Third Avenue, 18th Floor
      New York, New York 10022
      (212) 603-9100

PCR185 JMB/ss

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 121 of 284 PageID #: 132

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 122 of 284 PageID #: 133

Social Security Administration

## Consent for Release of Information

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*signifies a required field).

**TO: Social Security Administration**

_____  _____  _____
        **\*My Full Name**                **\*My Date of Birth**        **\*My Social Security Number**
                                **(MM/DD/YYYY)**

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**        **\*ADDRESS OF PERSON OR ORGANIZATION:**

_____  _____

_____  _____

_____  _____

**\*I want this information released because:** _____
We may charge a fee to release information for non-program purposes.

_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box. We will not honor a request for "any and all records" or "my entire file." Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☐ Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____

    If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.

7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

_____

_____

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____   **\*Date:** _____

**\*Address:** _____

**Relationship (if not the subject of the record):** _____   **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (07-2013) EF (07-2013)

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 123 of 284 PageID #: 134

Social Security Administration

## Consent for Release of Information

Form Approved
OMB No. 0960-0566

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• You, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. **Send *only* comments relating to our time estimate to this address, not the completed form.**

Form SSA-3288 (07-2013) EF (07-2013) Destroy Prior Editions

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 124 of 284 PageID #: 135

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                 Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                               Defendants.
-------------------------------------------------------------------------X

**DEMAND FOR SOCIAL
NETWORKING
INFORMATION**

**Index No.:
716752/2024**

**COUNSEL**:

    **PLEASE TAKE NOTICE** that the undersigned hereby demands that the plaintiff

produce for discovery with leave to photocopy, at the office of the undersigned within twenty

(20) days the following:

    1.    Duly executed, original authorizations for full access to, and copies of plaintiff's
current historical records/ information for plaintiff's Facebook account.

           (A)    The authorization must include the email address linked to this account,
along with all other required identifying information.

           (B)    If plaintiff has never had a Facebook account, then an affidavit to that
effect must be provided.

           (C)    If plaintiff does not currently have a Facebook account, but had such an
account at some prior time, then an affidavit to that effect, including the
time frame such an account existed, must be provided.

    2.    Duly executed, original authorizations for full access to, and copies of plaintiff's
current historical records/ information for plaintiff's MySpace account.

           (A)    The authorization must include the e-mail address linked to this account,
along with all other required identifying information.

           (B)    If plaintiff has never had a MySpace account, then an affidavit to that
effect must be provided.

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 125 of 284 PageID #: 136

(C) If plaintiff does not currently have a MySpace account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

3. Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Twitter account.

(A) The authorization must include the email address linked to this account, along with all other required identifying information.

(B) If plaintiff has never had a Twitter account, then an affidavit to that effect must be provided.

(C) If plaintiff does not currently have a Twitter account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

4. Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Foursquare account.

(A) The authorization must include the email address linked to this account, along with all other required identifying information.

(B) If plaintiff has never had a Foursquare account, then an affidavit to that effect must be provided.

(C) If plaintiff does not currently have a Foursquare account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

5. Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Google Buzz account.

(A) The authorization must include the email address linked to this account, along with all other required identifying information.

(B) If plaintiff has never had a Google Buzz account, then an affidavit to that effect must be provided.

(C) If plaintiff does not currently have a Google Buzz account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

2

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 126 of 284 PageID #: 137

6.      Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Shutterfly.com account.

>   (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

>   (B)     If plaintiff has never had a Shutterfly.com account, then an affidavit to that effect must be provided.

>   (C)     If plaintiff does not currently have a Shutterfly.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

7.      Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Flikr.com account.

>   (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

>   (B)     If plaintiff has never had a Flikr.com account, then an affidavit to that effect must be provided.

>   (C)     If plaintiff does not currently have a Flikr.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

8.      Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Snapfish.com account.

>   (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

>   (B)     If plaintiff has never had a Snapfish.com account, then an affidavit to that effect must be provided.

>   (C)     If plaintiff does not currently have a Snapfish.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

9.      Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's LinkedIn account.

>   (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

3

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 127 of 284 PageID #: 138

      (B)     If plaintiff has never had a LinkedIn account, then an affidavit to that effect must be provided.

      (C)     If plaintiff does not currently have a LinkedIn account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

10.    Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Evite.com account.

      (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

      (B)     If plaintiff has never had an Evite.com account, then an affidavit to that effect must be provided.

      (C)     If plaintiff does not currently have an Evite.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

11.    Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's punchbowl.com account.

      (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

      (B)     If plaintiff has never had a punchbowl.com account, then an affidavit to that effect must be provided.

      (C)     If plaintiff does not currently have a punchbowl.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

12.    Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's classmates.com account.

      (A)     The authorization must include the email address linked to this account, along with all other required identifying information.

      (B)     If plaintiff has never had a classmates.com account, then an affidavit to that effect must be provided.

      (C)     If plaintiff does not currently have a classmates.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

4

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 128 of 284 PageID #: 139

13.     Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's active.com account.

  (A) The authorization must include the email address linked to this account, along with all other required identifying information.

  (B) If plaintiff has never had an active.com account, then an affidavit to that effect must be provided.

  (C) If plaintiff does not currently have an active.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

14.     Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's bebo.com account.

  (A) The authorization must include the email address linked to this account, along with all other required identifying information.

  (B) If plaintiff has never had a bebo.com account, then an affidavit to that effect must be provided.

  (C) If plaintiff does not currently have a bebo.com account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

15.     Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Friendster account.

  (A) The authorization must include the email address linked to this account, along with all other required identifying information.

  (B) If plaintiff has never had a Friendster account, then an affidavit to that effect must be provided.

  (C) If plaintiff does not currently have a Friendster account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

16.     Duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/ information for plaintiff's Instagram account.

  (A) The authorization must include the email address linked to this account, along with all other required identifying information.

5

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 129 of 284 PageID #: 140

(B)     If plaintiff has never had an Instagram account, then an affidavit to that effect must be provided.

(C)     If plaintiff does not currently have an Instagram account, but had such an account at some prior time, then an affidavit to that effect, including the time frame such an account existed, must be provided.

17.     Identify any other social networking site(s) which plaintiff has been a member of from two years prior to the alleged occurrence and date of loss to present.

(A)     Provide duly executed, original authorizations for full access to, and copies of plaintiff's current historical records/information for each site listed herein.

(B)     The authorization must include the e-mail address linked to this account along with all other required identifying information.

**PLEASE TAKE NOTICE** that the within demand is a continuing demand. In the event that any of the above items are obtained after service of this demand, they are to be furnished to the undersigned pursuant to this demand.

**PLEASE TAKE FURTHER NOTICE** that plaintiff and plaintiff's counsel are put on notice that the information in any and/or all of plaintiff's social networking sites has been duly demanded for discovery related to this litigation pursuant to the rules of the Court and the CPLR.  The information in any and/or all of plaintiff's social networking sites, photo sites or other sites listed above must not be destroyed, deleted, altered, tampered, spoiled, expunged or manipulated in any other way as to obstruct the information as demanded herein.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to produce the aforesaid documents, at the time and place required in this notice, the responding defendant will oppose any attempts to place this case on the trial calendar of this court and/or appropriate motions for relief will be made to this court.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 130 of 284 PageID #: 141

**PLEASE TAKE FURTHER NOTICE**, that in lieu of producing the items demanded herein, you may serve and submit to the undersigned true and conformed copies of the items demanded herein at any time prior to the aforesaid date.

Dated: Syosset, New York
       September 25, 2024

                           Yours, etc.,

                           *Jeffrey M. Burkhoff*

                           JEFFREY M. BURKHOFF
                           CHESNEY, NICHOLAS & BROWER, LLP
                           Attorneys for Defendant
                           P.C. RICHARD & SON, LLC
                           Office & P.O. Address
                           485 Underhill Blvd. Suite 308
                           Syosset, New York 11791
                           (516) 378-1700

TO:    MERSON LAW, PLLC
        Attorneys for Plaintiff
        Office & P.O. Address
        950 Third Avenue, 18th Floor
        New York, New York 10022
        (212) 603-9100

PCR185 JMB/ss

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 130 of 284 PageID #: 141

7

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 131 of 284 PageID #: 142

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------------- x

RAYMOND HILL,

                          Plaintiff,

         -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                       Defendants.

--------------------------------------------------------------------- X

:  Index No. 716752/2024
:
:
:  **PLAINTIFF'S FIRST SET OF**
:  **INTERROGATORIES AND REQUEST**
:  **FOR PRODUCTION OF**
:  **DOCUMENTS TO DEFENDANT P.C.**
:  **RICHARD & SON, LLC**
:
:
:
:
:
:
:
:
:
:

Plaintiff, Raymond Hill by and through his attorneys, Merson Law PLLC, propounds the

following interrogatories to Defendant P.C. Richard & Son, LLC, to be answered under oath

within (30) days of service, and requests that Defendant produce pursuant to CPLR Article 31

such documents within twenty (20) days of service of same.

<u>**DEFINITIONS**</u>

1.    The term "**DOCUMENT(S)**" means any writing as defined in Article 31, and

includes, without limitation, any written, printed, typed, recorded, (including, but not limited to,

information recorded magnetic tape or stored in a computer), copied or other graphic matter or

physical thing, whether draft or final, including each original and non-identical copy, (whether

different from original and notes made on such copy or other ways), and, if the original is not in

existence, the best copy or reproduction thereof, including, but not limited to, files,

correspondence, letters, contracts, pleadings, records, books, papers, telegrams, telephone

messages, memoranda, interoffice communications, notes, mailing lists, diaries, calendars,

application forms, photographs, photographic slides, drawings, sketches, magazine

1

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 132 of 284 PageID #: 143

advertisements, periodicals bulletins, circulars, pamphlets, audio-recordings, invoices, receipts, vouchers, videotapes, trust agreements, articles of incorporation, bylaws, prospectus, insurance policy statements of premium, telephone statements, business and/or financial statements, books records, journals, ledgers, inventory lists or other records, passport, visas, customs declaration documents, and other custom duties documents, packing slips and shipping invoices, vouchers and receipts, microfilms, punch cards, computer programs, computer printouts, data processing records, and the written information necessary to understand and use such material, and other tangible or physical objects and writings as defined in  Article 31.

2.      The term "**INCIDENT**" shall mean and refer to the injury to RAYMOND HILL, which occurred on or about October 31, 2021, and which is the subject of this litigation.

3.      The term "**IDENTIFY**" when used in reference to a PERSON, means to set forth the PERSON'S full name, current or last known address(es), telephone number(s), employer, position with employer and area of responsibility.

4.      The term "**IDENTIFY**," when used in reference to an entity that is not an individual, means to set forth the entity's full name, current or last known address(es) and telephone number(s).

5.      The term "**IDENTIFY**," when used in reference to DOCUMENTS means to describe such DOCUMENTS and to state the quantity of such DOCUMENTS.

6.      The term "**IDENTIFY**," when used in reference to an oral COMMUNICATION, means to set forth the date and place of the communication and to IDENTIFY all persons present during or otherwise privy to the communication, and the substance of the communication.

7.      The term "**IDENTIFY**," when used in reference to a written COMMUNICATION, means to set forth the author of the communication, the recipient(s) of the communication, and the date of the communication.

8. The term "**IDENTIFY**" when used in any other context should be given the ordinary meaning of the word.

9. The term "**DESCRIBE**" when used in reference to an event or occurrence, means to set forth the date and place of the event or occurrence and to IDENTIFY all persons present during that event or occurrence (and the precise nature of that event or occurrence). "DESCRIBE" when used in any other context should be given the ordinary meaning of the word.

10. The terms "**PERSON**" or "**PERSONS**" includes a natural person, firm, association, or organization, partnership, business, trust, corporation, or public entity.

11. The terms "**YOU**" and "**YOUR**" means and refers to Defendant P.C. RICHARD & SON, LLC, its owners, managers, shareholders, agents, employees, insurance companies, attorneys, accountants, investigators, occupants of the property and anyone else acting on its behalf.

12. The term "**SUBJECT PRODUCT**" shall mean and refer to the BIONAIRE CERAMIC TOWER HEATER, Model: BCH9212, which is alleged to have caused injury to RAYMOND HILL, seven identifying pictures of which are attached hereto as Exhibit A.

13. The term "**MODEL PRODUCT**" shall mean and refer to exemplars of the BIONAIRE CERAMIC TOWER HEATER, Model: BCH9212, which is alleged to have caused injury to RAYMOND HILL, seven identifying pictures of which are attached hereto as Exhibit A.

14. The term **"COMMUNICATION" or "COMMUNICATIONS"** means the giving, receiving, transmitting, or exchanging of information including, but not limited to, any and all telephone, in-person, and written conversations by or with any person, talk, gestures, or "DOCUMENT(S)" as defined above which memorialize or refer to any "COMMUNICATION(S)" as defined herein.

3

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 134 of 284 PageID #: 145

15.     The term **"ENTITY" or "ENTITIES"** shall mean any non-natural person, including, but not limited to, corporations, partnerships, and companies.

### I.      GENERAL LIABILITY INTERROGATORIES

SECTION I: (APPLICABLE TO ALL DEFENDANTS)

**INTERROGATORY NO. 1:**

State the full name, address, telephone number and position of the corporate officer answering these interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2:**

Please Identify any and all Persons/Entities that designed the SUBJECT PRODUCT and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 3:**

Please Identify any and all Person/Entities that manufactured the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 4:**

Please Identify any and all Person/Entities that distributed the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 135 of 284 PageID #: 146

**INTERROGATORY NO. 5:**

Please Identify any and all Person/ Entities that sold the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 6:**

Please Identify any and all Persons/entities that marketed or advised the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 7:**

Please Identify any and all Persons/Entities that prepared any warnings regarding the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 8:**

Please Identify any and all Persons/Entities that prepared any use instructions regarding the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 9:**

Please Identify any and all PERSONS/ENTITIES that prepared and assembly instructions regarding the SUBJECT PRODUCT.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 136 of 284 PageID #: 147

**INTERROGATORY NO. 10:**

Please Identify any and all PERSONS/ENTITIES that prepared a Section 15(b) Report to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 11:**

Please Identify any and all PERSONS that prepared a Full report [16 CFR 1115.13 (d)] to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 12:**

Please IDENTIFY any and all PERSONS that prepared any COMMUNICATION to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 13:**

Please IDENTIFY any and all COMMUNICATIONS to the United States Consumer Product Safety Commission in the 10 years prior to December 18, 2023, regarding injuries sustained by people from the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 14:**

Please IDENTIFY any and all COMMUNICATIONS to the United States Consumer Product Safety Commission in the 10 years prior to December 18, 2023, regarding injuries sustained by people from the MODEL PRODUCT.

**ANSWER**:

6

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 137 of 284 PageID #: 148

**INTERROGATORY NO. 15:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared the test protocols relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 16:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared or generated test reports relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 17:**

Please describe, in detail, any and all manners of testing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 18:**

Please IDENTIFY any and all PERSONS/ENTITIES who conducted testing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 19:**

Please describe YOUR system, if any, to monitor post-sale incidents with regard to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 20:**

Please describe YOUR system, if any, to monitor post-sale injuries with regard to the MODEL PRODUCT.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 138 of 284 PageID #: 149

**INTERROGATORY NO. 21:**

Please describe any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 22:**

Please IDENTIFY any and all DOCUMENTS describing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 23:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared the test protocols relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 24:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared or generated test reports relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 25:**

Please IDENTIFY any and all DOCUMENTS related to any and all injuries reported by consumers regarding the MODEL PRODUCT.

**ANSWER**:

///

///

///

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 139 of 284 PageID #: 150

**INTERROGATORY NO. 26:**

Please IDENTIFY any and all DOCUMENTS related to any and all lawsuits brought against YOU for injuries resulting from use of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 27:**

Please IDENTIFY and all DOCUMENTS related to any and all product failures reported by consumers regarding the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 28:**

Please IDENTIFY any and all DOCUMENTS relating to advertising of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 29:**

Please IDENTIFY any and all DOCUMENTS relating to the marketing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 30:**

Please IDENTIFY any and all DOCUMENTS evidencing any database of injuries maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

///

///

9

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 140 of 284 PageID #: 151

**INTERROGATORY NO. 31:**

Please IDENTIFY any and all recalls that have occurred relative to the MODEL

PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 32:**

Please IDENTIFY any and all recalls that have occurred relative to the MODEL

PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 33:**

Was the SUBJECT PRODUCT ever recalled?

**ANSWER**:

**INTERROGATORY NO. 34:**

If the SUBJECT PRODUCT has ever been recalled, please set forth the date of the recall.

**ANSWER**:

**INTERROGATORY NO. 35:**

If the SUBJECT PRODUCT has ever been recalled, please set forth the reason(s) for the

recall.

**ANSWER**:

**INTERROGATORY NO. 36:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all warnings YOU

have received from the Consumer Product Safety Commission with regard to or relating to the

MODEL PRODUCT.

**ANSWER**:

10

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 141 of 284 PageID #: 152

**INTERROGATORY NO. 37:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all contemplated design modifications with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 38:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all sales data (inclusive of total number of units in the market and profits per state) with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 39:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all design alternatives considered by YOU with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the incident.

**ANSWER**:

**INTERROGATORY NO. 40:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 41:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all modifications to use instructions, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 142 of 284 PageID #: 153

**INTERROGATORY NO. 42:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 43:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all modifications to warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 44:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all product reviews with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 45:**

Please IDENTIFY any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 46:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all quality control (QC) measures relating to the manufacturing process of the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 47:**

Did YOU sell the SUBJECT PRODUCT?

**ANSWER**:

12

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 143 of 284 PageID #: 154

**INTERROGATORY NO. 48:**

Did YOU ever sell any MODEL PRODUCTS?

**ANSWER**:

**INTERROGATORY NO. 49:**

Please IDENTIFY any and all DOCUMENTS evidencing YOUR sale of the SUBJECT

PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 50:**

Please IDENTIFY any and all DOCUMENTS evidencing YOUR sale of any MODEL

PRODUCTS.

**ANSWER**:

## II.      REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design,

development, drafting, placement and all revisions to and iterations of the packaging of the

MODEL PRODUCT and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design,

development, drafting, placement and all revisions to and iterations of the Instructions For Use

("IFU"), instruction manuals and user manuals that were supplied with the MODEL PRODUCT

and any and all component parts thereof.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 144 of 284 PageID #: 155

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS / ESI relating to the design, manufacture, and engineering of the MODEL PRODUCT and any and all component parts thereof, including, but not limited to, the following:

a. Any differences in the manufacturing processes regarding different generations, models, or versions of the MODEL PRODUCT;

b. All plans, drawings, diagrams, specifications, and/or standards, including any revisions thereof, applicable to the design of each version of the MODEL PRODUCT;

c. All DOCUMENTS relating to changes at any time in the design, specifications, manufacture, and procedures for the manufacture of each version of the MODEL PRODUCT, including any changes to its materials, component parts, composition and construction;

d. All complete engineering drawing packages, engineering drawings, requests for changes, and change notices applicable to each version of the MODEL PRODUCT; and

e. All engineering reports and/or evaluations of each version of MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS / ESI reflecting and/or relating to YOUR procedures for the identification, documentation, validation, verification, review, and approval of design changes to each version of MODEL PRODUCT and any and all component parts thereof, before their implementation.

**ANSWER**:

14

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 145 of 284 PageID #: 156

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS / ESI demonstrating that the SUBJECT PRODUCT and any and all component parts thereof met all specified design requirements.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to Product Briefs, Design Reviews, safety meetings, quality assurance meetings, and/or quality control meetings applicable to the MODEL PRODUCT and any version thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the Design History Files applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to all Failure Mode and Effects Analyses (FMEA), Failure Mode Effects and Criticality Analyses (FMECA), Design Failure Mode and Effect Analyses (DFMEA), Failure Mode Effects Summaries, Fault Tree Analysis (FTA) and/or Risk Assessments applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

///

///

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 146 of 284 PageID #: 157

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to all Critical-To-Quality (CTQ) Trees, CTQ Items and/or CTQ characteristics applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the packaging of the MODEL PRODUCT and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the labeling and/or marking of the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all COMMUNICATIONS by and between YOU and the United States Consumer Product Safety Commission ("CPSC") related to the INCIDENT.

**ANSWER**:

///

///

///

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 147 of 284 PageID #: 158

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all COMMUNICATIONS by and between YOU and the United States Consumer Product Safety Commission ("CPSC") in the 10 years prior to October 31, 2021, regarding injuries sustained by people from the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all test protocols relative to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all test reports relative to the MODEL COMPUTER and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing YOUR system, if any, to monitor post-sale injuries with regard to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 148 of 284 PageID #: 159

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing YOUR system, if any, to monitor post-sale incidents with regard to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS in YOUR possession, custody or control describing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS describing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS related to any and all injuries reported by consumers regarding the MODEL PRODUCT.

**ANSWER**:

///

///

///

18

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 149 of 284 PageID #: 160

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS related to any and all lawsuits brought against YOU for injuries resulting from use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS related to any and all product failures reported by consumers regarding the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS relating to advertising of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS relating to the marketing of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS evidencing any database of injuries maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS evidencing any database of adverse events maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

19

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 150 of 284 PageID #: 161

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS evidencing any and all recalls that have occurred relative to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS evidencing any and all warnings YOU have received from the Consumer Product Safety Commission with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS evidencing any and all contemplated design modifications with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS evidencing any and all sales data (inclusive of total number of units in the market and profits per state) with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS evidencing any and all design alternatives considered by YOU with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the incident.

**ANSWER**:

///

///

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 151 of 284 PageID #: 162

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 35**:

Any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 36**:

Any and all DOCUMENTS evidencing any and all modifications to use instructions, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 37**:

Any and all DOCUMENTS evidencing any and all warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 38**:

Any and all DOCUMENTS evidencing any and all modifications to warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

///

///

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 152 of 284 PageID #: 163

**REQUEST FOR PRODUCTION NO. 39**:

Any and all DOCUMENTS evidencing any and all product reviews with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 40**:

Any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 41**:

Any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 42**:

Any and all DOCUMENTS evidencing any and all quality control (QC) measures relating to the manufacturing process of the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 43**:

An exemplar of the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 44**:

Any and all DOCUMENTS evidencing YOUR sale of the SUBJECT PRODUCT.

**ANSWER**:

///

22

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 153 of 284 PageID #: 164

**REQUEST FOR PRODUCTION NO. 45**:

   Any and all DOCUMENTS evidencing YOUR sale of any MODEL PRODUCTS.

  **ANSWER**:


DATED: December 18  , 2024, New York, New York


/s/Nathan Werksman

Nathan Werksman
**MERSON LAW PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile: (347) 441-4171

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Brian Panish (To be admitted PHV)
Adam Shea (To be admitted PHV)
**PANISH, SHEA & RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law

23

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 154 of 284 PageID #: 165

# EXHIBIT A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 154 of 284 PageID #: 165

# EXHIBIT A





FILED: QUEENS COUNTY CLERK 12/18/2024 05:49 PM

NYSCEF DOC. NO. 18

INDEX NO. 714752/2024

RECEIVED NYSCEF: 12/18/2024





**RESET INSTRUCTIONS**
If the heater shuts down and the Power
Light is flashing:
1) Stand the heater upright.
2) Unplug the unit and wait 30 minutes.
3) Plug in and operate normally.
See instruction manual for more detailed
operating instructions.
U.S. Patent No. D514,819







Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 162 of 284 PageID #: 173

# SERVICE LIST

| | |
|---|---|
| JEFFREY M. BURKHOFF, Esq.<br>**CHESNEY, NICHOLAS & BROWER, LLP**<br>485 Underhill Boulevard<br>Suite 308<br>Syosset, New York 11791<br>(516) 378-1700 ext. 225<br>(516) 378-7633 (Fax)<br>j.burkhoff@chesneynicholas.com<br>e.keady@chesneynicholas.com | Attorneys for Defendant,<br>P.C. RICHARD & SON, LLC |
| Michael D. Shalhoub, Esq.<br>David J. O'Connell, Esq. (To seek PHV)<br>**Goldberg Segalla LLP**<br>50 Main Street, Suite 425<br>White Plains, NY 10606<br>914-798-5471<br>mshalhoub@goldbergsegalla.com<br>doconnell@goldbergsegalla.com<br>zoliva@goldbergsegalla.com | Attorneys for Defendant,<br>NEWELL BRANDS INC. |
| David R. Shoop (To be admitted PHV)<br>Thomas S. Alch (To be admitted PHV)<br>**SHOOP \| A PROFESSIONAL LAW CORPORATION**<br>9701 Wilshire Blvd., Suite 950<br>Beverly Hills, CA 90212<br>Telephone: (310) 620-9533<br>Facsimile: (310) 620-6330<br>david.shoop@shooplaw.com<br>thomas.alch@shooplaw.com<br>mariel.vazquez@shooplaw.com | Attorneys for Plaintiff,<br>RAYMOND HILL |
| Brian Panish, Esq. (To be admitted PHV)<br>Adam Shea, Esq. (To be admitted PHV)<br>**PANISH, SHEA & RAVIPUDI, LLP**<br>11111 Santa Monica Blvd #700,<br>Los Angeles, CA 90025<br>Telephone: (310) 477-1700<br>Facsimile: (310) 477-1699<br>ashea@panish.law<br>gherrera@panish.law | Attorneys for Plaintiff,<br>RAYMOND HILL |

1

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 163 of 284 PageID #: 174

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
          ss:
COUNTY OF NEW YORK)

      I, Abigail Summa, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at Kings County, New York.

      On December 18, 2024, I served the within:
**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT P.C. RICHARD & SON, LLC.**

| | |
|---|---|
| [] SERVICE BY MAIL | by depositing a true copy thereof in a post-paid rapper, in an official depository under the exclusive care and wrapper, in an official depository under the care and custody of the U.S. Postal Service within the New York State, addressed each of the following persons at the last known address set forth after each name: |
| [] OVERNIGHT | by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of FED EX Mail for overnight delivery, prior to the latest time designated by that service for overnight delivery. |
| [X] NYSCEF | by uploading a true copy thereof via The New York State ECF System which includes the electronic mail addresses of all documented council of records. |

TO:
**CHESNEY, NICHOLAS, & BROWER, LLP**
Attorneys for Defendant
**P.C. RICHARD & SON, LLC**
485 Underhill Boulevard, Suite 308
Syosset, NY 11791

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant
**NEWELL BRANDS, INC.**
50 Main Street, Suite 425
White Plains, NY 10606

Abigail Summa
Abigail Summa

Sworn to before me this
18th day of December, 2024

Notary Public

*[Notary stamp: COLLEEN CARLO, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Queens County, 01CA6205079, MY COMMISSION EXPIRES 05/04/2025]*

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 164 of 284 PageID #: 175

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------- x

RAYMOND HILL,

                         Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                     Defendants.

:   Index No. 716752/2024
:
:   **PLAINTIFF'S FIRST SET OF**
:   **INTERROGATORIES AND REQUEST**
:   **FOR PRODUCTION OF**
:   **DOCUMENTS TO DEFENDANT**
:   **NEWELL BRANDS, INC.**

-------------------------------------------------------------------- X

Plaintiff, Raymond Hill by and through his attorneys, Merson Law PLLC, propounds the

following interrogatories to Defendant, Newell Brands, Inc., to be answered under oath within

(30) days of service, and requests that Defendant produce pursuant to CPLR Article 31 such

documents within twenty (20) days of service of same.

## DEFINITIONS

1.    The term "**DOCUMENT(S)**" means any writing as defined in Article 31, and

includes, without limitation, any written, printed, typed, recorded, (including, but not limited to,

information recorded magnetic tape or stored in a computer), copied or other graphic matter or

physical thing, whether draft or final, including each original and non-identical copy, (whether

different from original and notes made on such copy or other ways), and, if the original is not in

existence, the best copy or reproduction thereof, including, but not limited to, files,

correspondence, letters, contracts, pleadings, records, books, papers, telegrams, telephone

messages, memoranda, interoffice communications, notes, mailing lists, diaries, calendars,

application forms, photographs, photographic slides, drawings, sketches, magazine

1

advertisements, periodicals bulletins, circulars, pamphlets, audio-recordings, invoices, receipts, vouchers, videotapes, trust agreements, articles of incorporation, bylaws, prospectus, insurance policy statements of premium, telephone statements, business and/or financial statements, books records, journals, ledgers, inventory lists or other records, passport, visas, customs declaration documents, and other custom duties documents, packing slips and shipping invoices, vouchers and receipts, microfilms, punch cards, computer programs, computer printouts, data processing records, and the written information necessary to understand and use such material, and other tangible or physical objects and writings as defined in  Article 31.

2.      The term "**INCIDENT**" shall mean and refer to the injury to RAYMOND HILL, which occurred on or about October 31, 2021, and which is the subject of this litigation.

3.      The term "**IDENTIFY**" when used in reference to a PERSON, means to set forth the PERSON'S full name, current or last known address(es), telephone number(s), employer, position with employer and area of responsibility.

4.      The term "**IDENTIFY**," when used in reference to an entity that is not an individual, means to set forth the entity's full name, current or last known address(es) and telephone number(s).

5.      The term "**IDENTIFY**," when used in reference to DOCUMENTS means to describe such DOCUMENTS and to state the quantity of such DOCUMENTS.

6.      The term "**IDENTIFY**," when used in reference to an oral COMMUNICATION, means to set forth the date and place of the communication and to IDENTIFY all persons present during or otherwise privy to the communication, and the substance of the communication.

7.      The term "**IDENTIFY**," when used in reference to a written COMMUNICATION, means to set forth the author of the communication, the recipient(s) of the communication, and the date of the communication.

8. The term "**IDENTIFY**" when used in any other context should be given the ordinary meaning of the word.

9. The term "**DESCRIBE**" when used in reference to an event or occurrence, means to set forth the date and place of the event or occurrence and to IDENTIFY all persons present during that event or occurrence (and the precise nature of that event or occurrence). "DESCRIBE" when used in any other context should be given the ordinary meaning of the word.

10. The terms "**PERSON**" or "**PERSONS**" includes a natural person, firm, association, or organization, partnership, business, trust, corporation, or public entity.

11. The terms "**YOU**" and "**YOUR**" means and refers to Defendant P.C. RICHARD & SON, LLC, its owners, managers, shareholders, agents, employees, insurance companies, attorneys, accountants, investigators, occupants of the property and anyone else acting on its behalf.

12. The term "**SUBJECT PRODUCT**" shall mean and refer to the BIONAIRE CERAMIC TOWER HEATER, Model: BCH9212, which is alleged to have caused injury to RAYMOND HILL, seven identifying pictures of which are attached hereto as Exhibit A.

13. The term "**MODEL PRODUCT**" shall mean and refer to exemplars of the BIONAIRE CERAMIC TOWER HEATER, Model: BCH9212, which is alleged to have caused injury to RAYMOND HILL, seven identifying pictures of which are attached hereto as Exhibit A.

14. The term **"COMMUNICATION" or "COMMUNICATIONS"** means the giving, receiving, transmitting, or exchanging of information including, but not limited to, any and all telephone, in-person, and written conversations by or with any person, talk, gestures, or "DOCUMENT(S)" as defined above which memorialize or refer to any "COMMUNICATION(S)" as defined herein.

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 167 of 284 PageID #: 178

15. The term **"ENTITY" or "ENTITIES"** shall mean any non-natural person, including, but not limited to, corporations, partnerships, and companies.

## I.    GENERAL LIABILITY INTERROGATORIES

SECTION I: (APPLICABLE TO ALL DEFENDANTS)

**INTERROGATORY NO. 1:**

State the full name, address, telephone number and position of the corporate officer answering these interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2:**

Please Identify any and all Persons/Entities that designed the SUBJECT PRODUCT and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 3:**

Please Identify any and all Person/Entities that manufactured the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 4:**

Please Identify any and all Person/Entities that distributed the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

**INTERROGATORY NO. 5:**

4

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 168 of 284 PageID #: 179

Please Identify any and all Person/ Entities that sold the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

## INTERROGATORY NO. 6:

Please Identify any and all Persons/entities that marketed or advised the SUBJECT PRODUCT and any and all component parts thereof.

**ANSWER**:

## INTERROGATORY NO. 7:

Please Identify any and all Persons/Entities that prepared any warnings regarding the SUBJECT PRODUCT.

**ANSWER**:

## INTERROGATORY NO. 8:

Please Identify any and all Persons/Entities that prepared any use instructions regarding the SUBJECT PRODUCT.

**ANSWER**:

## INTERROGATORY NO. 9:

Please Identify any and all PERSONS/ENTITIES that prepared and assembly instructions regarding the SUBJECT PRODUCT.

**ANSWER**:

## INTERROGATORY NO. 10:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 169 of 284 PageID #: 180

Please Identify any and all PERSONS/ENTITIES that prepared a Section 15(b) Report to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 11:**

Please Identify any and all PERSONS that prepared a Full report [16 CFR 1115.13 (d)] to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 12:**

Please IDENTIFY any and all PERSONS that prepared any COMMUNICATION to the United States Consumer Product Safety Commission regarding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 13:**

Please IDENTIFY any and all COMMUNICATIONS to the United States Consumer Product Safety Commission in the 10 years prior to December 18, 2023, regarding injuries sustained by people from the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 14:**

Please IDENTIFY any and all COMMUNICATIONS to the United States Consumer Product Safety Commission in the 10 years prior to December 18, 2023, regarding injuries sustained by people from the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 15:**

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 170 of 284 PageID
#: 181

Please IDENTIFY any and all PERSONS/ENTITIES who prepared the test protocols relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 16:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared or generated test reports relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 17:**

Please describe, in detail, any and all manners of testing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 18:**

Please IDENTIFY any and all PERSONS/ENTITIES who conducted testing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 19:**

Please describe YOUR system, if any, to monitor post-sale incidents with regard to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 20:**

Please describe YOUR system, if any, to monitor post-sale injuries with regard to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 21:**

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 171 of 284 PageID #: 182

Please describe any and all injuries occurring as a result of use of the MODEL

PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 22:**

Please IDENTIFY any and all DOCUMENTS describing any and all injuries occurring as

a result of use of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 23:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared the test protocols

relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 24:**

Please IDENTIFY any and all PERSONS/ENTITIES who prepared or generated test

reports relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 25:**

Please IDENTIFY any and all DOCUMENTS related to any and all injuries reported by

consumers regarding the MODEL PRODUCT.

**ANSWER**:

///

///

///

8

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 172 of 284 PageID #: 183

**INTERROGATORY NO. 26:**

Please IDENTIFY any and all DOCUMENTS related to any and all lawsuits brought against YOU for injuries resulting from use of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 27:**

Please IDENTIFY and all DOCUMENTS related to any and all product failures reported by consumers regarding the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 28:**

Please IDENTIFY any and all DOCUMENTS relating to advertising of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 29:**

Please IDENTIFY any and all DOCUMENTS relating to the marketing of the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 30:**

Please IDENTIFY any and all DOCUMENTS evidencing any database of injuries maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

///

///

9

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 173 of 284 PageID #: 184

**INTERROGATORY NO. 31:**

Please IDENTIFY any and all recalls that have occurred relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 32:**

Please IDENTIFY any and all recalls that have occurred relative to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 33:**

Was the SUBJECT PRODUCT ever recalled?

**ANSWER**:

**INTERROGATORY NO. 34:**

If the SUBJECT PRODUCT has ever been recalled, please set forth the date of the recall.

**ANSWER**:

**INTERROGATORY NO. 35:**

If the SUBJECT PRODUCT has ever been recalled, please set forth the reason(s) for the recall.

**ANSWER**:

**INTERROGATORY NO. 36:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all warnings YOU have received from the Consumer Product Safety Commission with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

10

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 174 of 284 PageID #: 185

**INTERROGATORY NO. 37:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all contemplated design modifications with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 38:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all sales data (inclusive of total number of units in the market and profits per state) with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 39:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all design alternatives considered by YOU with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the incident.

**ANSWER**:

**INTERROGATORY NO. 40:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 41:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all modifications to use instructions, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 175 of 284 PageID #: 186

**INTERROGATORY NO. 42:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 43:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all modifications to warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 44:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all product reviews with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**INTERROGATORY NO. 45:**

Please IDENTIFY any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**INTERROGATORY NO. 46:**

Please IDENTIFY any and all DOCUMENTS evidencing any and all quality control (QC) measures relating to the manufacturing process of the SUBJECT PRODUCT.

**ANSWER**:

///

///

///

12

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 176 of 284 PageID #: 187

## II.     REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the packaging of the MODEL PRODUCT and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the Instructions For Use ("IFU"), instruction manuals and user manuals that were supplied with the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS / ESI relating to the design, manufacture, and engineering of the MODEL PRODUCT and any and all component parts thereof, including, but not limited to, the following:

a.     Any differences in the manufacturing processes regarding different generations, models, or versions of the MODEL PRODUCT;

b.     All plans, drawings, diagrams, specifications, and/or standards, including any revisions thereof, applicable to the design of each version of the MODEL PRODUCT;

c.     All DOCUMENTS relating to changes at any time in the design, specifications, manufacture, and procedures for the manufacture of each version of the MODEL PRODUCT, including any changes to its materials, component parts, composition and construction;

13

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 177 of 284 PageID #: 188

d.      All complete engineering drawing packages, engineering drawings, requests for changes, and change notices applicable to each version of the MODEL PRODUCT; and

e.      All engineering reports and/or evaluations of each version of MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS / ESI reflecting and/or relating to YOUR procedures for the identification, documentation, validation, verification, review, and approval of design changes to each version of MODEL PRODUCT and any and all component parts thereof, before their implementation.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS / ESI demonstrating that the SUBJECT PRODUCT and any and all component parts thereof met all specified design requirements.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to Product Briefs, Design Reviews, safety meetings, quality assurance meetings, and/or quality control meetings applicable to the MODEL PRODUCT and any version thereof.

**ANSWER**:

///

///

///

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 178 of 284 PageID #: 189

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the Design History Files applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to all Failure Mode and Effects Analyses (FMEA), Failure Mode Effects and Criticality Analyses (FMECA), Design Failure Mode and Effect Analyses (DFMEA), Failure Mode Effects Summaries, Fault Tree Analysis (FTA) and/or Risk Assessments applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to all Critical-To-Quality (CTQ) Trees, CTQ Items and/or CTQ characteristics applicable to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the packaging of the MODEL PRODUCT and all component parts thereof.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 179 of 284 PageID #: 190

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS / ESI constituting, memorializing and/or pertaining to the design, development, drafting, placement and all revisions to and iterations of the labeling and/or marking of the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all COMMUNICATIONS by and between YOU and the United States Consumer Product Safety Commission ("CPSC") related to the INCIDENT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all COMMUNICATIONS by and between YOU and the United States Consumer Product Safety Commission ("CPSC") in the 10 years prior to October 31, 2021, regarding injuries sustained by people from the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all test protocols relative to the MODEL PRODUCT and any and all component parts thereof.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 180 of 284 PageID #: 191

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all test reports relative to the MODEL COMPUTER and any and all component parts thereof.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing YOUR system, if any, to monitor post-sale injuries with regard to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing YOUR system, if any, to monitor post-sale incidents with regard to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS in YOUR possession, custody or control evidencing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

///

///

17

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 181 of 284 PageID #: 192

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS in YOUR possession, custody or control describing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS describing any and all injuries occurring as a result of use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS related to any and all injuries reported by consumers regarding the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS related to any and all lawsuits brought against YOU for injuries resulting from use of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS related to any and all product failures reported by consumers regarding the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS relating to advertising of the MODEL PRODUCT.

**ANSWER**:

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 182 of 284 PageID #: 193

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS relating to the marketing of the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS evidencing any database of injuries maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS evidencing any database of adverse events maintained by YOU with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS evidencing any and all recalls that have occurred relative to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS evidencing any and all warnings YOU have received from the Consumer Product Safety Commission with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS evidencing any and all contemplated design modifications with regard to or relating to the MODEL PRODUCT.

19

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 183 of 284 PageID #: 194

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS evidencing any and all sales data (inclusive of total number of units in the market and profits per state) with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS evidencing any and all design alternatives considered by YOU with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the incident.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 35**:

Any and all DOCUMENTS evidencing any and all use instructions with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 36**:

Any and all DOCUMENTS evidencing any and all modifications to use instructions, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

20

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 184 of 284 PageID #: 195

**REQUEST FOR PRODUCTION NO. 37**:

Any and all DOCUMENTS evidencing any and all warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 38**:

Any and all DOCUMENTS evidencing any and all modifications to warnings, at any time, with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 39**:

Any and all DOCUMENTS evidencing any and all product reviews with regard to or relating to the MODEL PRODUCT in the ten (10) years preceding the INCIDENT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 40**:

Any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 41**:

Any and all DOCUMENTS evidencing any hazard identification with regard to or relating to the MODEL PRODUCT.

**ANSWER**:

///

///

///

21

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 185 of 284 PageID #: 196

**REQUEST FOR PRODUCTION NO. 42**:

Any and all DOCUMENTS evidencing any and all quality control (QC) measures relating to the manufacturing process of the SUBJECT PRODUCT.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 43**:

An exemplar of the SUBJECT PRODUCT.

**ANSWER**:

DATED: December 18 , 2024, New York, New York

/s/Nathan Werksman

Nathan Werksman
**MERSON LAW PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile: (347) 441-4171

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Brian Panish (To be admitted PHV)
Adam Shea (To be admitted PHV)
**PANISH, SHEA & RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
shea@panish.law

22

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 186 of 284 PageID #: 197

# EXHIBIT A

# EXHIBIT A





FILED: QUEENS COUNTY CLERK 12/18/2024 05:51 PM

NYSCEF DOC. NO. 19

INDEX NO. 714752/2024

RECEIVED NYSCEF: 12/18/2024





**RESET INSTRUCTIONS**

If the heater shuts down and the Power
Light is flashing:
1) Stand the heater upright.
2) Unplug the unit and wait 30 minutes.
3) Plug in and operate normally.
See instruction manual for more detailed
operating instructions.

U.S. Patent No. D674,819



PLAINT COUNTY CLERK 12/18/2024
INDEX NO. 714752/2024
RECEIVED NYSCEF: 12/18/2024





Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 194 of 284 PageID #: 205

## SERVICE LIST

| | |
|---|---|
| JEFFREY M. BURKHOFF, Esq. **CHESNEY, NICHOLAS & BROWER, LLP** 485 Underhill Boulevard Suite 308 Syosset, New York 11791 (516) 378-1700 ext. 225 (516) 378-7633 (Fax) j.burkhoff@chesneynicholas.com e.keady@chesneynicholas.com | Attorneys for Defendant, P.C. RICHARD & SON, LLC |
| Michael D. Shalhoub, Esq. David J. O'Connell, Esq. (To seek PHV) **Goldberg Segalla LLP** 50 Main Street, Suite 425 White Plains, NY 10606 914-798-5471 mshalhoub@goldbergsegalla.com doconnell@goldbergsegalla.com zoliva@goldbergsegalla.com | Attorneys for Defendant, NEWELL BRANDS INC. |
| David R. Shoop (To be admitted PHV) Thomas S. Alch (To be admitted PHV) **SHOOP | A PROFESSIONAL LAW CORPORATION** 9701 Wilshire Blvd., Suite 950 Beverly Hills, CA 90212 Telephone: (310) 620-9533 Facsimile: (310) 620-6330 david.shoop@shooplaw.com thomas.alch@shooplaw.com mariel.vazquez@shooplaw.com | Attorneys for Plaintiff, RAYMOND HILL |
| Brian Panish, Esq. (To be admitted PHV) Adam Shea, Esq. (To be admitted PHV) **PANISH, SHEA & RAVIPUDI, LLP** 11111 Santa Monica Blvd #700, Los Angeles, CA 90025 Telephone: (310) 477-1700 Facsimile: (310) 477-1699 ashea@panish.law gherrera@panish.law | Attorneys for Plaintiff, RAYMOND HILL |

1

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 195 of 284 PageID #: 206

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
      ss:
COUNTY OF NEW YORK)

       I, Abigail Summa, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at Kings County, New York.

       On December 18, 2024, I served the within:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEWELL BRANDS, INC.**

[] SERVICE BY MAIL      by depositing a true copy thereof in a post-paid rapper, in an official depository under the exclusive care and wrapper, in an official depository under the care and custody of the U.S. Postal Service within the New York State, addressed each of the following persons at the last known address set forth after each name:

[] OVERNIGHT      by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of FED EX Mail for overnight delivery, prior to the latest time designated by that service for overnight delivery.

[X] NYSCEF      by uploading a true copy thereof via The New York State ECF System which includes the electronic mail addresses of all documented council of records.

TO:
**CHESNEY, NICHOLAS, & BROWER, LLP**
Attorneys for Defendant
**P.C. RICHARD & SON, LLC**
485 Underhill Boulevard, Suite 308
Syosset, NY 11791

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant
**NEWELL BRANDS, INC.**
50 Main Street, Suite 425
White Plains, NY 10606

_____
Abigail Summa

Sworn to before me this
18th day of December, 2024

_____
Notary Public

COLLEEN CARLO
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in
Queens County
01CA6205079
MY COMMISSION EXPIRES 05/04/2025

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 196 of 284 PageID #: 207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------- x

RAYMOND HILL,                                                       :      Index No. 716752/2024
                                                                   :
                                    Plaintiff,                     :      **NOTICE OF MOTION FOR**
                                                                   :      **ADMISSION PRO HAC VICE OF**
                    -against-                                       :      **ATTORNEY ADAM K. SHEA**
                                                                   :
P.C. RICHARD & SON, LLC; NEWELL BRANDS                             :
INC.; SUNBEAM PRODUCTS, INC., and DOES 1                           :
through 100, inclusive,                                             :
                                                                   :
                                    Defendants.                    :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------- X


| | |
|---|---|
| Moving Party: | Plaintiff |
| Directed to: | Defendants |
| Date, Time & Place: | January 30, 2025 at 9:30 AM at the Queens County Supreme Court, 88-11 Sutphin Blvd, Room 140, Jamaica, NY 11435 |
| Supporting Papers: | Motion to Admit Adam K. Shea, Esq. Pro Hac Vice, Affidavit of Adam K. Shea, Esq. in Support of Motion to Admit Pro Hac Vice, and Proposed Order Admitting Attorney Adam K. Shea, Esq. Pro Hac Vice |
| Answering Papers: | |
| Relief Requested: | (1) An Order Admitting Attorney Adam K. Shea, Esq. Pro Hac Vice for Plaintiff Raymond Hill. |
| Grounds for Relief: | 22 NYCRR § 602.2(a) |

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 197 of 284 PageID #: 208

DATED: December 31, 2024 New York, New York

/s/Nathan Werksman
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

2

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 198 of 284 PageID #: 209

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------- x

RAYMOND HILL,

                              Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                        Defendants.

Index No. 716752/2024

**MOTION FOR ADMISSION PRO HAC VICE OF ATTORNEY ADAM K. SHEA**

---------------------------------------------------------------------- X

## MOTION FOR ADMISSION PRO HAC VICE

Pursuant to the annexed affidavit, the undersigned, a member in good standing of the Bar of the State of New York, hereby moves to grant permission to Attorney, Adam K. Shea, Esq. of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025, to appear *pro hac vice* on behalf of Plaintiff, Raymond Hill ("Mr. Hill"), in this lawsuit and to permit him to participate in all matters, related to this case including any oral proceedings and trials, which arise during the representation of Mr. Hill.

In support of this motion, the undersigned represents that:

Adam K. Shea was admitted to practice law in the State of California, having been a member of good standing since December 13, 1993. His California Bar Number is 136860.

Attorney Adam K. Shea has no grievances pending against him in any Court in which he is admitted to practice. *See Attorney Affidavit* at ¶ 4.

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 199 of 284 PageID #: 210

Attorney Adam K. Shea has never had a complaint filed against him, nor has he ever been reprimanded, suspended, placed in probation, placed on inactive status, disbarred or ever resigned from the practice of law in any Court or jurisdiction. *See Attorney Affidavit*, at ¶¶ 4-7.

Attorney Adam K. Shea agrees to designate Attorney Nathan Werksman, of the law firm of Merson Law, PLLC as his agent upon whom process and service of notice may be served, and agrees that the Supreme Court State of New York, County of Queens, will be the forum for the resolution of any dispute arising out of my admission. *See Attorney Affidavit*, at ¶ 6.

Attorney Adam K. Shea further states that he has reviewed and is familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts. *See Attorney Affidavit*, at ¶ 7.

The applying attorney, Adam K. Shea, is an attorney at the firm of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025, is counsel for Plaintiff, Raymond Hill ("Mr. Hill"), and is familiar with the allegations and facts at issue in this litigation. In the course of his work for Mr. Hill, Attorney Adam K. Shea has acquired specialized skill and knowledge regarding the issues that are likely to be raised in this type of litigation, which skill and knowledge will benefit Mr. Hill in prosecution of this product liability lawsuit. Because of his experience, and the trust placed in him by Mr. Hill, Mr. Shea has been requested by Mr. Hill to personally represent his interests in this action.

Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed that they do not contest or oppose this motion.

An Affidavit signed by the applicant is attached as Exhibit A.

///

///

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 200 of 284 PageID #: 211

WHEREFORE, the undersigned respectfully moves that this Court allow Adam K. Shea

to participate in this litigation involving Mr. Hill *pro hac vice.*

DATED: November 24, 2024 New York, New York

/s/Nathan Werksman
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| RAYMOND HILL,<br><br>               Plaintiff,<br><br>     -against-<br><br>P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive,<br><br>              Defendants. | Index No.: 716752/2024<br><br>**ORDER FOR ADMISSION PRO HAC VICE OF ATTORNEY ADAM K. SHEA** |

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice* admission to Adam K. Shea, Esq., and the Court having reviewed and considered with due deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Adam K. Shea, his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Adam K. Shea, Esq. be admitted to practice in this department pro hac vice, to participate in any and all proceedings relative to the above captioned matter, until such time as the matter has been completely resolved in this Court.

Dated:

                                           _____
                                           Honorable

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 202 of 284 PageID #: 213

# Exhibit A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 203 of 284 PageID #: 214

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------ x

RAYMOND HILL,

                                     Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive

                               Defendants.

------------------------------------------------------------ X

Index No. 716752/2024

**AFFIDAVIT OF ADAM K. SHEA IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, Adam K. Shea, Esq. being duly sworn, do depose and say that:

1.       All of the information set forth in this affidavit is true and based upon my personal knowledge. If called as a witness, I could and would testify competently to the following:

2.       I am an attorney admitted to practice law in the State of California, having been a member in good standing since December 13, 1993. My bar number is 166800.

3.       I am a founding partner of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025. [Telephone (310) 477-1700, facsimile (310) 477-1699; email shea@panish.law].

4.       I have no pending disciplinary complaints or grievances in any State or Court. I have never had a complaint filed against me, nor have I ever been reprimanded, suspended,

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 204 of 284 PageID #: 215

placed on inactive status, placed on probation, disbarred or resigned from the practice of law in any Court or jurisdiction.

5. I have not been denied admission to, been disciplined by, resigned from, surrendered a license to practice before, or withdrawn an application for admission to practice while facing a disciplinary complaint before, this Court or any other court.

6. I agree to designate Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, as my agent upon whom process and service of notice may be served, and agree that the Supreme Court State of New York, County of Queens will be the forum for the resolution of any dispute arising out of my admission.

7. I have reviewed and am familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts.

8. As a result of my long-standing attorney-client relationship with plaintiff Raymond Hill, I am personally familiar with the issues involved in the representation of Mr. Hill in this litigation. This is a product liability case involving a portable heater with allegations of severe bum injuries resulting in an above-the knee leg amputation. I have been litigating product liability cases and bum injury cases for over twenty (20) years. Because of my familiarity with the issues involved in the prosecution of this case, it is Mr. Hill's desire that I participate as his counsel of record in the prosecution of this litigation. Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed with me that they will not contest or oppose this motion.

9. To ensure my familiarity with the Court's rules and procedures, Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, and a member in good standing of the Bar of this Court, will continue to appear and act as attorney of record in this case.

/ / /

/ / /

/ / /

/ / /

2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 205 of 284 PageID #: 216

Accordingly, it is respectfully requested that the application to permit me to appear *pro hac vice* be granted.

Dated: November 26, 2024

Sworn to and subscribed

Before me this 24 day

Of November , 2024

Adam Shea, Esq

MICHAEL THOMAS LIPARLLO
Notary Public - California
Los Angeles County
Commission # 2489882
My Comm. Expires May 12, 2028

Notary Public

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 206 of 284 PageID #: 217

**CALIFORNIA ACKNOWLEDGMENT**                                        CIVIL CODE § 1189

┌─────────────────────────────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document │
│ to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────────────────────────────┘

State of California
County of __Los Angeles_____ }

On __November 26, 2024__ before me, __Michael Liparulo_____.
　　　　　　Date　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared ___Adam Kent Shea_____
　　　　　　　　　　　　　Name(s) of Signer(s)

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

> MICHAEL THOMAS LIPARULO
> Notary Public · California
> Los Angeles County
> Commission # 2489882
> My Comm. Expires May 12, 2028

I certify under PENALTY OF PERJURY under the
laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michael Liparulo_____
　　　　　　Signature of Notary Public

*Place Notary Seal and/or Stamp Above*

──────────────────────── OPTIONAL ────────────────────────

*Completing this information can deter alteration of the document or*
*fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of Adam Shea in Support for Admission Pro Hac Vice_
Document Date: _November 26, 2024_____ Number of Pages: _3_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer – Title(s): _____ | ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General | ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual   ☐ Attorney in Fact | ☐ Individual   ☐ Attorney in Fact |
| ☐ Trustee   ☐ Guardian or Conservator | ☐ Trustee   ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer is Representing: _____ | Signer is Representing: _____ |

©2019 National Notary Association

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 207 of 284 PageID #: 218

# Exhibit B

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 208 of 284 PageID #: 219

# THE STATE BAR OF CALIFORNIA
# CERTIFICATE OF STANDING

November 20, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, ADAM KENT SHEA, #166800 was admitted to the practice of law in this state by the Supreme Court of California on December 13, 1993 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Alex Calderon
Custodian of Records

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 209 of 284 PageID
#: 220

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------------- x

RAYMOND HILL,

                                  Plaintiff,

                    -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                                 Defendants.

Index No. 716752/2024

**NOTICE OF MOTION FOR
ADMISSION PRO HAC VICE OF
ATTORNEY NICHOLAS W. YOKA**

--------------------------------------------------------------------- X

| | |
|---|---|
| Moving Party: | Plaintiff |
| Directed to: | Defendants |
| Date, Time & Place: | January 30, 2025 at 9:30 AM at the Queens County Supreme Court, 88-11 Sutphin Blvd, Room 140, Jamaica, NY 11435 |
| Supporting Papers: | Motion to Admit Nicholas W. Yoka, Esq. Pro Hac Vice, Affidavit of Nicholas W. Yoka, Esq. in Support of Motion to Admit Pro Hac Vice, and Proposed Order Admitting Attorney Nicholas W. Yoka, Esq. Pro Hac Vice |
| Answering Papers: | |
| Relief Requested: | (1) An Order Admitting Attorney Nicholas W. Yoka, Esq. Pro Hac Vice for Plaintiff Raymond Hill. |
| Grounds for Relief: | 22 NYCRR § 602.2(a) |

1

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 210 of 284 PageID #: 221

DATED: December 31, 2024 New York, New York

/s/Nathan Werksman
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 211 of 284 PageID #: 222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------- x

RAYMOND HILL,

                        Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                       Defendants.

: Index No. 716752/2024
:
: **MOTION FOR ADMISSION PRO**
: **HAC VICE OF ATTORNEY**
: **NICHOLAS W. YOKA**

---------------------------------------------------------------------- X

## **MOTION FOR ADMISSION PRO HAC VICE**

Pursuant to the annexed affidavit, the undersigned, a member in good standing of the Bar

of the State of New York, hereby moves to grant permission to Attorney, Nicholas W. Yoka,

Esq. of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles,

California 90025, to appear *pro hac vice* on behalf of Plaintiff, Raymond Hill ("Mr. Hill"), in

this lawsuit and to permit him to participate in all matters, related to this case including any oral

proceedings and trials, which arise during the representation of Mr. Hill.

In support of this motion, the undersigned represents that:

Nicholas W. Yoka was admitted to practice law in the State of California, having been a

member of good standing since May 25, 2017. His California Bar Number is 314906.

Attorney Nicholas W. Yoka has no grievances pending against him in any Court in which

he is admitted to practice. *See Attorney Affidavit* at ¶ 4.

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 212 of 284 PageID #: 223

Attorney Nicholas W. Yoka has never had a complaint filed against him, nor has he ever been reprimanded, suspended, placed in probation, placed on inactive status, disbarred or ever resigned from the practice of law in any Court or jurisdiction. *See Attorney Affidavit*, at ¶¶ 4-7.

Attorney Nicholas W. Yoka agrees to designate Attorney Nathan Werksman, of the law firm of Merson Law, PLLC as his agent upon whom process and service of notice may be served, and agrees that the Supreme Court State of New York, County of Queens, will be the forum for the resolution of any dispute arising out of my admission. *See Attorney Affidavit*, at ¶ 6.

Attorney Nicholas W. Yoka further states that he has reviewed and is familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts. *See Attorney Affidavit*, at ¶ 7.

The applying attorney, Nicholas W. Yoka, is an attorney at the firm of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025, is counsel for Plaintiff, Raymond Hill ("Mr. Hill"), and is familiar with the allegations and facts at issue in this litigation. In the course of his work for Mr. Hill, Attorney Nicholas W. Yoka has acquired specialized skill and knowledge regarding the issues that are likely to be raised in this type of litigation, which skill and knowledge will benefit Mr. Hill in prosecution of this product liability lawsuit. Because of his experience, and the trust placed in him by Mr. Hill, Mr. Casey has been requested by Mr. Hill to personally represent his interests in this action.

Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed that they do not contest or oppose this motion.

An Affidavit signed by the applicant is attached as Exhibit A.

///

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 213 of 284 PageID #: 224

WHEREFORE, the undersigned respectfully moves that this Court allow Nicholas W.

Yoka to participate in this litigation involving Mr. Hill *pro hac vice.*

DATED: November 26, 2024 New York, New York

/s/Nathan Werksman
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW
CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

|  |  |
|---|---|
| RAYMOND HILL,<br><br>        Plaintiff,<br><br>    -against-<br><br>P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.; SUNBEAM PRODUCTS, INC., and DOES 1 through 100, inclusive,<br><br>        Defendants. | Index No.: 716752/2024<br><br>**ORDER FOR ADMISSION PRO HAC VICE OF ATTORNEY NICHOLAS W. YOKA** |

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice* admission to Nicholas W. Yoka, Esq., and the Court having reviewed and considered with due deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Nicholas W. Yoka, his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Nicholas W. Yoka, Esq. be admitted to practice in this department pro hac vice, to participate in any and all proceedings relative to the above captioned matter, until such time as the matter has been completely resolved in this Court.

Dated: _____

                                            _____
                                            Honorable

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 215 of 284 PageID #: 226

# Exhibit A

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 215 of 284 PageID #: 226

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 216 of 284 PageID #: 227

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------ x

RAYMOND HILL,

                                   Plaintiff,

                  -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                              Defendants.

------------------------------------------------------------------ X

Index No. 716752/2024

**AFFIDAVIT OF NICHOLAS W. YOKA IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE***

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, Nicholas W. Yoka, Esq. being duly sworn, do depose and say that:

1.      All of the information set forth in this affidavit is true and based upon my personal knowledge. If called as a witness, I could and would testify competently to the following:

2.      I am an attorney admitted to practice law in the State of California, having been a member in good standing since May 25, 2017. My bar number is 314906.

3.      I am an associate of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025. [Telephone (310) 477-1700, facsimile (310) 477-1699; email  nyoka@panish.law].

4.      I have no pending disciplinary complaints or grievances in any State or Court. I have never had a complaint filed against me, nor have I ever been reprimanded, suspended,

1

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 217 of 284 PageID #: 228

placed on inactive status, placed on probation, disbarred or resigned from the practice of law in any Court or jurisdiction.

5.      I have not been denied admission to, been disciplined by, resigned from, surrendered a license to practice before, or withdrawn an application for admission to practice while facing a disciplinary complaint before, this Court or any other court.

6.      I agree to designate Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, as my agent upon whom process and service of notice may be served, and agree that the Supreme Court State of New York, County of Queens will be the forum for the resolution of any dispute arising out of my admission.

7.      I have reviewed and am familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts.

8.      As a result of my long-standing attorney-client relationship with plaintiff Raymond Hill, I am personally familiar with the issues involved in the representation of Mr. Hill in this litigation. This is a product liability case involving a portable heater with allegations of severe bum injuries resulting in an above-the knee leg amputation. I have been litigating product liability cases and bum injury cases for over twenty (20) years. Because of my familiarity with the issues involved in the prosecution of this case, it is Mr. Hill's desire that I participate as his counsel of record in the prosecution of this litigation. Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed with me that they will not contest or oppose this motion.

9.      To ensure my familiarity with the Court's rules and procedures, Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, and a member in good standing of the Bar of this Court, will continue to appear and act as attorney of record in this case.

/ / /

/ / /

/ / /

/ / /

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 218 of 284 PageID #: 229

Accordingly, it is respectfully requested that the application to permit me to appear *pro hac vice* be granted.

Dated: November 26, 2024

Sworn to and subscribed

Before me this 2b day

Of *November*, 2024

Nicholas W. Yoka, Esq

MICHAEL THOMAS LIPARULO
Notary Public - California
Los Angeles County
Commission # 2489882
My Comm. Expires May 12, 2028

Notary Public

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 219 of 284 PageID #: 230

**CALIFORNIA ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ }

On _November 26, 2024_ before me, _Michael Liparulo_ ,
    Date                                Here Insert Name and Title of the Officer

personally appeared _Nicholas Yoka_
                                     Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

MICHAEL THOMAS LIPARLLO
Notary Public · California
Los Angeles County
Commission # 2489882
My Comm. Expires May 12, 2028

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michael Liparulo_

Place Notary Seal and/or Stamp Above             Signature of Notary Public

———————————— OPTIONAL ————————————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Affidavit of Nicholas Yoka in Support of Motion for Admission by Hac Vice_

Document Date: _November 26, 2024_      Number of Pages: _3_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____     Signer's Name: _____
☐ Corporate Officer – Title(s): _____    ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General     ☐ Partner – ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact    ☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator    ☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____     ☐ Other: _____
Signer is Representing: _____    Signer is Representing: _____

©2019 National Notary Association

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 220 of 284 PageID #: 231

# Exhibit B

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 221 of 284 PageID #: 232

# THE STATE BAR OF CALIFORNIA
## CERTIFICATE OF STANDING

November 20, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, NICHOLAS WALTER YOKA, #314906 was admitted to the practice of law in this state by the Supreme Court of California on May 25, 2017 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Alex Calderon
Custodian of Records

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 222 of 284 PageID #: 233

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------- x

RAYMOND HILL,                                                       :    Index No. 716752/2024
                                                                   :
                                          Plaintiff,               :    **NOTICE OF MOTION FOR**
                                                                   :    **ADMISSION PRO HAC VICE OF**
                          -against-                                 :    **ATTORNEY RYAN A. CASEY**
                                                                   :
P.C. RICHARD & SON, LLC; NEWELL BRANDS                             :
INC.; SUNBEAM PRODUCTS, INC., and DOES 1                           :
through 100, inclusive,                                            :
                                                                   :
                                          Defendants.              :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------- X


| | |
|---|---|
| Moving Party: | Plaintiff |
| Directed to: | Defendants |
| Date, Time & Place: | January 30, 2025 at 9:30 AM at the Queens County Supreme Court, 88-11 Sutphin Blvd, Room 140, Jamaica, NY 11435 |
| Supporting Papers: | Motion to Admit Ryan A. Casey, Esq. Pro Hac Vice, Affidavit of Ryan A. Casey, Esq. in Support of Motion to Admit Pro Hac Vice, and Proposed Order Admitting Attorney Ryan A. Casey, Esq. Pro Hac Vice |
| Answering Papers: | |
| Relief Requested: | (1) An Order Admitting Attorney Ryan A. Casey, Esq. Pro Hac Vice for Plaintiff Raymond Hill. |
| Grounds for Relief: | 22 NYCRR § 602.2(a) |

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 223 of 284 PageID #: 234

DATED: December 31, 2024 New York, New York

/s/Nathan Werksman
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 224 of 284 PageID #: 235

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------ x

RAYMOND HILL,                                    :    Index No. 716752/2024
                                                 :
                              Plaintiff,         :    **MOTION FOR ADMISSION PRO**
                                                 :    **HAC VICE OF ATTORNEY RYAN**
                      -against-                   :    **A. CASEY**
                                                 :
P.C. RICHARD & SON, LLC; NEWELL BRANDS           :
INC.; SUNBEAM PRODUCTS, INC., and DOES 1         :
through 100, inclusive,                          :
                                                 :
                              Defendants.        :
                                                 :
                                                 :
                                                 :
                                                 :
------------------------------------------------------------------ X

### <u>MOTION FOR ADMISSION PRO HAC VICE</u>

Pursuant to the annexed affidavit, the undersigned, a member in good standing of the Bar

of the State of New York, hereby moves to grant permission to Attorney, Ryan A. Casey, Esq. of

Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles,

California 90025, to appear *pro hac vice* on behalf of Plaintiff, Raymond Hill ("Mr. Hill"), in

this lawsuit and to permit him to participate in all matters, related to this case including any oral

proceedings and trials, which arise during the representation of Mr. Hill.

In support of this motion, the undersigned represents that:

Ryan A. Casey was admitted to practice law in the State of California, having been a

member of good standing since December 1, 2010.  His California Bar Number is 271865.

Ryan A. Casey was admitted to practice law in the State of Nevada, having been a

member of good standing since October 7, 2022.  His Nevada Bar Number is 16211.

Ryan A. Casey was admitted to practice law in the State of Arizona, having been a

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 225 of 284 PageID #: 236

member of good standing since March 8, 2019. His Arizona Bar Number is 035083.

Attorney Ryan A. Casey has no grievances pending against him in any Court in which he is admitted to practice. *See Attorney Affidavit* at ¶ 6.

Attorney Ryan A. Casey has never had a complaint filed against him, nor has he ever been reprimanded, suspended, placed in probation, placed on inactive status, disbarred or ever resigned from the practice of law in any Court or jurisdiction. *See Attorney Affidavit*, at ¶¶ 6-7.

Attorney Ryan A. Casey agrees to designate Attorney Nathan Werksman, of the law firm of Merson Law, PLLC as his agent upon whom process and service of notice may be served, and agrees that the Supreme Court State of New York, County of Queens, will be the forum for the resolution of any dispute arising out of my admission. *See Attorney Affidavit*, at ¶ 8.

Attorney Ryan A. Casey further states that he has reviewed and is familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts. *See Attorney Affidavit*, at ¶ 9.

The applying attorney, Ryan A. Casey, is an attorney at the firm of Panish Shea Ravipudi, LLP, 11111 Santa Monica Boulevard, Suite 700, Los Angeles, California 90025, is counsel for Plaintiff, Raymond Hill ("Mr. Hill"), and is familiar with the allegations and facts at issue in this litigation. In the course of his work for Mr. Hill, Attorney Ryan A. Casey has acquired specialized skill and knowledge regarding the issues that are likely to be raised in this type of litigation, which skill and knowledge will benefit Mr. Hill in prosecution of this product liability lawsuit. Because of his experience, and the trust placed in him by Mr. Hill, Mr. Casey has been requested by Mr. Hill to personally represent his interests in this action.

Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed that they do not contest or oppose this motion.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 226 of 284 PageID #: 237

An Affidavit signed by the applicant is attached as Exhibit A.

WHEREFORE, the undersigned respectfully moves that this Court allow Ryan A. Casey

to participate in this litigation involving Mr. Hill *pro hac vice.*

DATED: November 26, 2024 New York, New York

/s/Nathan Werksman___
Nathan Werksman
**MERSON LAW, PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Telephone: (212) 603-9100
Facsimile:  (347) 441-4171
Nwerksman@mersonlaw.com

Adam K. Shea (To be admitted PHV)
Ryan A. Casey (To be admitted PHV)
Nicholas W. Yoka (To be admitted PHV)
**PANISH SHEA RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
shea@panish.law
rcasey@panish.law
nyoka@panish.law

David R. Shoop (To be admitted PHV)
Thomas S. Alch (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

RAYMOND HILL,

                Plaintiff,

-against-

P.C. RICHARD & SON, LLC; NEWELL
BRANDS INC.; SUNBEAM PRODUCTS,
INC., and DOES 1 through 100, inclusive,

                Defendants.

Index No.: 716752/2024

**ORDER FOR ADMISSION PRO
HAC VICE OF ATTORNEY RYAN
A. CASEY**

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice* admission to Ryan A. Casey, Esq., and the Court having reviewed and considered with due deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Ryan A. Casey, his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Ryan A. Casey, Esq. be admitted to practice in this department pro hac vice, to participate in any and all proceedings relative to the above captioned matter, until such time as the matter has been completely resolved in this Court.

Dated:                                         _____

                                        Honorable

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 228 of 284 PageID #: 239

# Exhibit A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 229 of 284 PageID #: 240

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------- X

RAYMOND HILL,

                         Plaintiff,

            -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                    Defendants.

-------------------------------------------------------------- X

Index No. 716752/2024

**AFFIDAVIT OF RYAN A. CASEY
IN SUPPORT OF MOTION FOR
ADMISSION *PRO HAC VICE***

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, Ryan A. Casey, Esq. being duly sworn, do depose and say that:

1.     All of the information set forth in this affidavit is true and based upon my personal knowledge. If called as a witness, I could and would testify competently to the following:

2.     I am an attorney admitted to practice law in the State of California, having been a member in good standing since December 1, 2010. My bar number is 271865.

3.     I am also admitted to practice law in the State of Nevada, having been a member in good standing since October 7, 2022. My bar number is 16211.

4.     I am also admitted to practice law in the State of Arizona, having been a member in good standing since March 8, 2019. My bar number is 035083.

5.     I am an associate of Panish Shea Ravipudi, LLP, 11111 Santa Monica

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 230 of 284 PageID #: 241

Boulevard, Suite 700, Los Angeles, California 90025. [Telephone (310) 477-1700, facsimile (310) 477-1699; email rcasey@panish.law].

6. I have no pending disciplinary complaints or grievances in any State or Court. I have never had a complaint filed against me, nor have I ever been reprimanded, suspended, placed on inactive status, placed on probation, disbarred or resigned from the practice of law in any Court or jurisdiction.

7. I have not been denied admission to, been disciplined by, resigned from, surrendered a license to practice before, or withdrawn an application for admission to practice while facing a disciplinary complaint before, this Court or any other court.

8. I agree to designate Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, as my agent upon whom process and service of notice may be served, and agree that the Supreme Court State of New York, County of Queens will be the forum for the resolution of any dispute arising out of my admission.

9. I have reviewed and am familiar with this Part's Rules, the New York Civil Practice Law and Rules, as well as the Uniform Rules for New York State Trial Courts.

10. As a result of my long-standing attorney-client relationship with plaintiff Raymond Hill, I am personally familiar with the issues involved in the representation of Mr. Hill in this litigation. This is a product liability case involving a portable heater with allegations of severe bum injuries resulting in an above-the knee leg amputation. I have been litigating product liability cases and bum injury cases for over twenty (20) years. Because of my familiarity with the issues involved in the prosecution of this case, it is Mr. Hill's desire that I participate as his counsel of record in the prosecution of this litigation. Michael D. Shalhoub, Esq., and Jeffrey M. Burkhoff, Esq., counsel for the Defendants, have both confirmed with me that they will not contest or oppose this motion.

11. To ensure my familiarity with the Court's rules and procedures, Attorney Nathan Werksman, Esq., of the law firm of Merson Law, PLLC, and a member in good standing of the Bar of this Court, will continue to appear and act as attorney of record in this case.

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 231 of 284 PageID #: 242

Accordingly, it is respectfully requested that the application to permit me to appear *pro hac vice* be granted.

Dated: November 26, 2024

Sworn to and subscribed

Before me this 24th day

Of November , 2024

Ryan A. Casey, Esq

Michael Liparulo

Notary Public

MICHAEL THOMAS LIPARULO
Notary Public - California
Los Angeles County
Commission # 2489882
My Comm. Expires May 12, 2028

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 232 of 284 PageID #: 243

**CALIFORNIA ACKNOWLEDGMENT**                                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ }

On _November 26, 2024_ before me, _Michael Liparulo_ ,
          Date                                    Here Insert Name and Title of the Officer

personally appeared _Ryan Casey_

_____
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

MICHAEL THOMAS LIPARULO
Notary Public - California
Los Angeles County
Commission # 2489882
My Comm. Expires May 12, 2028

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michael Liparulo_

_Place Notary Seal and/or Stamp Above_                    _Signature of Notary Public_

———————————————— OPTIONAL ————————————————
*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Affidavit of Ryan Casey in Support of Motion for Admission Pro the_

Document Date: _November 26, 2024_                    Number of Pages: _3_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____
☐ Corporate Officer – Title(s): _____          ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General                    ☐ Partner – ☐ Limited ☐ General
☐ Individual        ☐ Attorney in Fact              ☐ Individual        ☐ Attorney in Fact
☐ Trustee           ☐ Guardian or Conservator       ☐ Trustee           ☐ Guardian or Conservator
☐ Other: _____                  ☐ Other: _____
Signer is Representing: _____            Signer is Representing: _____

©2019 National Notary Association

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 233 of 284 PageID #: 244

# Exhibit B

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 234 of 284 PageID #: 245

# THE STATE BAR OF CALIFORNIA
## CERTIFICATE OF STANDING

November 20, 2024

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, RYAN ABRAM CASEY, #271865 was admitted to the practice of law in this state by the Supreme Court of California on December 1, 2010 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Alex Calderon
Custodian of Records

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 235 of 284 PageID #: 246

# CERTIFICATE OF GOOD STANDING
## ISSUED BY THE DISCIPLINARY CLERK
## FOR AND ON BEHALF OF
## THE SUPREME COURT OF ARIZONA

The Disciplinary Clerk, pursuant to Rule 74, Rules of the Supreme Court of Arizona, hereby certifies that according to the records of the State Bar, **RYAN ABRAM CASEY**, was duly admitted to practice as an attorney and counselor at law in all courts of Arizona by the Supreme Court of Arizona on March 8, 2019 and is now, as of the date of this Certificate, an active member of the State Bar of Arizona in good standing.



Given under the seal of the Disciplinary Clerk of the Supreme Court of Arizona this  11-22-2024

*Kristina Tuba*

Kristina Tuba
Associate Disciplinary Clerk

COGS1231A6E68774

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 236 of 284 PageID #: 247

# STATE BAR OF NEVADA

## CERTIFICATE OF STANDING

**Issue Date:** 11/11/2024

**Attorney Name:** Ryan Abram Casey

**Neveda Bar Number:** 16211

**License Type:** ATTORNEY

**License Status:** Active

**Admit/Certification Date:** 10/7/2022

3100 W. Charleston Blvd.
Suite 100
Las Vegas, NV 89102
phone 702.382.2200
toll free 800.254.2797
fax 702.382.2075

9456 Double R Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100
fax 775.329.0522

www.nvbar.org

To Whom It May Concern:

 The State Bar of Nevada records indicate that the attorney named above was admitted or certified to practice in the State of Nevada and is in good standing as of the issue date.

 If the attorney's License Type is **NMATTORNEY** (non-member attorney), they were certified to practice pursuant to Nevada Supreme Court Rule 49.1 'Limited practice certification for certain attorneys'. Refer to License Status for the subsection.

This certification expires 30 days from the issue date unless sooner revoked or rendered invalid by operation of rule or law.

Questions may be directed to  memberservices@nvbar.org.

Mary Jorgensen
Member Services Director

No.2024 -10579089

verify by email at memberservices@nvbar.org

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 236 of 284 PageID #: 247

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 237 of 284 PageID #: 248

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

RAYMOND HILL,

                    Plaintiff,

        -against-

P.C. RICHARD & SON, LLC; NEWELL
BRANDS INC.; SUNBEAM PRODUCTS,
INC., and DOES 1 through 100, inclusive,

                    Defendants.

Index No.: 716752/2024

**ORDER FOR ADMISSION PRO
HAC VICE OF ATTORNEY ADAM
K. SHEA**

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice* admission to Adam K. Shea, Esq., and the Court having reviewed and considered with due deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Adam K. Shea, his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Adam K. Shea, Esq. be admitted to practice in this department pro hac vice, to participate in any and all proceedings relative to the above captioned matter, until such time as the matter has been completely resolved in this Court.

Dated: February 21, 2025

Honorable HON. PETER J. KELLY

FILED J.W.
2/21/2025
COUNTY CLERK
QUEENS COUNTY

1 of 1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 238 of 284 PageID #: 249

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------- x

RAYMOND HILL,
                                 Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                            Defendants.

---------------------------------------------------------------- X

: Index No. 716752/2024
:
: **ORDER FOR ADMISSION PRO HAC**
: **VICE OF ATTORNEY DAVID R.**
: **SHOOP**

> FILED J.W.
> 2/21/2025
> COUNTY CLERK
> QUEENS COUNTY

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice* admission to David R. Shoop, Esq., and the Court having reviewed and considered with due deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Alch, his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that David R. Shoop, Esq. be admitted to practice in this department pro hac vice, to participate in any and all proceedings relative to the above captioned matter, until such time as the matter has been completely resolved in this Court.

Dated: February 21, 2025

                                             Honorable _____
                                                 HON. PETER J. KELLY

1

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 239 of 284 PageID #: 250

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------- x

RAYMOND HILL,  :   Index No. 716752/2024
 :
                              Plaintiff,  :   **ORDER FOR ADMISSION PRO HAC**
 :   **VICE OF ATTORNEY THOMAS S.**
           -against-  :   **ALCH**
 :
P.C. RICHARD & SON, LLC; NEWELL BRANDS  :
INC.; SUNBEAM PRODUCTS, INC., and DOES 1  :
through 100, inclusive  :
 :
                              Defendants.  :
 :
 :
 :
------------------------------------------------------------------- X

> FILED J.W.
> 2/21/2025
> COUNTY CLERK
> QUEENS COUNTY

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney

for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice*

admission to Thomas S. Alch, Esq., and the Court having reviewed and considered with due

deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Alch, his affidavit

and Certificate of Good Standing, it is hereby:

ORDERED, that Thomas S. Alch, Esq. be admitted to practice in this department pro hac

vice, to participate in any and all proceedings relative to the above captioned matter, until such

time as the matter has been completely resolved in this Court.

Dated: February 21, 2025

_____
Honorable

HON. PETER J. KELLY

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 240 of 284 PageID #: 251

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

RAYMOND HILL,

                    Plaintiff,

        -against-

P.C. RICHARD & SON, LLC; NEWELL
BRANDS INC.; SUNBEAM PRODUCTS,
INC., and DOES 1 through 100, inclusive,

                    Defendants.

Index No.: 716752/2024

**ORDER FOR ADMISSION PRO
HAC VICE OF ATTORNEY
NICHOLAS W. YOKA**

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney

for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice*

admission to Nicholas W. Yoka, Esq., and the Court having reviewed and considered with due

deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Nicholas W. Yoka,

his affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Nicholas W. Yoka, Esq. be admitted to practice in this department pro

hac vice, to participate in any and all proceedings relative to the above captioned matter, until

such time as the matter has been completely resolved in this Court.

Dated: February 21, 2025

_____
Honorable
HON. PETER J. KELLY

FILED J.W.
2/24/2025
COUNTY CLERK
QUEENS COUNTY

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 241 of 284 PageID #: 252

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

RAYMOND HILL,

Plaintiff,

-against-

P.C. RICHARD & SON, LLC; NEWELL
BRANDS INC.; SUNBEAM PRODUCTS,
INC., and DOES 1 through 100, inclusive,

Defendants.

---

Index No.: 716752/2024

**ORDER FOR ADMISSION PRO
HAC VICE OF ATTORNEY RYAN
A. CASEY**

FILED J.W.
2/24/2025
COUNTY CLERK
QUEENS COUNTY

THIS MATTER having been presented to the Court by Nathan Werksman, Esq., attorney

for Petitioner, upon motion for an Order pursuant to 22 NYCRR § 602.2(a) granting *pro hac vice*

admission to Ryan A. Casey, Esq., and the Court having reviewed and considered with due

deliberation the Notice of Motion for Admission *Pro Hac Vice* of Attorney Ryan A. Casey, his

affidavit and Certificate of Good Standing, it is hereby:

ORDERED, that Ryan A. Casey, Esq. be admitted to practice in this department pro hac

vice, to participate in any and all proceedings relative to the above captioned matter, until such

time as the matter has been completely resolved in this Court.

Dated: February 21, 2025

Honorable HON. PETER J. KELLY

1 of 1

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 242 of 284 PageID #: 253

NEW YORK SUPREME COURT: QUEENS COUNTY

Present: HON. PETER J. KELLY                                    IAS Part 2

-----------------------------------------------------------------------X

RAYMOND HILL,                                                   Index
                                                               Number 716752/2024
                                          Plaintiff,

-against-

                                                               Motion Seq. No. 1
P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,                                         **FILED**
                                                               2/24/2025
                                          Defendants.          COUNTY CLERK
-----------------------------------------------------------------------X          QUEENS COUNTY

     The following electronically filed (EF) papers were read on this motion by plaintiff for an Order:

                                              Papers
                                              Numbered
     Notice of Motion - Proposed Order - Exhibits.............................EF4 to EF8

     Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:

     Attorneys for plaintiff seek to have Thomas S. Alch, an attorney in good standing of the bar of the State of California admitted *pro hac vice* pursuant to 22 NYCRR §520.11(a)(1). Mr. Alch has demonstrated compliance with 22 NYCRR §520.11(a)(1), (c) and (e) and no opposition has been filed to this application.

     Accordingly, the motion is granted.

     Order has been signed simultaneously herewith.

Dated: February 21, 2025

                                          _____
                                      Hon. Peter J. Kelly, J.S.C.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 243 of 284 PageID #: 254

NEW YORK SUPREME COURT: QUEENS COUNTY

Present: HON. PETER J. KELLY                                      IAS Part 2

-------------------------------------------------------------------X

RAYMOND HILL,                                                    Index
                                                                Number 716752/2024
                                    Plaintiff,

-against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS                           Motion Seq. No. 2
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                                                                **FILED**
                                                                2/24/2025
                                    Defendants.                 COUNTY CLERK
                                                                QUEENS COUNTY
-------------------------------------------------------------------X

        The following electronically filed (EF) papers were read on this motion by plaintiff for an Order:

                                                                     Papers
                                                                     Numbered
        Notice of Motion - Proposed Order - Exhibits............................EF10 to EF13

        Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:

        Attorneys for plaintiff seek to have David R. Shoop, an attorney in good standing of the bar of the State of California admitted *pro hac vice* pursuant to 22 NYCRR §520.11(a)(1). Mr. Shoop has demonstrated compliance with 22 NYCRR §520.11(a)(1), (c) and (e) and no opposition has been filed to this application.

        Accordingly, the motion is granted.

        Order has been signed simultaneously herewith.

Dated: February 21, 2025

                                                    _____
                                                    Hon. Peter J. Kelly, J.S.C.

1 of 1

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 244 of 284 PageID #: 255

NEW YORK SUPREME COURT: QUEENS COUNTY

Present: HON. PETER J. KELLY                                IAS Part 2
-------------------------------------------------------------------X
RAYMOND HILL,                                              Index
                                                          Number 716752/2024
                                        Plaintiff,

-against-
                                                          Motion Seq. No. 3
P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                                        Defendants.
-------------------------------------------------------------------X

    The following electronically filed (EF) papers were read on this motion by plaintiff for an Order:

|  | Papers Numbered |
|---|---|
| Notice of Motion - Proposed Order - Exhibits | EF20 to EF24 |

    Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:

    Attorneys for plaintiff seek to have Adam K. Shea, an attorney in good standing of the bar of the State of California admitted *pro hac vice* pursuant to 22 NYCRR §520.11(a)(1). Mr. Shea has demonstrated compliance with 22 NYCRR §520.11(a)(1), (c) and (e) and no opposition has been filed to this application.

    Accordingly, the motion is granted.

    Order has been signed simultaneously herewith.

Dated: February 21, 2025

                        Hon. Peter J. Kelly, J.S.C.

**FILED**
2/24/2025
COUNTY CLERK
QUEENS COUNTY

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 245 of 284 PageID
#: 256

NEW YORK SUPREME COURT: QUEENS COUNTY

Present: HON. PETER J. KELLY                              IAS Part 2
-------------------------------------------------------------------X
RAYMOND HILL,                                            Index
                                                        Number 716752/2024
                                    Plaintiff,

-against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS                  Motion Seq. No. 5
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                                                        **FILED**
                                                        2/25/2025
                                    Defendants.         COUNTY CLERK
-------------------------------------------------------------------X   QUEENS COUNTY

        The following electronically filed (EF) papers were read on this motion by
plaintiff for an Order:

                                                                  Papers
                                                                  Numbered
        Notice of Motion - Proposed Order - Exhibits.............................EF30 to EF34

        Upon the foregoing papers, it is ordered that this unopposed motion is
determined as follows:

        Attorneys for plaintiff seek to have Ryan A. Casey, an attorney in good standing
of the bar of the State of California admitted *pro hac vice* pursuant to 22 NYCRR
§520.11(a)(1). Mr. Casey has demonstrated compliance with 22 NYCRR
§520.11(a)(1), (c) and (e) and no opposition has been filed to this application.

        Accordingly, the motion is granted.

        Order has been signed simultaneously herewith.

Dated: February 21, 2025

                                        _____
                                        Hon. Peter J. Kelly, J.S.C.

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 246 of 284 PageID #: 257

NEW YORK SUPREME COURT: QUEENS COUNTY

Present: HON. PETER J. KELLY                                          IAS Part 2

---------------------------------------------------------------------------X

RAYMOND HILL,                                                        Index
                                                                    Number 716752/2024
                                        Plaintiff,

-against-
                                                                    Motion Seq. No. 4

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive,

                                        Defendants.

---------------------------------------------------------------------------X

**FILED**
**2/25/2025**
**COUNTY CLERK**
**QUEENS COUNTY**

The following electronically filed (EF) papers were read on this motion by plaintiff for an Order:

|  | Papers Numbered |
|---|---|
| Notice of Motion - Proposed Order - Exhibits | EF25 to EF29 |

Upon the foregoing papers, it is ordered that this unopposed motion is determined as follows:

Attorneys for plaintiff seek to have Nicholas W. Yoka, an attorney in good standing of the bar of the State of California admitted *pro hac vice* pursuant to 22 NYCRR §520.11(a)(1). Mr. Yoka has demonstrated compliance with 22 NYCRR §520.11(a)(1), (c) and (e) and no opposition has been filed to this application.

Accordingly, the motion is granted.

Order has been signed simultaneously herewith.

Dated: February 21, 2025

                                        _____
                                        Hon. Peter J. Kelly, J.S.C.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 247 of 284 PageID #: 258

PC  04/28/2025

CC  07/28/2025

# SUPREME COURT OF THE STATE OF NEW YORK
## QUEENS COUNTY – CIVIL TERM
## PRELIMINARY CONFERENCE PART

PRESENT: HON. MOJGAN C. LANCMAN
-----------------------------------------------------------------x

HILL, RAYMOND

            Plaintiff(s),

    - against -

P.C. RICHARD & SON, LLC et al

            Defendant(s).

-----------------------------------------------------------------x

**Preliminary Conference Order**

Index Number: 716752/2024

Date RJI Filed: 09/18/2024

A request for a Preliminary Conference having been filed, or the Court having acted on its own initiative pursuant to 22 NYCRR §202.12(j), it is hereby:

**ORDERED** that disclosure shall proceed as follows:

(1) **Insurance Coverage**:

(a) If not yet done, defendant(s); shall disclose in writing the existence and contents of any insurance agreement, including umbrella or excess coverage, as described in CPLR §3101(f) within 45 days of this Order;

(b) Plaintiff shall disclose any Uninsured Motorist/Supplemental Uninsured Motorist coverage within 45 days of this Order.

(2) **Bill of Particulars/Interrogatories:**

(a) If not already served, a demand for a Bill of Particulars or Interrogatories shall be served by defendant(s) on or before [ 05/19/2025 ].

(b) A Bill of Particulars or Interrogatories shall be served on or before [ 06/09/2025 ].

(c) If an affirmative defense or counterclaim is asserted, a Demand for a Bill of Particulars or Interrogatories shall be served by plaintiff on [ 05/19/2025 ]. A response to such demand shall be served on [ 06/09/2025 ].

(3) **Medical Report(s), Record(s) and Authorization(s):** On or before **sixty (60)** days from the date hereof, a duly executed written authorization(s) shall be furnished by plaintiff, if applicable, for the following:

(a) Physician, and/or hospital, pharmacy and/or autopsy records;

(b) Employment and/or attendance records for the period two years prior to and one year after the date of the occurrence/accident;

(c) No-fault file;

(d) Diagnostic tests and films;

(e) Collateral source authorizations / workers comp records;

(f) W2 and/or tax return records for self-employed individuals (if there is a loss of wages claim) for the period of two years prior to and one year after the date of the occurrence/accident.

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 248 of 284 PageID #: 259

(4) **Physical Examinations:**

      (a) Examination(s) of plaintiff shall be noticed within twenty days of the completion of the Plaintiff's deposition and held within sixty days of the service of the notice.

      (b) Pursuant to 22 NYCRR §202.17(b), at least **twenty (20)** days before such examination, plaintiff shall serve upon all other parties copies of the medical reports of those physicians who have previously treated or examined him/her.

      (c) A copy of the examining physician's report shall be furnished to all parties within **forty-five (45)** days of the examination.

(5) **Depositions**:

      (a) Examinations before trial for all parties/non-parties shall be conducted remotely at a mutually convenient time, or, if so agreed by the parties, in person at a mutually agreed location and time, within Ninety **(90)** days of this order. The parties shall produce all relevant books, papers, records, and other material for use at the deposition. The parties shall designate, in writing, at least ten (10) days prior to the examination before trial, any specific material which is necessary for use at the deposition.

      (b) Unless otherwise directed prior to the examinations before trial, attorneys seeking rulings on objections or making application for any other relief pertaining to the depositions shall virtually communicate with the Individual Assigned Justice for a determination.

      (c) Once begun, a deposition shall continue until completed and shall not be adjourned without further order of the Court.

      (d) The transcript of an examination before trial shall be delivered to the party deposed within thirty (30) days of the deposition, and shall be returned, duly executed, pursuant to CPLR § 3116.

      (e) Subpoenas for the examination before trial of any non-party witness shall be served no later than **45 days** after the completion of party depositions, provided such witness is known by completion of party depositions, and if not known at that time, within **45 days** of first disclosure or identification of such witness or within the discretion of the Court.

      (f) Defendant's right to a further deposition of plaintiff is reserved as to any new injuries or damages claimed in any supplemental Bill of Particulars served by plaintiff following the plaintiff's deposition.

      (g) **Any deposition which is not held as scheduled in this Order must be promptly rescheduled for a date which is not later than 30 days after the original date. Only one such adjournment is permitted without further Court approval.**

(6) **Other Disclosure**:

      (a) Within **ninety (90)** days from the date hereof, all parties shall exchange names and addresses of all witnesses, and shall exchange statements of opposing parties and photographs, or, if none, shall provide an affirmation to that effect.

      (b) All parties shall exchange information relating to expert witnesses in compliance with CPLR §3101(d)(i).

      (c) Medicare Liens: If plaintiff is a medicare recipient or eligible, plaintiff shall, within **ninety (90)** days, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare, evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

      (d) Additional Disclosure Issues: the parties shall produce the following within **forty-five (45)** days, if applicable:

         (1) Maintenance and repair records for (2) two years prior to and including the date of the occurrence.

         (2) Contracts and all related contract documents (i.e. Progress Reports) for two years prior to and including the date of the occurrence.

      (e) Demands for documents shall be served within **30 days** and shall be responded to within **30 days** from service.

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 249 of 284 PageID #: 260

(7) **Impleader**: All third-party actions shall be commenced within **sixty (60)** days of the last deposition. Joinder of a third-party action beyond this date without leave of Court may result in a severance.

(8) **Compliance Conference**:

Unless a Note of Issue / Certificate of Readiness shall have been filed prior thereto, a Compliance Conference Order will be automatically generated by the assigned Compliance Conference / Settlement Part on      07/28/2025      . The So-Ordered Compliance Conference Order will be forwarded to the County Clerk. A copy of the Order can be obtained via NYSCEF (if it is an e-filed case) or from the County Clerk (if it is a non-e-filed case). No appearance is required.

(9) **ADR**: Parties are encouraged to utilize Alternative Dispute Resolution to resolve the action as early and as efficiently as possible.  Information regarding ADR can be found      **HERE**  and by contacting the ADR Coordinator at QSCADR@nycourts.gov.

(10) **Summary Jury Trials**: Parties are encouraged to consider a summary jury trial and shall notify the Court within Ninety **(90)** days from the date hereof, if a Summary Jury Trial is requested.

(11) **Motions for Summary Judgment**: Pursuant to CPLR Rule 3212(a), any motion for summary judgment shall be made within **one hundred twenty (120)** days of the filing of the Note of Issue absent the I.A. Judge's Part Rules to the contrary or  further Order of the court.  **Motions made before the filing of the Note of Issue do not stay discovery.**

(12) **Stipulations of settlement or discontinuance** are to be filed by defendant, pursuant to 22 NYCRR 202.28, with the County Clerk, within **twenty (20)** days of such discontinuance. A copy of the stipulation shall also be emailed to the I.A. Part.

(13) **Trial Authorizations**: Properly executed HIPPA-compliant authorizations shall be served on all defendants by plaintiff within ninety (90) days of the filing of the Note of Issue.

No discovery motion shall be made without a good faith attempt by the parties to resolve the dispute. If the dispute is not resolved, the party seeking discovery shall request a virtual conference with the Individual Assigned Judge.  If the conference does not resolve the dispute, a motion may be filed unless otherwise directed by the Individual Assigned Judge. An Affirmation from the movant that a good faith effort was made to resolve the discovery dispute and that a conference with the Individual Assigned Judge was requested and held or denied, **must** accompany the motion.

**Absent good cause, non-compliance with this Order, including the failure to raise discovery problems in advance of deadlines, may result in the imposition of penalties upon the offending party and, where warranted, upon counsel.  Such penalties may include waiver of the discovery, preclusion, dismissal, striking of a pleading, costs, sanctions and attorney's fees and it is further;**

**ORDERED that except for Paragraph 5(g) set forth above, the dates in this Order may not be extended without advance approval by the Court. Stipulations, unless 'So Ordered' by the Court, will not be honored.**

FILED EN
5/2/2025
COUNTY CLERK
QUEENS COUNTY

**SO ORDERED:**

Date:    04/28/2025                           **MOJGAN COHANIM LANCMAN, J.S.C.**

3 of 3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 250 of 284 PageID #: 261



# Queens County Supreme Court – Civil Term
## COMPLIANCE SETTLEMENT AND CONFERENCE PART
### 88-11 Sutphin Blvd., Jamaica, NY 11435

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
PRESENT:  **Hon. Delsia G. Marshall**

-------------------------------------------------------------------------x

**HILL, RAYMOND vs. P.C. RICHARD & SON, LLC et al**

-------------------------------------------------------------------------x

**COMPLIANCE CONFERENCE ORDER**
Index No.: 716752/2024
RJI Filed Date: 09/18/2024

This Compliance Conference having been directed in a Preliminary Conference Order dated 04/28/2025 this Court issues the following Order.

**IT IS ORDERED THAT:**

1. There shall be compliance with all outstanding notices and demands of any party, within twenty (20) days from the date of this Order, including but not limited to service of a Bill of Particulars.

2. Depositions shall be conducted as indicated below:

   a. All parties shall appear for any Examination Before Trial which has been previously noticed within thirty (30) days from the date hereof. All depositions shall be conducted virtually, unless otherwise agreed upon in writing by the parties. Parties shall produce all relevant books, records and documents for use at said deposition(s). The failure of a party to appear at a deposition as directed above may result in the preclusion of said party from testifying at the time of trial.

   b. The party to be produced for deposition must confirm in writing or by email with all other parties, at least 1 business day prior to the scheduled deposition, that the deposition will proceed on the scheduled date.

   c. Priority shall be in the order of notices served and in accordance with CPLR 3106(a).

   d. Once begun, deposition(s) shall continue day to day until completed and shall not be adjourned without the consent of this Court.

   e. Transcript(s) of the deposition(s) shall be forwarded to the deposed party within thirty (30) days of the deposition and shall be returned, duly executed, within twenty (20) days thereafter.

   f. If not already done, transcript(s) of prior deposition(s) shall be forwarded to the deposed party within twenty (20) days of this Order and shall be returned, duly executed, within twenty (20) days thereafter.

   g. Any subpoenas for the deposition of non-party witness(es) must be served no later than forty- five (45) days after depositions of the parties are completed, provided such witness is known by completion of party depositions, and if not known at that time, within forty-five (45) days of first disclosure or identification of such witness(es) or within the discretion of the Court.

3. Any further notices and demands shall be made in compliance with CPLR §3120.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 251 of 284 PageID #: 262

4. To the extent demanded, medical record and employment authorizations shall be furnished within thirty (30) days of this Order. Defendant(s) shall designate the IME(s) within 30 days of the completion of the plaintiffs' deposition. The IME(s) shall be conducted within forty-five (45) days of designation(s). IME report(s) shall be exchanged within thirty (30) days of examination(s).

5. Pursuant to CPLR §3212(a), any motions for summary judgment shall be made within one hundred twenty (120) days of the filing of the Note of Issue or in accordance with the Individual Assigned Judge's part rules.

6. Impleader: All third-party actions shall be commenced within forty-five (45) days of this Order. Joinder of a third-party action beyond this date without leave of the court may result in a severance.

7. **All discovery shall be completed and a proposed Certification Order shall be emailed to** CSCP4@NYCOURTS.GOV **within one hundred eighty (180) days of this Order.** No discovery motion shall be made without a good faith attempt by the parties to resolve any discovery disputes. If any party requires a judicial ruling on a discovery related issue prior to the Certification Order date, the parties are directed to request a conference with the Compliance Conference Part. Any request for this must be done via email to CSCP4@NYCOURTS.GOV.

8. Medicare Liens: If plaintiff is eligible for, or a recipient of Medicare , plaintiff shall, within thirty (30) days from the date hereof, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

9. All parties shall disclose in writing the existence of any insurance agreements, including umbrella and/or excess coverage, as described in CPLR §3101(f), or provide an affidavit of no excess insurance, within thirty (30) days of this Order.

10. Absent good cause, the failure of a party to produce discovery as directed by this Order shall result in the preclusion of production of said evidence by that party at the time of trial. **Any discovery not previously demanded in a properly served discovery demand shall be deemed waived**.

11. Counsel and self-represented litigants are under a continuing obligation to notify the Court as promptly as possible in the event that this action is settled, discontinued or otherwise disposed of, or if this case or a motion has become wholly or partially moot, or if a party has died or filed a petition in bankruptcy. Such notification shall be made to the Individual Assigned Judge in writing via email. Please consult the court's website for the appropriate IA Justices email addresses.

12. **There shall be no changes made to this order without further Order of the Court.**

13. A virtual Compliance Conference may be held at the discretion of the assigned Compliance Conference Judge.

14. **The plaintiff is directed to serve and file a Note of Issue and Certificate of Readiness on or before 05/15/2026 , or as otherwise directed by the Compliance Conference Judge.**

15. Parties who agree to submit to Court-referred Alternative Dispute Resolution (ADR) shall email the ADR Coordinator at QSCADR@nycourts.gov and follow instructions for how to proceed.

**SO ORDERED:**
07/28/2025



KB FILED
7/30/2025
COUNTY CLERK
QUEENS COUNTY

Hon. Delsia G. Marshall

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 252 of 284 PageID #: 263

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
RAYMOND HILL,

                              Plaintiff,                          **Index No.: 716752/2024**

         -against-                                                **NOTICE OF MOTION**

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,                      **Return Date: 9/12/2025**
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                              Defendants.
--------------------------------------------------------------------------X

**COUNSEL:**

**MOTION BY:**              CHESNEY, NICHOLAS & BROWER, LLP
                            Attorneys for Defendant
                            P.C. RICHARD & SON, LLC

**DATE, TIME & PLACE**:     Friday, September 12, 2025 at 9:30 A.M., at an IAS Part of
                            the Supreme Court, Queens County, 88-11 Sutphin
                            Boulevard, Room 44A, Jamaica, New York 11435.

**SUPPORTING PAPERS:**      Affirmation of JEFFREY M. BURKHOFF, dated August
                            7, 2025, and supporting exhibits.

**RELIEF SOUGHT:**          An order:

                  a.        Pursuant to CPLR Rule 3211(a)(7) dismissing the
                            plaintiff's complaint against P.C. Richard & Son,
                            LLC on the grounds that the pleading fails to state a
                            cause of action upon which relief may be granted;
                            and

                  b.        For such other, further, and different relief as this
                            court may deem just and proper.


         **PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR §2214(b), all answering

affidavits, if any, are required to be served at least seven (7) days prior to the return date of this

motion.

Case 1:25-cv-04670-MKB-PK     Document 1-1     Filed 08/22/25     Page 253 of 284 PageID #: 264

Dated: Syosset, New York
       August 7, 2025

                                    Yours, etc.,


                                    *Jeffrey M. Burkhoff*

                                    JEFFREY M. BURKHOFF
                                    CHESNEY, NICHOLAS & BROWER, LLP
                                    P.C. RICHARD & SON, LLC
                                    Office & PO Address
                                    485 Underhill Blvd., Suite 308
                                    Syosset, New York 11791
                                    (516) 378-1700


TO:     MERSON LAW, PLLC
        Attorneys for Plaintiff
        Office & P.O. Address
        950 Third Avenue, 18th Floor
        New York, NY 10022
        (212) 603-9100

        GOLDBERG SEGALLA LLP
        Attorneys for Defendant
        NEWELL BRANDS INC.
        Office & P.O. Address
        50 Main Street, Suite 425
        White Plains, NY 10606
        (914) 798-5471

        SUNBEAM PRODUCTS, INC.
        DOES 1 through 100
        Upon information and belief these parties
        have not answered or appeared in this action.


PCR 185 JMB/kl

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 254 of 284 PageID #: 265

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                                 Plaintiff,

              -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                               Defendants.
-------------------------------------------------------------------------X

**Index No.:**
**716752/2024**

**AFFIRMATION**
**IN SUPPORT**

      JEFFREY M. BURKHOFF, an attorney duly admitted to practice law before the courts of the State of New York, affirms this on the date indicated below under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

      1.     I am an attorney associated with CHESNEY, NICHOLAS & BROWER, LLP, attorneys for defendant P.C. RICHARD & SON, LLC. I am fully familiar with the facts and circumstances of the within action as hereinafter set forth.

      2.     I respectfully submit this affirmation in support of the instant motion for an order:

         a.     Pursuant to CPLR Rule 3211(a)(7) dismissing the plaintiff's complaint against P.C. Richard & Son, LLC on the grounds that the pleading fails to state a cause of action upon which relief may be granted; and

         b.     For such other, further, and different relief as this court may deem just and proper.

      3.     The plaintiff in this case alleges that he was injured by a Bionaire brand ceramic tower heater (model BCH9212) on October 31, 2021.

1

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 255 of 284 PageID #: 266

4.      The plaintiff commenced this action via the filing of a summons and complaint on August 14, 2024 (NYSCEF Doc. No. 1). Defendant Newell Brands Inc. answered the complaint on September 25, 2024 (NYSCEF Doc. No. 14). P.C. Richard & Son, LLC also answered the complaint on September 25, 2024 (NYSCEF Doc. No. 16). Defendant Sunbeam Products, Inc. has not answered the complaint.

5.      In his complaint, plaintiff alleges that all of the defendants were engaged in, among other things, the business of designing, manufacturing, distributing, selling, servicing, and repairing the subject heater.

6.      In his response to P.C. Richard & Son, LLC's interrogatories, plaintiff alleges that he purchased the heater in or about 2014 at the moving defendant's Woodside store. A copy of the response is annexed as **Exhibit "A."**

7.      However, defendant's investigation has revealed that P.C. Richard & Son, LLC never sold a Bionaire brand ceramic tower heater, model BCH9212.

8.      Annexed as **Exhibit "B"** is an affirmation of John Cirrone, P.C. Richard & Son's buyer for the category of products that includes heaters. In his affirmation, Mr. Cirrone confirms that he conducted a search of P.C. Richard & Son's records (specifically, an IBMi database) and that P.C. Richard & Son never sold a Bionaire brand ceramic tower heater model BCH9212.

9.      Annexed as **Exhibit "C"** is an affirmation of Michael Duckham, P.C. Richard & Son's chief information officer. In his affirmation, Mr. Duckham confirms that that the Bionaire brand ceramic tower heater model BCH9212 was never part of P.C. Richard & Son's inventory.

10.      The evidence is clear that P.C. Richard & Son, LLC did not sell the heater at issue. As the evidentiary record flatly contradicts the allegations of the complaint as to P.C. Richard &

2

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 256 of 284 PageID #: 267

Son, LLC., dismissal of the complaint is proper as to P.C. Richard & Son, LLC. *Olszewski v. Waters of Orchard Park*, 303 A.D.2d 995, 758 N.Y.S.2d 716 (4th Dept 2003).

11.     Based on the above, the plaintiff's complaint as to P.C. Richard & Son, LLC. should be dismissed as a matter of law.

WHEREFORE, defendant P.C. Richard & Son, LLC respectfully requests that this Court grant the relief requested herein, together with such other, further, and different relief as it may deem just and proper.

Dated:  Syosset, New York
        August 6, 2025

*Jeffrey M. Burkhoff*
JEFFREY M. BURKHOFF

3

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 257 of 284 PageID #: 268

## RULE 202.8-B CERTIFICATION

This affirmation in support consists of 579 words, exclusive of the caption and signature block, and complies with the 7,000 word count limit.

Dated: Syosset, New York
      August 7, 2025

Chesney, Nicholas & Brower, LLP

*Jeffrey M. Burkhoff*

JEFFREY M. BURKHOFF

4

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 258 of 284 PageID #: 269

# EXHIBIT A

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 259 of 284 PageID #: 270

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------- x

RAYMOND HILL,

                       Plaintiff,

          -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS
INC.; SUNBEAM PRODUCTS, INC., and DOES 1
through 100, inclusive

                     Defendants.

---------------------------------------------------------------------- X

Index No. 716752/2024

**PLAINTIFF'S RESPONSES TO
INTERROGATORIES TO
DEFENDANT P.C. RICHARD & SON,
LLC**

Plaintiff, Raymond Hill by and through his attorneys, Shoop, APLC (pro hac vice

motions pending), Panish Shea & Ravipudi, LLP (pro hac vice motions pending), LLP, and

Merson Law PLLC, responding to the Defendant, P.C. Richard & Son, LLC's, Interrogatories

dated September 25, 2024, states as follows:

PRELIMINARY STATEMENT

These responses to Interrogatories and objections are based upon Responding Party's

diligent and best efforts to respond to these discovery requests based upon the investigation

carried out to date with respect to facts relevant to this litigation. There may exist further

information responsive to these discovery request that is not within responding Party's present

knowledge or reasonably available to Responding Party.

There may be documents and information relating to the subject matter of this discovery,

which Responding Party has not yet located, identified, or reviewed, despite best and diligent

efforts to do so. There may exist persons with knowledge relating to the subject matter of these

1

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 260 of 284 PageID #: 271

discovery requests of whom Responding Party is not presently aware, whom he has not interviewed, or whom have not been deposed. Accordingly, these responses and objections are based solely upon facts and information presently known to Responding Party, and these responses and objections do not constitute an admission or representation that additional facts, documents, or witnesses with knowledge relevant to the subject matter of this litigation do not exist. In the course of this litigation, Responding Party may discover additional facts, witnesses, or documents relevant to his discovery responses and objections set forth herein. Without in any manner obligating him to do so, Responding Party hereby reserves the right to alter supplement, amend, or otherwise modify these responses at any time.

1. State the plaintiff's:

   **RESPONSE:**

   a. Raymond J. Hill, Jr.

   b. 44th Street, Apt. 1R, Woodside, NY 11377

   c. ███████████

   d. Plaintiff will provide this information verbally so as to avoid the danger of identity theft should such information eventually become part of the public record.

2. State the plaintiff's residence history for the past ten (10) years, giving the following information:

   **RESPONSE:**

   a. 44th Street, Apt. 1R, Woodside, NY 11377

   b. Rent.

   c. Objection, violates plaintiff's right of privacy, harassing and not reasonably calculated to lead to

2

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 261 of 284 PageID #: 272

    d.  10-15 years.

3.  State the plaintiff's educational history, giving the following information:

    **RESPONSE:**

    a.  Fiorello H. LaGuardia High School located at 100 Amsterdam Ave., New York, NY 10023

    b.  Dates of attendance;

    c.  GED

    d.  GED

4.  State the employment history for the past ten (10) years of the plaintiff, giving the following information:

    **RESPONSE:**

    a.  Name and address of each employer: Lavia Production Company

    b.  2010-2015.

    c.  Security Guard.

    d.  $50.00 hourly.

5.  Please describe in detail as accurately as possible the product that you alleged caused the injury or damage giving as many of the following identifying characteristics as you can:

    **RESPONSE:**

    a-h. Bionaire Ceramic Tower Heater, Model BCH 9212.  Photographs will be provided and the product will be made available for inspection.

6.  Please state exactly when the occurrence happened, giving the date, hour and minute as accurately as possible.

    **RESPONSE:**

October 31, 2021, in the evening.

7. Please describe fully and in complete detail how the alleged occurrence happened, giving:

   a. The exact description of all events immediately preceding the occurrence up to and including the time of the occurrence in chronological order;

   b. The exact description of everything the plaintiff did just prior to the occurrence including what they did (if anything) to avoid the accident in question.

   **RESPONSE:**

   Objection, overbroad, compound, vague and ambiguous. Subject to and without waiving said objections: Ms. Hill was laying down with the heater several feet away from him. He fell asleep and when he awakened in the same position, the heater had caused severe burns.

8. Give the name and address of the entity from which the product was purchased, indicating:

   a. The name or names and addresses of all persons who were present at the time of the purchase of the product;

   b. The date of said purchase;

   c. The substance and contents of all conversations immediately prior to or at the time of the purchase of the product;

   d. Whether any warnings or warnings were given as to the use of hazard in the use of the product;

   e. The name or names of person or persons who gave such warnings, if warnings were given orally;

4

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 263 of 284 PageID #: 274

    f.   If warnings were contained in the form of any printed or written statement, describe all such statements or material, giving the time when such statements were read by plaintiff.

**RESPONSE:**

a-f: Mr. Hill purchased the heater from P.C. Richard & Son, in Woodside approximately 10 years ago. No verbal warnings were provided at the store. The heater, box in which it came, and written materials provided will be made available for inspection to determine any warnings provided.

9. Prior to the alleged occurrence, did the plaintiff notice any malfunction, defect, or danger in the operation or use of the product?

**RESPONSE:**

No.

10. If your answer to the proceeding interrogatory is in the affirmative, please state:

    a.   A full description of the nature of the alleged malfunction defect or danger;

    b.   The date and time when they acquired knowledge of any such alleged malfunction, defect, or danger in the operation and use of the product.

**RESPONSE:**

Not applicable.

11. State the plaintiff's familiarity with the operation and use of the product, similar or comparable products, indicating:

    a.   The length of time in which they had used any such product prior to the time of the alleged occurrence;

    b.   The length of time during which they had been using the product immediately prior to

the time of the alleged occurrence, indicating the length of time the product had been put to continued use up to the time of the occurrence.

**RESPONSE:**

Objection, overbroad, compound, vague, and ambiguous. Subject to and without waiving said objections: Mr. Hill had been using the subject heater since purchase during cold times of the year and was familiar with it.

12. Please state if the product was inspected or tested by the plaintiff, at any time prior to the alleged occurrence.

**RESPONSE:**

Objection, overbroad, compound, vague, and ambiguous. Subject to and without waiving said objections: Mr. Hill looked at and used the subject heater but did conduct any testing on the product.

13. If the answer to the preceding interrogatory is in the affirmative, please state.

   a. The exact manner in which it was tested or inspected;

   b. The date or dates on which the product was inspected;

   c. Each and every observation made as to the product, its defects, or defective condition or any hazard or danger that could arise in its use or operation either under normal or abnormal conditions.

**RESPONSE:**

Not applicable.

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 265 of 284 PageID #: 276

14. State the name, address, employer and employment capacity of all persons who have investigated, on behalf of the plaintiff, the accident complained of in this case.

**RESPONSE:**

Objection, overbroad, vague and ambiguous, violates the attorney client and attorney work product privileges, and requests the premature disclosure of expert witness information. Subject to and without waiving said objections: None.

15. State whether any statements were taken by such investigators. If so:

    a. give the names and address of all persons from whom statements are obtained;

    b. give the date on which each statement was obtained and the place where it was obtained.

    c. given the name and address of person or persons who obtained the statements;

    d. in whose custody the original statement is at the present time, giving the name, address and capacity.

**RESPONSE:**

Objection, overbroad, vague and ambiguous, violates the attorney client and attorney work product privileges, and requests the premature disclosure of expert witness information. Subject to and without waiving said objections: None.

16. State whether you have any photographs of any of the person, places or things involved in this accident, including but not limited to, pictures of the accident scene, equipment or persons involved. If so:

    a. State then name and address of the person or persons by whom each was taken;

    b. state when and where each was taken;

    c. give a brief description of what each photograph represents;

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 266 of 284 PageID #: 277

    d.   give the name and address of the person who has present custody of such photographs, including the person who has the original negative;

    e.   attach copies of such photographs or duplicate negatives of such photographs to your answer.

**RESPONSE:**

Objection, vague, ambiguous, overbroad, and argumentative. Subject to and without waiving said objections: Attached as Exhibit 5 to Plaintiff's Responses to the Combined Demands are 12 photographs from Mr. Hill's records showing injuries, as well as 6 photographs of the subject product. State completely, specifically and in detail each addition, alteration or modification made to the original manufacturer's completed product by any person, firm or corporation, and identify each person, firm or corporation making such modification, alteration or addition and describe each such modification, alteration or addition made and the approximate date upon which it was made.

**RESPONSE:**

None.

17. If you allege that the defendants made certain express warranties to the plaintiff, please state completely, specifically and in detail the full extent of each such express warranty, from which defendants the warranty was allegedly extended, the date on which it was made, the place where it was made and identify with particularity sufficient to phrase a request for production of documents each document in which such express warranties appear and if you will do so without a motion to produce, attach at this defendant's expense a copy of all said documents.

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 267 of 284 PageID #: 278

**RESPONSE:**

Not applicable.

18. If you allege that the defendants made certain implied warranties to plaintiff, please state completely, specifically and in detail each such implied warranty, the defendant from which the warranty was allegedly extended, the date on which it was made, and the place where it was made and, if any of said implied warranties appear in writing, identify with particularity sufficient to phrase a request for production of documents each such writing, or if you will do so without a motion to produce, attach at this defendant's expense a copy of such writings which embody such implied warranties.

**RESPONSE:**

There was an implied warranty that the subject heater was safe and fit for its intended purpose and foreseeable uses. The packaging also claimed that the subject heater had an "Auto safety shut off."

19. If you allege that the defendants caused to be printed certain literature and advertising describing its product, extolling its performance characteristics and its safe design, expressly and impliedly warranting the performance and safe design of the subject product, please state completely, specifically and in detail the full name and publication address of each document in which you claim any advertisement or other representation was contained, the date of each such document, the edition if each such document, the volume number of each such document and the page number or numbers on which each said advertisement or representation appears. This interrogatory is intended to include any advertisement referred to by the plaintiff in the complaint and is intended to include newspapers, magazines or other media, brochure, writing or document of whatsoever

9

kind or nature upon which the plaintiff claims reliance in the complaint. If you will do so without a motion to produce, attach at this defendant's expense copies of all such advertisements or representations.

**RESPONSE:**

Objection, overbroad, compound, vague and ambiguous: Subject to and without waiving said objections: The box, subject heater and documentation provided with the subject heater will be produced.

20. Do you contend that the accident referred to in the complaint was caused in whole or in part by a defect in this design of the product?

**RESPONSE:**

Yes.

21. If the answer to the preceding interrogatory is in the affirmative, state precisely, completely and in detail in what respect you claim said design to be defective or improper and the facts upon which you base your claims that said design was defective and improper.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case. Subject to and without waiving said objections: The subject heater was designed to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper automatic shut off; failed to have proper use instructions, and failed to have proper warnings. Discovery is continuing.

10

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 269 of 284 PageID #: 280

22. Do you contend that the accident referred to in the complaint was caused in whole or in part by a defect in assembly, construction or manufacture of the subject product?

**RESPONSE:**

Yes.

23. If the answer to the preceding interrogatory is in the affirmative, state precisely and in detail in what respect you claim the subject product was defectively assembled, constructed or manufactured.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case. Subject to and without waiving said objections: The subject heater was manufactured and assembled to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper automatic shut off; failed to have proper warnings. Discovery is continuing.

24. Do you contend that the accident referred to in the complaint was caused in whole or in part by the defendants, their agents and/or employees, by negligently or carelessly:

a. manufacturing the subject product;

b. selling and permitting to be sold the subject product;

c. by allegedly improperly assembling and manufacturing the subject product;

d. by allegedly using defective ingredients in its manufacture;

e. by failing to conduct proper tests before placing it on the market for sale;

f. by failing to properly inspect the product before it on the market for sale;

11

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 270 of 284 PageID #: 281

g.   by permitting the product to be sold knowing the same to be allegedly defective

**RESPONSE:**

Yes.

25. If your answer or any part or parts of the preceding interrogatory is in the affirmative, state precisely and in complete detail, as to each part, in what respect you base such a claim that the defendants were negligent and careless and the facts upon which you based such a claim. Please answer separately for each part of the preceding interrogatory answered in the affirmative.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case.  Subject to and without waiving said objections: The subject heater was manufactured and assembled to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper automatic shut off; failed to have proper warnings. P.C. Richard & Son failed to inspect or evaluate for any of these issues and failed to obtain testing and adverse event/prior injury information.  Discovery is continuing.

26. Please describe in detail each error you claim was made in the design of the subject product involved in the accident which is the basis of this suit.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case.  Subject to and without waiving said objections: The subject heater was designed to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper

12

automatic shut off; failed to have proper use instructions, and failed to have proper warnings. Discovery is continuing.

27. Please describe in detail how each part and/or ingredient of the subject product that you claim was defectively designed and could have been better designed.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case. Subject to and without waiving said objections: The subject heater was designed to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper automatic shut off; failed to have proper use instructions, and failed to have proper warnings. Designing in any of these issues would have been better. Discovery is continuing.

28. Please identify and describe the name and address of every person that was present at any time or who used the product prior to the time of the alleged occurrence.

**RESPONSE:**

Objection, overbroad, compound, vague, ambiguous and unintelligible as phrased.

29. State the injuries sustained by the plaintiff in the accident, including:

  a. Whether there were any fractures or dislocations of any bones sustained;

  b. Any abrasions, contusions or hematomas of the skin;

  c. Any sprains or strains of any ligaments or muscles;

  d. Any burns, scarring and/or grafting.

**RESPONSE:**

Mr. Hill suffered severe and permanent burns, resulting in the need for grafting and an above-the-knee amputation, life-long pain, disfigurement, emotional and mental suffering,

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 272 of 284 PageID #: 283

the need for lifelong attendant care, therapies, prosthetics, and medical care, as well as permanent disability. Mr. Hill's medical records will be provided.

30. State the length of time the plaintiff was confined to a hospital bed.

**RESPONSE:**

Objection, vague, ambiguous and unintelligible. Subject to and without waiving said objections, please see Plaintiff's medical records that will set forth the length of Plaintiff's hospital admissions.

31. State the total amount claimed as special damages for:

a. Hospital expenses, if any;

b. Nurse's services, if any;

c. physician's services, if any;

d. medical supplies; if any.

**RESPONSE:**

It is believed that Plaintiff's past medical expenses have exceeded $500,000 to date.

32. State whether or not the plaintiff received medical treatment for the alleged injuries;

and if so, also state the following;

a. the name and address of each hospital, or other place of treatment

and the date he was confined therein;

b. the name of each doctor who treated the injured party;

c. the number of occasions on which they were examined or treated by

each doctor, setting forth the dates of such examinations or

treatment;

d. what treatment was rendered by the various doctors, indicating where

14

such treatment was rendered.

**RESPONSE:**

(a-d) Mr. Hill has received medical care at the following facilities, and additional

names of facilities will be provided:

NY Health and Hospitals/Elmhurst,79-01 Broadway, Elmhurst, NY 11373;

NY Health and Hospitals/Jacobi, 1400 Pelham Pkwy S., Bronx, NY 10461;

Mount Sinai Hospital, 5 East 98th Street, New York, NY 10029;

New York Presbyterian, 14-02 150th Street, Whitestone, NY 11357.

33. State the date of last treatment of the plaintiff.

**RESPONSE:**

Mr. Hill is still receiving medical treatment as his injuries are permanent and require

lifelong treatment.

34. State whether you have in your possession medical or hospital records in connection

with confinement and treatment and statements of charges in connection therewith, and if

so, attach copies of such records, together with the statement for any cost of reproduction

thereof.

**RESPONSE:**

Attached to Mr. Hill's responses to the Combined Demands were records obtained from

Mount Sinai Health System and NYC Health + Hospitals.

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 274 of 284 PageID #: 285

35. State whether the plaintiff is claiming, as an element of damages, past or future lost earnings. If you are claiming such damages, state the amount and the basis upon which you compute such amount.

**RESPONSE:**

Mr. Hill is making a loss of earnings claim as he was doing freelance security work. The estimated loss of past and future earnings is in excess of $50,000.

36. State whether you have any verification for earnings lost as a result of this occurrence and if so, attach a copy of such verification together with a statement for any cost of reproduction thereof.

**RESPONSE:**

Discovery is continuing.

37. State whether the plaintiff has filed an income tax return for the five years preceding the date of this occurrence, and if so, attach a copy of each return filed or an authorization permitting the defendant to obtain the same.

**RESPONSE:**

Objection, violates Plaintiff's right of privacy and is harassing and oppressive.

38. Itemize by name, address, amount and date all medical bills paid or incurred by the plaintiff in connection with the occurrence descried in the complaint, including but not limited to the cost of ambulance, doctors' bills, cost of x-rays, hospital expenses, nurses' expenses, cost of medicines, and cost of surgical apparatus, including any other costs.

**RESPONSE:**

Discovery is continuing. Mr. Hill's medical expenses to date are estimated to exceed $500,000.

INDEX NO. 716752/2024
Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 275 of 284 PageID #: 286
RECEIVED NYSCEF: 08/07/2025

39. State whether the plaintiff received any instructions or training with regard to the use of the product.

**RESPONSE:**

Mr. Hill received the documents attached hereto as Exhibit 1, labeled "Instruction Leaflet," "Registration," "Safety Tips," and "Tag."

40. If the answer to the preceding interrogatory is in the affirmative, provide a detailed description of the instructions or training which the plaintiff received in the use of the product, including:

a. the date and place of the instruction;

b. instructor's name and address, title or position, and qualification;

c. the content of the instructions;

d. the length of the instructions;

e. whether any tests or examinations were given, and if so, the dates and descriptions thereof and the plaintiffs performance thereon.

**RESPONSE:**

Mr. Hill received the documents attached hereto as Exhibit 1, labeled "Instruction Leaflet," "Registration," "Safety Tips," and "Tag."

41. State whether the plaintiff had ever had prior experience with comparable products, and if so, provide the following information:

a. the dates of such experience;

b. a description of the products;

c. the length and extent of the plaintiffs experience;

d. any accidents or mishaps, including dates and descriptions thereof.

Case 1:25-cv-04670-MKB-PK   Document 1-1   Filed 08/22/25   Page 276 of 284 PageID #: 287

**RESPONSE:**

Yes, without being burned.

42. State how long, on account of the injury allegedly sustained by the plaintiff as set forth in complaint, that he was:

    a. confined to a hospital;

    b. confined to a bed;

    c. confined to your home, although permitted to be out of bed;

    d. unable to work.

As to each such period of time, indicate the dates of commencement and dates of termination of each such period.

**RESPONSE:**

Objection, vague, ambiguous, unintelligible, and argumentative. Subject to and without waiving said objections, please see plaintiff's medical records from the providers identified herein.

43. Is it contended that the product or any of its component parts did not comply with any standards? If so, state:

    a. the name and address of each person having any information concerning or knowledge of this contention;

    b. itemize and identify each tangible item in the possession of the plaintiff or anyone on the plaintiffs behalf tending to show or support this contention;

    c. the exact name or title and specific section number, citation or other identity of each standard which you contend was not complied with;

18

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 277 of 284 PageID #: 288

    d.   the specific part number, description, or other identity of each portion

or component part of the product in question which you contend was

not in compliance with standards; and

    e.   the specific manner in which it is contended each such portion or

component part did not comply with standards.

**RESPONSE:**

Objection, violates the attorney client privilege, the attorney work product privilege and requests the premature disclosure of expert witness information.

44. State all the acts and/or omissions constituting the alleged negligence, carelessness and wrongdoing on the part of each defendant, their agents, servants and/or employees.

**RESPONSE:**

Objection, violates the attorney work product privilege, calls for the premature disclosure of expert witness information, and discovery has just begun on this case. Subject to and without waiving said objections: Defendants were negligent in that the subject heater was designed to heat at dangerously high temperatures, failed to have a proper heat regulator, failed to have a proper automatic shut off; failed to have proper use instructions, and failed to have proper warnings. Discovery is continuing.

45. If actual notice of a defective, deficient or unsafe condition is alleged, state:

    a.   person or persons to whom given;

    b.   place(s) where given;

    c.   date(s) when given.

**RESPONSE:**

Discovery is continuing as to other similar incidents and adverse events and injuries

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 278 of 284 PageID #: 289

reported to Defendants.

46. If constructive notice of a defective, deficient or unsafe condition is claimed, state:

    a.   Duration of condition with date of inception and date constructive

       notice will be claimed to be given to each defendant.

**RESPONSE:**

Discovery is continuing as to other similar incidents and adverse events and injuries

reported to Defendants.

DATED: November 26, 2024

_____
Thomas S. Alch, Esq. (To be admitted PHV)
David R. Shoop, Esq. (To be admitted PHV)
**SHOOP | A PROFESSIONAL LAW**
**CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Nathan Werksman, Esq.
**MERSON LAW PLLC**
950 Third Avenue, 18th Floor,
New York City, NY 10022
Nwerksman@mersonlaw.com
Telephone: (212) 603-9100
Facsimile: (347) 441-4171

Brian Panish, Esq. (To be admitted PHV)
Adam Shea, Esq. (To be admitted PHV)
**PANISH, SHEA &**
**RAVIPUDI, LLP**
11111 Santa Monica Blvd #700,
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
ashea@panish.law

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 279 of 284 PageID #: 290

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
RAYMOND HILL,

                Plaintiff,

        -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                Defendants.
------------------------------------------------------------------X

**Index No.: 716752/2024**

**AFFIRMATION**

John Cirrone affirms and states as follows:

1.     I am employed by P.C. Richard & Son Long Island Corporation (P.C. Richard & Son).

2.     I make this affirmation based on my review of records made and kept by P.C. Richard & Son in the ordinary course of its business and on the knowledge I have obtained during my employment with P.C. Richard & Son.

3.     It is my understanding that the plaintiff in this case seeks to recover for personal injuries allegedly sustained on or about October 31, 2021 by a Bionaire brand ceramic tower heater, model BCH9212.

4.     If called as a witness I would be able to competently testify to the following facts.

5.     I am P.C. Richard & Son's buyer for the category of products that include heaters. I conducted a search of P.C. Richard & Son's records, specifically, the IBMi database and can confirm that P.C. Richard & Son never sold a Bionaire brand ceramic tower heater model BCH9212.

Case 1:25-cv-04670-MKB-PK Document 1-1 Filed 08/22/25 Page 281 of 284 PageID #: 292

6.    I have affirmed this 17th day of January, 2025, under the penalty of perjury and under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_John Cirrone, Buyer_

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 282 of 284 PageID #: 293

**EXHIBIT C**

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 283 of 284 PageID #: 294

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
RAYMOND HILL,

                            Plaintiff,

                -against-

P.C. RICHARD & SON, LLC; NEWELL BRANDS INC.,
SUNBEAM PRODUCTS, INC., and DOES 1 through 100,
inclusive

                          Defendants.
-------------------------------------------------------------------------X

**Index No.: 716752/2024**

**AFFIRMATION**

Michael Duckham affirms and states as follows:

1.      I am employed by P.C. Richard & Son Long Island Corporation (P.C. Richard & Son).

2.      I make this affirmation based on my review of records made and kept by P.C. Richard & Son in the ordinary course of its business and on the knowledge I have obtained during my employment with P.C. Richard & Son.

3.      It is my understanding that the plaintiff in this case seeks to recover for personal injuries allegedly sustained on or about October 31, 2021 by a Bionaire brand ceramic tower heater, model BCH9212.

4.      If called as a witness I would be able to competently testify to the following facts.

5.      I am P.C. Richard & Son's Chief Information Officer.

6.      I had a search conducted of P.C. Richard & Son's records, specifically, the IBMi database and can confirm that Bionaire brand ceramic tower heater model BCH9212 was never part of P.C. Richard & Son's inventory.

Case 1:25-cv-04670-MKB-PK    Document 1-1    Filed 08/22/25    Page 284 of 284 PageID #: 295

7.     I have affirmed this 17th day of January, 2025, under the penalty of perjury and under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Michael Duckham, C.I.O.

2