UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

RAYMOND HILL,

                      Plaintiff,

          v.

P.C. RICHARD & SON LLC, NEWELL
BRANDS INC., and SUNBEAM PRODUCTS
INC.,

                      Defendants.

------------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-4670 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Raymond Hill commenced the above-captioned action against Defendants P.C. Richard & Son LLC ("P.C. Richard"), Newell Brands Inc. ("Newell Brands"), and Sunbeam Products Inc. ("Sunbeam") on August 14, 2024, in New York Supreme Court, Queens County. (Summons & Compl. ("Compl."), annexed to Notice of Removal ("Notice of Removal") as Ex. A ("State Court Action") 3-28, Docket Entry No. 1-1.)[1]  On August 22, 2025, Newell Brands filed a Notice of Removal pursuant to 28 U.S.C. § 1441, removing the action to the Eastern District of New York, on the basis of diversity jurisdiction.[2]  (*See* Notice of Removal.)  Newell

---

[1]  The Court refers to the page numbers of the activity in the state court action ("State Court Action") as numbered in the August 22, 2025, notice of removal ("Notice of Removal"). (Notice of Removal, Docket Entry No. 1).

[2]  On August 22, 2025, Newell Brands filed a Notice of Removal, an exhibit of the activity of the action in the State Court Action, (State Court Action), and two affidavits from employees of P.C. Richard originally filed in Queens County Supreme Court, (Aff. of John Cirrone ("Cirrone Aff."), annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2; Aff. of Michael Duckham ("Duckham Aff."), annexed to Notice of Removal as Ex. C, Docket Entry No. 1-3).  On October 17, 2025, after the Court directed the parties to address the jurisdictional issues, Newell Brands filed a notice of motion for removal, (Def.'s Notice of Mot. for Removal

Brands asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship,[3] (*Id.* ¶¶ 8–10), and contends that Plaintiff fraudulently joined P.C. Richard.[4]  (*Id.* ¶ 3.)  On October 31, 2025, Plaintiff opposed the motion and on November 7, 2025, Newell Brands filed a reply in support of its motion.[5]

For the reasons set forth below, the Court denies Plaintiff's request to remand the case to state court because Plaintiff fraudulently joined P.C. Richard.  In addition, Newell Brands, with the consent of Sunbeam, properly removed the case to this Court.

## I.    Background

Plaintiff alleges that on October 31, 2021, while using a Bionic Heater (the "Heater"), it failed "resulting in injuries including, but not limited to, third degree burns to [Plaintiff's] right leg, and resultant amputations."  (Compl. ¶ 14.)  Plaintiff alleges that at all times relevant to this suit, each Defendant was "engaged in the business of formulating, researching, developing,

---

("Def.'s Mot. for Removal"), Docket Entry No. 19), a memorandum in support of its motion, (Def.'s Mem. in Supp. of Def.'s Mot. for Removal ("Def.'s Mem."), appended to Def.'s Mot. for Removal, Docket Entry No. 19-4), and refiled the three exhibits originally annexed to the Notice of Removal, (State Court Action, annexed to Def.'s Mot. for Removal as Ex. A, Docket Entry No. 19-1; Cirrone Aff., annexed to Def.'s Mot. for Removal as Ex. B, Docket Entry No. 19-2; Duckham Aff., annexed to Def.'s Mot. for Removal as Ex. C, Docket Entry No. 19-3.)

[3]  Plaintiff is a citizen of New York State.  (Compl. ¶ 2.)  Newell Brands is incorporated under the laws of Delaware and has its principal place of business in the state of Georgia. (Notice of Removal ¶ 9(c).)  Sunbeam is incorporated under the laws of Delaware and maintains its principal place of business in Georgia.  (*Id.* ¶ 9(d).)  P.C. Richard is incorporated under the laws of New York and has its principal place of business in New York.  (Compl. ¶ 4.)

[4] On September 11, 2025, the Court directed Plaintiff to address Newell Brands' argument that Plaintiff fraudulently joined P.C. Richard.  (Order dated Sep. 11, 2025.)  On September 25, 2025, Plaintiff responded.  (Pl.'s Ltr. Resp. to Order dated Sep. 11, 2025, Docket Entry No. 14.)  On October 17, 2025, Newell Brands moved for removal "pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446 and the applicable Local Rules of the Eastern District of New York" arguing that P.C. Richard was fraudulently joined.  (Def.'s Mot. for Removal; Def.'s Mem. 2.)

[5]  (Pl.'s Mem. in Opp'n ("Pl.'s Opp'n."), Docket Entry No. 20; Def.'s Reply in Supp. of Def.'s Mem. ("Def.'s Reply"), Docket Entry No. 23.)

creating, designing, testing, manufacturing, fabricating, producing, assembling, distributing, selling, modifying, labeling, leasing, buying, inspecting, servicing, repairing, marketing, promoting, warranting, re-branding, packaging, conducting post-sale injury monitoring, providing use instructions and warnings for and advertising the [ ] Heater." (*Id.* ¶ 17.) In addition, Plaintiff contends that Newell Brands violated 28 U.S.C § 1446(b)(3) by belatedly removing the case from state court, (Pl.'s Opp'n 3), and violated 28 U.S.C. § 1446(b)(2)(A) by failing to obtain consent for removal from P.C. Richard, (*id.* at 4). Plaintiff seeks to hold all Defendants liable under theories of negligence, strict products liability and breach of implied warranty. (*See* Compl. ¶¶ 16–77.)

Based on the affidavits submitted by P.C. Richard, Newell Brands contends that that P.C. Richard "has never engaged in any of the enumerated activities with respect to the [ ] Heater" and "has no connection to the events out of which the instant action arises." (Notice of Removal ¶ 3.) Newell Brands also contends that it properly removed the action to this Court, (Def.'s Mem. 6–7; Def.'s Reply 5–6), because Plaintiff fraudulently joined P.C. Richard to the action, and therefore P.C. Richard's presence in the action does not defeat diversity. (Def.'s Mem. 3.)

## II. Discussion

### a. Standard of review

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441 to 1445. *See Agyin v. Razmzan*, 986 F.3d 168, 180–81 (2d Cir. 2021). "[W]hen 'determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal.'" *Id.* at 181 (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)); *see also In re Ebury St. Cap., LLC*, 664 B.R. 639, 647–48 (Bankr. S.D.N.Y. 2024) ("In determining whether jurisdiction is proper over a removed case, 'the [c]ourt look[s] only to the jurisdictional facts alleged in the Notice[ ] of Removal'") (quoting *Agyin*, 986

3

F. 3d at 181); *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28" (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002)); *Marchak v. JPMorgan Chase & Co.*, 84 F. Supp. 3d 197, 205 (E.D.N.Y. 2015) (same). A defendant may remove a civil action brought in state court to a federal court in "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). *See also Shapiro v. Logistec USA*, Inc., 412 F.3d 307, 310 (2d Cir. 2005) (quoting the statute). A district court is required to evaluate "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) ("Defendants have the burden of establishing that removal is proper." (internal quotation marks and citation omitted)); *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) ("Generally, . . . the party asserting subject matter jurisdiction[] has the burden of proving that it exists by a preponderance of the evidence." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b.   The Court has subject matter jurisdiction

Newell Brands argues that although P.C. Richard and Plaintiff are both citizens of New York, P.C. Richard's presence in this action does not destroy diversity jurisdiction because Plaintiff fraudulently joined P.C. Richard as a Defendant. (Def.'s Mem. 3.) In support, Newell Brands contends first, that "there is no possibility that [P]aintiff can state a cause of action against P.C. Richard in New York state court [and] P.C. Richard has no connection to the events

4

out of which the instant action arises, and as such, none of the torts alleged by Plaintiff have their requisite elements met." (Def.'s Mem. 4.) Second, Newell Brands argues that P.C. Richard has never sold or distributed the Heater that caused Plaintiff's injuries and therefore P.C. Richard cannot owe a duty and be held liable for negligence in New York state court. (Def.'s Mem. 4–5.)

Plaintiff argues that it properly named P.C. Richard because "all of the evidence known to Plaintiff at the time of filing the Complaint established that there was a reasonable basis to name P.C. Richard." (Pl.'s Opp'n 6.)

### i. Fraudulent joinder

The doctrine of fraudulent joinder permits courts to overlook the presence of non-diverse parties if a plaintiff fraudulently joined them in an effort to defeat federal jurisdiction. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (explaining that the doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by improperly joining a non-diverse defendant "with no real connection to the controversy"); *see also Benihana of Tokyo, LLC v. Angelo, Gordon & Co.*, 712 F. App'x 85, 86 (2d Cir. 2018) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998)); *Conte v. Tapps Supermarket, Inc.*, No. 24-CV-6391, 2025 WL 2529828, at *5 (E.D.N.Y. Mar. 21, 2025) (quoting *Pampillonia*, 138 F.3d at 460–61) (same); *Porta v. Exactech, Inc.*, No. 24-CV-2824, 2024 WL 4276490, at *7 (E.D.N.Y. Sep. 24, 2024) (quoting same).

To establish that a party has been fraudulently joined, the party asserting jurisdiction must demonstrate, by clear and convincing evidence, either (1) "outright fraud" in the plaintiff's pleadings or (2) "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461; *see Aparicio v. Uber Techs., Inc.*, No. 22-CV-4244, 2023 WL 5287065, at *8 (E.D.N.Y. Aug. 16, 2023) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)) (same);

5

*B.N. ex rel. Novick v. Bnei Levi, Inc.*, No. 12-CV-5057, 2013 WL 168698, at \*2 (E.D.N.Y. Jan. 15, 2013) (quoting *Pampillonia*, 138 F.3d at 461); *see also Benihana*, 712 F. App'x at 86 ("Under the doctrine of fraudulent joinder, courts overlook the presence of a non-diverse defendant if 'there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court.'" (alteration in original) (quoting *Pampillonia*, 138 F.3d at 461)); *Bounds*, 593 F.3d at 215 (quoting *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004)) (same); *Gerbo v. Kmart Corp.*, No. 14-CV-4866, 2015 WL 6691603, at \*2 (E.D.N.Y. Nov. 3, 2015) ("A defendant must establish by clear and convincing evidence that a plaintiff's pleadings contain some false set of facts in order to prove fraud in the pleadings." (citing *Bnei Levi*, 2013 WL 168698, at \*3)).

Courts in this circuit and elsewhere have held that district courts may consider documents beyond the pleadings in determining whether a defendant is fraudulently joined to the action. *See Pampillonia*, 138 F.3d at 461–62 (affirming the district court's denial of plaintiff's motion to remand after considering an affidavit defendant submitted as evidence to support its fraudulent joinder argument); *Porta*, 2024 WL 4276490, at \*3 (noting "the court may look beyond the pleadings in conducting the fraudulent joinder inquiry"); *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 395 (S.D.N.Y. 2009) (finding that in evaluating fraudulent joinder, courts may consider documents outside the pleadings "only to the extent that the factual allegations [in those documents] . . . clarify or amplify the claims actually alleged [in the pleadings]" (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999))); *see also Elrod v. Bayer Corp.*, No. 19-CV-6048, 2020 WL 4284416, at \*2 (N.D. Ill. July 27, 2020) ("[I]n determining whether a defendant is fraudulently joined, the court may pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony." (internal quotation marks and citations omitted)).

6

Newell Brands has presented clear and convincing evidence that Plaintiff fraudulently joined P.C. Richard and, as a result, P.C. Richard's presence in the action does not defeat diversity.  The affidavits from P.C. Richard demonstrate that P.C. Richard has no connection to the action and there is no possibility that Plaintiff can state a cause of action in New York State court against P.C. Richard.  (*See* Def.'s Mem. 4; Cirrone Aff.; Duckham Aff.)  John Cirrone, P.C. Richard's buyer for the category of product that includes heaters, attests that he "conducted a search of P.C. Richard['s] records . . . and can confirm that P.C. Richard [] never sold [the Heater]."  (Cirrone Aff. ¶ 5.)  In addition, Michael Duckham, P.C. Richard's chief information officer, attests that he ran a search of P.C. Richard's database, and he can "confirm that [the Heater] was never part of P.C. Richard['s] inventory."  (Duckham Aff. ¶¶ 5, 6.)

Although Plaintiff argues that "all of the evidence known to Plaintiff at the time of filing the Complaint established that there was a reasonable basis to name P.C. Richard" in the Complaint, Plaintiff fails to state what evidence he relied upon.  (Pl.'s Opp'n 6.)  The affidavits from P.C. Richard's employees demonstrate that Plaintiff cannot sustain a claim in state court. *See Pampillonia*, 138 F.3d at 461–62 (considering an affidavit defendant submitted as evidence to support its fraudulent joinder analysis); *MBIA Ins. Corp.*, 706 F. Supp. 2d at 395 (noting that courts may consider documents outside the pleadings "only to the extent that the factual allegations [in those documents] . . .  clarify or amplify the claims actually alleged [in the pleadings]" (citation omitted)); *see also Elrod*, 2020 WL 4284416, at \*2 ("[I]n determining whether a defendant is fraudulently joined, the [c]ourt may pierce the pleadings' and consider 'summary judgment-type evidence such as affidavits and deposition testimony." (internal quotation marks and citations omitted)).

### ii.    Plaintiff's negligence claim

To establish a prima facie case of negligence under New York law, "a plaintiff must

7

prove that (1) the defendant owed [him] a duty; (2) the defendant breached that duty; and (3) the defendant suffered injuries proximately resulting from that breach." *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) (quoting *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)); *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013)).  In addition, a plaintiff must establish that their injury was foreseeable.  *Aegis Ins. Servs. v. 7 World Trade Co.*, 737 F.3d 166, 177 (2d Cir. 2013) ("[A] plaintiff must establish that a harm was within the ambit of reasonably foreseeable risk . . . ."); *Pinero v. Rite Aid of N.Y., Inc.*, 743 N.Y.S.2d 21, 22 (App. Div. 2002) ("To establish a claim in negligence, plaintiff must show that the defendant owed her a duty to protect her from injury; a duty that only arises when the risk of harm is reasonably foreseeable."), *aff'd*, 99 N.Y.2d 541 (2002).  "'The threshold question in any negligence action is whether the alleged tortfeasor owes a duty of care to the injured party, and the existence and scope of that duty is a legal question for the courts to determine.'"  *Almeciga v. Ctr. for Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382–83 (S.D.N.Y. 2015) (quoting *Sheila C. v. Povich*, 781 N.Y.S.2d 342, 347 (App. Div. 2004)).  Under New York law, "a defendant may only be liable in a negligence action where the defendant owed a duty of care to the plaintiff."  *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *see Painchault v. Target Corp.*, No. 09-CV-1831, 2011 WL 4344150, at *2 (E.D.N.Y. Sep. 14, 2011) ("An alleged tortfeasor can only be held liable for negligence if it is owed a duty to the injured [p]laintiff.").

Plaintiff's negligence claim fails under New York law because Plaintiff has not shown that P.C. Richard owed him a duty.  The evidence establishes that P.C. Richard did not stock the Heater and therefore could not have sold the Heater to Plaintiff.  (*See* Cirrone Aff.; Duckham Aff.)  Although Plaintiff stated in an interrogatory response that he purchased "the [H]eater from P.C. Richard, in Woodside approximately [ten] years ago," (Pl.'s Interrog. Resp. ¶ 8, annexed in

State Court Action 262–63), in his opposition, Plaintiff fails to address the evidence that P.C. Richard never sold the Heater, nor did Plaintiff provide an alternative theory of how P.C. Richard can be held liable for any of his claims writing only that "[Plaintiff] no longer ha[s] the purchase receipt . . . [and] the price tag on [the box] [does] not indicate the name of the store." (Pl.'s Opp'n 2.)  P.C. Richard submitted two sworn statements stating that because the Heater was never part of P.C. Richard's inventory, it could not have sold the Heater to Plaintiff.  As a result, P.C. Richard does not owe a duty to Plaintiff and cannot be held liable under New York law.  (*See* Cirrone Aff.; Duckham Aff.)  *See Romero v. Home Depot U.S.A., Inc*., No. 18-CV-2766, 2022 WL 22834736, at *5 (E.D.N.Y. Sep. 14, 2022) ("[I]f a defendant-retailer did not actually sell the at-issue product to the injured plaintiff, it owed no [sic] duty to the plaintiff and cannot, therefore, be found negligent."); *Eberhart v. Amazon.com, Inc*., 325 F. Supp. 3d 393, 400 (S.D.N.Y. 2018) (holding that where the defendant did not "manufacture, sell, or otherwise distribute the allegedly defective coffeemaker to [the plaintiff], it owed no duty to [the plaintiff] with respect to that product"); *see also Townley v. Emerson Elec. Co*., 702 N.Y.S.2d 728, 729 (App. Div. 2000) (holding that because the defendant "did not design, manufacture or sell the allegedly defective product," it "could not be held liable for [ ] negligence").[6]

---

[6]  Also, Plaintiff's strict products liability and implied warranty claims against P.C. Richard fail under New York law because, as discussed in addressing the negligence claim, P.C. Richard was not involved in the manufacturing, sale, or distribution of the Heater.  *See Spallholtz v. Hampton C.F. Corp.*, 741 N.Y.S.2d 917, 917 (App. Div. 2002) ("It is well settled that liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain." (internal quotation marks and citations omitted)); *see also Condoleo v. Guangzhou Jindo Container Co*., 427 F. Supp. 3d 316, 331 (E.D.N.Y. 2019) ("[L]iability may not be imposed for breach of warranty upon a party that is outside the manufacturing, selling or distribution chain." (quoting *Ito v. Marvin Windows of N.Y., Inc.*, 865 N.Y.S.2d 119, 121 (App. Div. 2008))); *Curry v. Davis*, 661 N.Y.S.2d 359, 360 (App. Div. 1997) (finding that because the defendant "is not a manufacturer, distributor, or retailer, it cannot be held liable under the doctrine of strict products liability").

The uncontested affidavits of P.C. Richard establish that Plaintiff cannot bring negligence, strict products liability, or implied warranty claims against P.C. Richard in state court. Therefore, Plaintiff fraudulently joined P.C. Richard to this action. *See Pampillonia*, 138 F.3d at 461–62 (finding fraudulent joinder based on an affidavit submitted by defendants averring that the non-diverse party took no part in actions charged in the complaint); *see also Elrod*, 2020 WL 4284416, at *3 n.2 ("Generally, an uncontested affidavit of a non[-]diverse defendant is a sufficient basis to find fraudulent joinder.").

### c.    Newell Brands properly removed the action to this Court

Plaintiff argues that there are several procedural defects in Newell Brands' Notice of Removal. First, Plaintiff argues that Newell Brands violated 28 U.S.C § 1446(b)(3) because it did not timely remove the action. (Pl.'s. Opp'n 3.) Second, Plaintiff argues that Defendant violated the statute because they received the affidavits from P.C. Richard employees on January 27, 2025, but did not move to dismiss until August 22, 2025. (*Id.* at 3–4.) Plaintiff argues that the affidavits qualify as the type of "other paper" under 28 U.S.C § 1446(b)(3) and therefore triggers a thirty-day removal clock. (*Id.*) Third, Plaintiff argues that Newell Brands removal is defective because it violated 28 U.S.C. § 1446(b)(2)(A) by failing to obtain P.C. Richard's consent to the removal of the action to federal court. (*Id.* at 45.)

Newell Brands argues that the time limits of 28 U.S.C § 1446(b)(3) are not applicable to fraudulent joinder and that it "acted reasonably under the circumstances and promptly removed the action within [thirty] days of the filing of [P.C.] Richard's motion setting forth its complete basis to dismiss the state court action." (Def.'s Reply 2.) Newell Brands also argues that it was not required to obtain P.C. Richard's consent because Plaintiff fraudulently joined P.C. Richard. (*Id.*)

### i.    Newell Brands timely removed the action

The notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability." *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014); *see Thompson v. Rojas*, No. 21-CV-374, 2022 WL 4357463, at *3 (E.D.N.Y. Sep. 20, 2022) ("The Second Circuit has made clear that the [thirty]-day removal clocks in Section 1446(b) are triggered only when 'the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability.'" (emphasis omitted) (quoting *Cutrone*, 749 F.3d at 145)); *Tilton v. MBIA Inc.*, 620 B.R. 707, 716 (S.D.N.Y. 2020) (quoting *Cutrone* 749 F.3d at 145). In addition, where a case is before a federal court on diversity, a notice of removal must be filed within "[one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *see Elliott v. Jaquez*, 777 F. Supp. 3d 136, 146 (E.D.N.Y. 2025) ("Section 1446(c)(1) requires that litigants seeking removal . . . may not be brought more than one year 'after commencement of the action, unless the district court finds the plaintiff acted in bad faith in order to prevent a defendant from removing the action." (quoting 28 U.S.C. § 1446(c)(1))); *Schabhuttl v. BJ's Membership Club, Inc.*, No. 23-CV-782, 2023 WL 3180379, at *2 (E.D.N.Y. May 1, 2023) (quoting same). "[T]he time limits of Section 1444(b) may be relinquished if the joinder of the non-diverse defendant is found to be fraudulent." *Negrin v. Alza Corp.*, No. 98-CV-4772, 1999 WL 144507 at *2 (S.D.N.Y. Mar. 17, 1999) (citing *Costa v. Port Auth. Of N.Y.*,

No.95-CV-4749, 1996 WL 143908, at *3 (S.D.N.Y. Mar. 29, 1996); *Nosonowitz v. Allegheny Beverage Corp.*, 463 F. Supp. 162, 163 (S.D.N.Y. 1978)).

Newell Brands timely removed the action because it filed the Notice of Removal within the one-year deadline of 28 U.S.C. § 1446(c)(1).  Although Plaintiff argues that Newell Brands' removal was untimely because Newell Brands is relying on "other paper" in the form of two affidavits to trigger a thirty-day removal timeline, (Pl.'s Opp'n 3–4), this argument is not supported by the record.  Plaintiff filed the state court action on August 14, 2024, (Notice of Removal ¶ 1; Compl., annexed in State Court Action 5–7), and served Newell Brands on August 22, 2024, (Notice of Removal ¶ 6; Aff. of Serv., annexed in State Court Action 27; Def.'s Mem. 6.)  Almost a year later, on August 7, 2025, P.C. Richard moved to dismiss the State Court action against it relying on the two affidavits discussed above.  (Def.'s Mem. 2.)  On August 22, 2025, Newell Brands filed a notice of removal from Queens County Supreme Court.  (Notice of Removal ¶ 6; Def.'s Mem. 2, 6.)  The thirty-day "other paper" removal clock would have only been triggered if Plaintiff had been the one to serve Newell Brands with the P.C. Richard affidavits.  *See Cutrone*, 749 F.3d at 145 ("[T]he removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability"); *Sweeting v. Dollar Tree Stores, Inc.*, 22-CV-472, 2023 WL 4043918, at *3 (D. Conn. June 16, 2023) (finding that removal was proper where the defendant's removal was "within the applicable [one]-year limitations period for actions removed based on diversity jurisdiction"); *Mojica v. Walmart Stores E., LP*, 23-CV-214, 2023 WL 3259983, at *2 (E.D.N.Y. May 4, 2023) (explaining that Section 1446(c)(1) provides "an overarching one-year deadline for a defendant to remove a case based on diversity jurisdiction"); *see also Thompson*, 2022 WL 4357463, at *3 (holding that where the plaintiff moved to remand an action, the "other paper" provided by a third party did

12

not trigger the thirty-day removal clock).

### ii.    The Notice of Removal was not defective

The Second Circuit has noted with approval that district courts "have consistently interpreted the [removal] statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (citation and internal quotation marks omitted).  In this Circuit, with rare exceptions, "each defendant [must] submit some form of unambiguous written evidence of consent to the [c]ourt within the thirty-day period." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc*., No. 12-CV-5557, 2013 WL 1234958, at *6 (Mar. 26, 2013) (quoting *In re Vill. of Kiryas Joel, N.Y*., No. 11-CV-8494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012)).  "Courts find an exception to the rule of unanimity for defendants who have not been served, unknown defendants, and fraudulently joined defendants." *G & C Food Distribs. & Brokers, Inc. v. Base Carriers*, LLC, No. 24-CV-707, 2025 WL 886910, at *2 (N.D.N.Y. Mar. 21, 2025) (quoting *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007)); *see Romano v. Am. States Ins.*, 295 F. Supp. 3d 307, 318 (W.D.N.Y. 2017) ("The rule of unanimity may be excused if the defendants were fraudulently joined" (citing *Sherman*, 528 F. Supp. 2d at 330)); *City of Schenectady v. Am. Tax Funding, LLC*, No. 12-CV-1026, 2013 WL 1193340, at *2 (N.D.N.Y. Mar. 22, 2013) ("When a defendant is fraudulently joined, the Rule of Unanimity may be disregarded" (citation omitted)); *Sherman*, 528 F. Supp. 2d at 330 ("There are exceptions to [the rule of unanimity] for defendants who have not been served, unknown defendants, and fraudulently joined defendants"); *see also Gov't Emps. Ins. v. Saco*, No. 12-CV-5633, 2015 WL 4656512, at *5 n.8 (E.D.N.Y. Aug. 5, 2015) (upholding removal where non-consenting defendants were fraudulently joined).

13

Newell Brands, with Sunbeam's consent, removed the action to this Court. (Notice of Removal ¶ 7.) Plaintiff filed the state court action on August 14, 2024, (*Id.* ¶ 1), and served Newell Brands on August 22, 2024, (*Id.* ¶ 6; Aff. of Serv., annexed in State Court Action 27; Def.'s Mem. 6). Newell Brands filed a notice of removal from Supreme Court Queens County on August 22, 2025. (Notice of Removal ¶ 6; Def.'s Mem. 2, 6.) As discussed above, based on the P.C. Richard affidavits, Newell Brands presented clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action against P.C. Richard in state court. Therefore, Plaintiff fraudulently joined P.C. Richard to this action, and its consent was not required to remove the action. *See Romano*, 295 F. Supp. 3d at 314 (holding that the plaintiff fraudulently joined a defendant because "no cause of action can be divined against her based upon the allegations in the complaint"); *Gov't Emps. Ins.*, 2015 WL 4656512, at *5 n.8 (upholding removal where non-consenting defendants were fraudulently joined).

## III.  Conclusion

For the reasons discussed, because Plaintiff fraudulently joined P.C. Richard, the Court denies Plaintiff's request to remand the case to state court. In addition, Newell Brands, with the consent of Sunbeam, properly removed the case from New York Supreme Court, Queens County to this Court.

Dated: March 13, 2026
      Brooklyn, New York

SO ORDERED:

_____/s/MKB_____
MARGO K. BRODIE
United States District Judge

14